UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,

       *Plaintiff,*

       *v.*                                           No. 1:18-cv-04061

MOSHE LAX, et al.,

       *Defendants.*
---------------------------------------------------------------x

## TEMPORARY RESTRAINING ORDER AND ORDER REQUIRING DEFENDANTS TO APPEAR AND SHOW CAUSE WHY THEY SHOULD NOT BE PRELIMINARILY ENJOINED

The United States, pursuant to 26 U.S.C. § 7402 and Local Civil Rule 6.1(d) of the United States District Courts for the Southern and Eastern Districts of New York, has filed with this Court an *ex parte* Motion for a Temporary Restraining Order, in conjunction with its Complaint against Moshe Lax, Zlaty Schwartz, and Shaindy Lax ("Defendants"), among others. Upon consideration of the United States' motion, and its showing in support of that application, it appearing to the Court that, pursuant to 26 U.S.C. § 7402, a temporary restraining order is necessary and appropriate for the enforcement of the internal revenue laws, and that (1) absent a temporary restraining order, the United States is likely to be irreparably harmed, (2) the United States has established a likelihood of success on the merits, (3) the balance of hardships tips in the United States' favor, and (4) the public interest will be served by an injunction;

Now, therefore, it is hereby ORDERED:

1.    The "Restrained Parties" (referred to individually as a "Restrained Party") are Defendants; any limited liability company, corporation, partnership, trust, or other entity owned, managed, or controlled by any of Defendants; and any entity owned, managed, or controlled by such an entity—including but not limited to Dynamic Diamond Corp. a/k/a White Coat Inc. a/k/a

Diamond Dynamic, LLC; Madison Avenue Diamonds LLC; SL Holdings I LLC; SL Holdings II LLC; SL Holdings III LLC; SL Holdings IV LLC; and SL Holdings V LLC; and the Chaim Lax Family Trust. The Restrained Parties are hereby restrained and enjoined from, directly or through any other person or entity, including their representatives, agents, servants, employees, attorneys, trustees, and all persons acting in concert or participation with any of them: transferring, converting, encumbering, pledging, selling, giving away, concealing, dissipating, disbursing, trading, assigning, spending, withdrawing or otherwise disposing of any asset or portion thereof, including but not limited to real, personal, corporate, partnership or trust assets, contracts, accounts, cash, certificates of deposit, stocks, bonds, promissory notes, other financial instruments, business inventory, parts or supplies, accounts receivable, other business property or vehicles, no matter where those assets are located and no matter the type of ownership or control interest, including, but not limited to, outright ownership, partial ownership, contingent interest, beneficial interest, residual interest, reversion interest, interest in trust, direct control, indirect control, right to income, or right to obtain loans, until and unless they first jointly and severally furnish security in the amount of $61,559,044.81 by depositing that sum in the registry of the United States District Court for the Eastern District of New York, for the benefit of the United States.

2. Within ten (10) days from the date of service of this order, each of the Restrained Parties shall serve upon counsel for the United States a completed financial statement, accurate as of the date of service of this Order, in the form of Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, available at https://www.irs.gov/pub/irs-pdf/f433a.pdf; or, in the case of corporate entities, Form 433-B, Collection Information Statement for Businesses, available at https://www.irs.gov/pub/irs-

pdf/f433b.pdf; as well as copies of all accountant's reports, bank statements, certificates of deposit notes or bonds, checking accounts, money market, savings accounts or other financial institution records showing any and all investments or deposits, and documents indicating title to any real or personal property in that Restrained Party's actual or constructive possession or control.

3. Notwithstanding Paragraph 1 of this Order, any individual Defendant wishing to transfer assets for the purpose of making payments for ordinary living expenses, and any of the Restrained Parties wishing to transfer assets for the purpose of making payments for ordinary business expenses, may file with the court and serve upon counsel for the United States an accounting of all assets having a value of Five Thousand Dollars ($5,000) or more, and the location an identity thereof. Upon the filing of such accounting:

    a) such individual Defendant may make payments for ordinary living expenses not to exceed Fifteen Thousand Dollars ($15,000) per month, with an accounting of such payments to be filed with the Court and provided to counsel for the United States within ten (10) days following the end of each month; and

    b) such Restrained Party may, if it is in the normal course of its standard business operations, sell or transfer assets for a full, fair and present consideration, provided that the proceeds of the sale, transfer or other disposition of such assets are applied only to pay ordinary business expenses as follows:

        i. rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Restrained Party, upon presentation of said lease or loan document to counsel for the United States and verification thereof;

ii. ordinary and regular salaries to any *bona fide* employees, other than any of Defendants themselves, or any relatives or dependents thereof, or to any corporation, partnership or other entity owned or controlled, in whole or in part, by any such individual, to the extent that such salaries are not excessive; provided, however, that such salaries shall be paid to persons on the payroll of such Restrained Party as of the 1st of July 2018, and such salaries do not exceed the prior month's level and further provided that such Restrained Party shall first present to counsel for the United States written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

iii. ordinary and necessary bills for utilities;

iv. federal, state, county and local taxes; and

v. payments of any amounts less than Five Thousand Dollars ($5,000), not to exceed an aggregate of more than Ten Thousand Dollars ($10,000) per month, for other ordinary business expenses, which transfers shall be documented and such defendant shall provide counsel for the United States with evidence thereof within ten (10) days following the end of each month.

c) Any receipts which exceed in value the amounts needed to satisfy the *bona fide* obligations described in subparagraph b) above shall immediately be deposited into the registry of the Court as described in Paragraph 1, up to the sum of $61,559,044.81.

    d) Defendants shall provide counsel for the United States with an accounting of all payments of living expenses, business expenses, and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month. Such accounting shall provide at least the date, amount, and recipient of each payment or transfer.

4. Unless and until the Restrained Parties provide payment of security in the amount and manner required under Paragraph 1 of this Order, the Restrained Parties, their officers, representatives, agents, servants, employees, attorneys, trustees, and all persons acting in concert or participation with any of them, are hereby restrained and enjoined from, directly or through any other person or entity, destroying, transferring, altering, erasing, concealing, disposing of or in any other manner making unavailable any books, records, electronically stored data or other documents, pertaining in whole or in part to any of the Restrained Parties, wherever those records may be located.

5. Unless and until the Restrained Parties provide security in the amount and manner required under Paragraph 1 of this Order, the Restrained Parties are hereby restrained and enjoined from, directly or through any other person or entity:

    a) filing any voluntary or involuntary petition in bankruptcy or any proceeding seeking liquidation on behalf of, or against any of, the Restrained Parties, without first seeking leave from this Court, with at least seven days' notice to the United States. Leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action;

    b) creating any new trust or business enterprises, whether through sole proprietorships, partnerships, corporations, joint ventures, or other arrangements, for any purposes whatsoever, without providing the United States with at least thirty days' notice of the establishment of the trust or enterprise; and

    c) creating any new entity which would constitute an alter ego of, or successor to, any of the Restrained Parties, absent the prior written agreement of the United States, and the written agreement of the new entity to be jointly and severally liable for any liability that may be determined assessed in connection with the pending United States actions, or any action relating thereto.

6. To verify and ensure compliance with this order, the United States may obtain expedited discovery without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Federal Rules of Civil Procedure 30(a)(2), 30(d), 31(a)(2), and 33(a)(1) from any person, including Defendants and Defendants' officers, agents, successors, and assigns, in the manner provided by the Federal Rules of Civil Procedure, upon any matter reasonably related to compliance with this Order. Defendants' failure to comply with discovery in the manner required by the Federal Rules of Civil Procedure shall be treated as contempt of this Court.

7. Any of the Restrained Parties may apply to the Court for modification or vacatur of this Order, for good cause shown, on grounds of undue hardship or necessity.

//

//

//

8. Defendants shall appear and show cause why the Court should not enter a Preliminary Injunction continuing the terms of this Order during the pendency of this Action.

~~IT IS SO ORDERED.~~ , on July 27, 2018 at 11:00 a.m.,

9. Within one day of the date of this Order, the United States shall serve on the defendants a copy of this Order, together with a copy of the papers filed in support of its motion, via personal service or certified mail.

7/17/18
10:08 AM

*[signed]*
USDJ

on July 17, 2018 at 11:30 a.m.

9. Within one day of the date of this Order, the United States shall serve on the defendant a copy of this Order together with a copy of the papers filed in support of the motion, via personal service or certified mail.

7/17/18