**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

　　　　　*Plaintiff,*

　　*v.*

MOSHE LAX, individually, as an executor of
the Chaim Lax Estate, as a trustee of the Chaim
Lax Family Trust, and as a trustee of the GAMA
Trust; ZLATY SCHWARTZ, individually, as
executor of the Chaim Lax Estate, as trustee of
the Chaim Lax Family Trust; SHAINDY LAX;
JUDITH LAX; J.L., a minor; 299 HEWES
STREET REALTY CORP; 307 HEWES
STREET REALTY CORP; JBAM REALTY
LLC, a/k/a JBAM REALTY 2 LLC; BEN ZION
JACOBOWITZ; TONY JACOBOWITZ; SL
HOLDINGS I, LLC; SL HOLDINGS II, LLC;
SL HOLDINGS III, LLC; SL HOLDINGS IV,
LLC; SL HOLDINGS V, LLC; DIAMOND
DYNAMICS LLC; KGK JEWELRY LLC;
CONGREGATION   BAIS   YEHUDAH
D'GANITCH; and LX HOLDINGS LLC,

　　　　　*Defendants.*

No.: 1:18-cv-04061

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Zlaty Schwartz ("Mrs. Schwartz"), through her undersigned counsel, as and for

her Answer and Affirmative Defenses to the Complaint of the Plaintiff, the United States of

America, alleges and states the following:

### I.　Jurisdiction and Venue

1.　Mrs. Schwartz admits the allegations contained in Paragraph 1 of Plaintiff's

Complaint.

2.　Mrs. Schwartz admits the allegations contained in Paragraph 2 of Plaintiff's

Complaint.

{N0198763 }　　　　　　　　1

## II. <u>Parties</u>

3.      Mrs. Schwartz admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Mrs. Schwartz admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Mrs. Schwartz admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Mrs. Schwartz admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Mrs. Schwartz admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Mrs. Schwartz admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Mrs. Schwartz admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Mrs. Schwartz admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Mrs. Schwartz admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Mrs. Schwartz admits the allegations contained in Paragraph12 of Plaintiff's Complaint.

13.     Mrs. Schwartz admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Mrs. Schwartz admits that JBAM Realty LLC is a limited liability company existing under the laws of the state of New York; otherwise, Paragraph 14 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 14.

15.     Mrs. Schwartz admits that 299 Hewes Street Realty Corporation LLC is a limited liability company existing under the laws of the state of New York; otherwise, Paragraph 15 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 15.

16.     Mrs. Schwartz admits that 307 Hewes Street Realty Corporation LLC is a limited liability company existing under the laws of the state of New York; otherwise, Paragraph 16 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 17.

18.     Paragraph 18 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, Mrs. Schwartz denies the remaining allegations in Paragraph 20.

## III. <u>Introduction</u>

21.     Mrs. Schwartz admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Mrs. Schwartz admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Mrs. Schwartz admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Mrs. Schwartz admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Mrs. Schwartz admits the allegations contained in Paragraph 25 of Plaintiff's Complaint, except that Mrs. Schwartz denies knowledge or information sufficient to form a belief as to the date of Chaim Lax's diagnosis.

26.     Mrs. Schwartz denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## IV. <u>Background</u>

### A.  The Estate of Chaim Lax

27.     Mrs. Schwartz admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Mrs. Schwartz admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, but respectfully refers the Court to the action referenced therein, which is a matter of public record and speaks for itself.

31.     Mrs. Schwartz admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 32 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

33.     Mrs. Schwartz denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Mrs. Schwartz admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

**B.  The Estate's Federal Tax Liabilities**

35.     Mrs. Schwartz denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

1.  Income Tax Liabilities

36.     Mrs. Schwartz admits that the IRS opened audits as described in Paragraph 36 of Plaintiff's Complaint, but otherwise denies the allegations contained therein.

37.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 37 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speaks for themselves.

38.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 38 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

39.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 40 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

41.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 41 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

42.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 42 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

43.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 43 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

44.     Mrs. Schwartz denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45.     Mrs. Schwartz admits the allegations contained in Paragraph 45 of the Plaintiff's Complaint, except that she denies knowledge or information sufficient to form an opinion as to the actions of the delegate of the Secretary of the Treasury.

46.     Paragraph 46 of Plaintiff's Complaint is comprised of legal argument to which no answer is due. To the extent an answer is due, Mrs. Schwartz denies the allegations contained in Paragraph 46.

## 2.   Estate Tax Liabilities

47.     Mrs. Schwartz admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

48.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Mrs. Schwartz admits the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Mrs. Schwartz admits the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## B.  The Schemes

52.     Mrs. Schwartz denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

**Scheme 1: Chaim's Purported Transfer of Assets to the Lax Family Trust**

53.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Mrs. Schwartz admits the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Mrs. Schwartz admits the allegations contained in Paragraph 56 of Plaintiff's Complaint, except that Mrs. Schwartz denies signing the SCIN.

59.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 59 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

60.     Mrs. Schwartz denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Mrs. Schwartz denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Mrs. Schwartz denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 64 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself. To the extent that these documents do not speak to the allegations contained in paragraph 64, Mrs. Schwartz denies the allegations contained in paragraph 64 of Plaintiff's complaint.

65.     Mrs. Schwartz denies the allegations contained in Paragraph 65 of Plaintiff's Complaint and further avers that this allegation calls for a legal conclusion.

**Scheme 2: Transferring the Holding Companies to the SL Companies for No Consideration**

66.     Mrs. Schwartz denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Mrs. Schwartz admits that the SL Companies were formed by Moshe and otherwise denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 69 of Plaintiff's Complaint

70.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 77 of Plaintiff's Complaint, but respectfully refers the Court to the testimony referenced therein, which speak for itself.

78.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Mrs. Schwartz denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Mrs. Schwartz denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

{N0198763 }

83.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 84 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

85.     Mrs. Schwartz denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     Mrs. Schwartz denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Mrs. Schwartz denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 88 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

89.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 89 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

90.     Mrs. Schwartz denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

**Scheme 3: Appropriating the Assets of Dynamic Diamond Corp. from the Estate Using a Sham Restructuring**

91.     Mrs. Schwartz admits the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 93 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

94.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 94 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

95.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 96 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

97.      Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 97 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

98.      Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 98 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

99.      Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 99 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

100.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 100 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

101.     Paragraph 101 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

102.     Paragraph 102 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

103.     Paragraph 103 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

104.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 104 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

105.     Mrs. Schwartz denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.     Mrs. Schwartz denies as inaccurate, and further avers that Plaintiff has materially misrepresented the determination of the New York State Supreme Court, and respectfully refers the Court to the document referenced therein, which speaks for itself.

107.     Mrs. Schwartz denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.     Mrs. Schwartz denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.     Mrs. Schwartz denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.     Mrs. Schwartz denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.     Mrs. Schwartz denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.     Mrs. Schwartz denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.     Mrs. Schwartz denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.     Mrs. Schwartz denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.     Mrs. Schwartz denies the allegations contained in Paragraph 116 of Plaintiff's Complaint control.

117.     Mrs. Schwartz denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.     Mrs. Schwartz denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

### Scheme 4: Transferring Madison Avenue Diamonds LLC to SL Holdings I
### for No Consideration

119.     Mrs. Schwartz denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 120 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself. To the extent that the form 706 asserts an ownership interest different from the one claimed by the Plaintiff, Mrs. Schwartz denies the allegations contained in paragraph 120.

121.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 122 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself. To the extent that these documents claim a transfer for no consideration, Mrs. Schwartz denies the allegations contained in paragraph 122.

**Scheme 5: Transferring Assets from the Original SL Holdings LLC to JBAM**

123.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 125 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

126.     Mrs. Schwartz denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.     Mrs. Schwartz denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.     Mrs. Schwartz denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

**Scheme 6: Liquidating Chaja Kessler 2002-C Irrevocable Trust**

129.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.     Mrs. Schwartz admits the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.     Mrs. Schwartz admits the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.     Mrs. Schwartz admits the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 133 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

134.     Paragraph 134 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

135.     Mrs. Schwartz admits the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 136 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

137.     Mrs. Schwartz denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.     Mrs. Schwartz denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

139.     Mrs. Schwartz admits the allegations contained in Paragraph 139 of Plaintiff's Complaint.

**Scheme 7: Liquidating the Deluxe Properties**

140.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 142 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

143.     Mrs. Schwartz admits the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.     Mrs. Schwartz admits the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 145 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

146.     Mrs. Schwartz admits the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.     Mrs. Schwartz admits the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.     Mrs. Schwartz denies the allegations contained in Paragraph 148 of Plaintiff's Complaint.

**Scheme 8: Moshe's Failure to Collect His Own Indebtedness to the Estate**

149.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.     Mrs. Schwartz denies the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 152 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

153.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 154 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

155.     Mrs. Schwartz denies the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.      Mrs. Schwartz denies the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.      Mrs. Schwartz denies the allegations contained in Paragraph 157 of Plaintiff's Complaint.

**Scheme 9: Liquidating Chaim's Bank Accounts**

158.    Mrs. Schwartz admits the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.    Mrs. Schwartz admits the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.    Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.    Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.    Mrs. Schwartz admits the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.    Mrs. Schwartz admits the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.    Mrs. Schwartz denies the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 165 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

166.    Mrs. Schwartz denies the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.    Mrs. Schwartz denies the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.    Mrs. Schwartz denies the allegations contained in Paragraph 168 of Plaintiff's Complaint.

### Scheme 10: Selling the Nassau Condos

169.    Mrs. Schwartz admits the allegations contained in Paragraph 169 of Plaintiff's Complaint.

170.    Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.    Mrs. Schwartz denies the allegations contained in Paragraph 171 of Plaintiff's Complaint

172.    Mrs. Schwartz denies the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.    Mrs. Schwartz denies the allegations contained in Paragraph 173 of Plaintiff's Complaint.

## V. Claims

### Count I: Reduce Estate's Tax Liabilities to Judgment

174.    Mrs. Schwartz incorporates her responses to paragraphs 1-173, above.

175.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 175 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

176.     Mrs. Schwartz denies the allegations contained in Paragraph 176 of Plaintiff's Complaint.

177.     Mrs. Schwartz denies the allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.     Mrs. Schwartz denies the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.     Mrs. Schwartz denies the allegations contained in Paragraph 179 of Plaintiff's Complaint.

**Count II: Moshe Lax and Zlaty Schwartz's Personal Liability for Outstanding Income and Estate Taxes Under 31 U.S.C. § 3713 as Executors of the Estate of Chaim Lax**

180.     The United States incorporates paragraphs 1 through 179 above.

181.     Paragraph 181 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

182.     Paragraph 182 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

183.     Mrs. Schwartz denies the allegations contained in Paragraph 183 of Plaintiff's Complaint.

184.     Mrs. Schwartz denies the allegations contained in Paragraph 184 of Plaintiff's Complaint.

185.     Mrs. Schwartz denies the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.    Mrs. Schwartz denies the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 187 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

188.    Mrs. Schwartz denies the allegations contained in Paragraph 188 of Plaintiff's Complaint.

189.    Mrs. Schwartz denies the allegations contained in Paragraph 189 of Plaintiff's Complaint.

**Count III: Moshe Lax's Personal Liability for Outstanding Income and Estate Taxes Under N.Y. Est. Powers & Trusts Law § 12–1.1 as a Distributee of the Estate of Chaim Lax**

190.    Mrs. Schwartz incorporates her responses to paragraphs 1 through 189, above.

191.    Paragraph 191 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

192.    Paragraph 192 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count IV: Zlaty Schwartz's Personal Liability for Outstanding Income and Estate Taxes Under N.Y. Est. Powers & Trusts Law § 12–1.1 as a Distributee of the Estate of Chaim Lax**

193.    Mrs. Schwartz incorporates her responses to paragraphs 1 through 192.

194.    Paragraph 194 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied:

195.     Paragraph 195 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

## Count V: Breach of Fiduciary Duty Against Moshe Lax

196.     Mrs. Schwartz incorporates her responses to paragraphs 1 through 195, above.

197.     Paragraph 197 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

198.     Paragraph 198 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

199.     Mrs. Schwartz denies the allegations contained in Paragraph 199 of Plaintiff's Complaint.

200.     Mrs. Schwartz denies the allegations contained in Paragraph 200 of Plaintiff's Complaint.

201.     Mrs. Schwartz denies the allegations contained in Paragraph 201 of Plaintiff's Complaint.

202.     Mrs. Schwartz denies the allegations contained in Paragraph 202 of Plaintiff's Complaint.

203.     Mrs. Schwartz denies the allegations contained in Paragraph 203 of Plaintiff's Complaint.

204.     Mrs. Schwartz denies the allegations contained in Paragraph 204 of Plaintiff's Complaint.

205.     Mrs. Schwartz denies the allegations contained in Paragraph 205 of Plaintiff's Complaint.

206.    Mrs. Schwartz denies the allegations contained in Paragraph 206 of Plaintiff's Complaint.

207.    Paragraph 207 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

208.    Paragraph 207 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count VI: Transferee Liability of Moshe Lax and Zlaty Schwartz Pursuant to**

**26 U.S.C. § 6324(a)(2)**

209.    Mrs. Schwartz incorporates her responses to paragraphs 1 through 208 above.

210.    Paragraph 210 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

211.    Paragraph 211 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

212.    Paragraph 212 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

213.    Mrs. Schwartz denies the allegations contained in Paragraph 213 of Plaintiff's Complaint.

214.    Mrs. Schwartz denies the allegations contained in Paragraph 214 of Plaintiff's Complaint.

215.    Paragraph 215 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

216.    Paragraph 215 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

## Count VII: Set Aside Fraudulent Conveyance of Dynamic Diamond Corp.

217.    Mrs. Schwartz incorporates her responses to paragraphs 1 through 216 above.

218.    Mrs. Schwartz denies the allegations contained in Paragraph 218 of Plaintiff's Complaint.

219.    Mrs. Schwartz denies the allegations contained in Paragraph 219 of Plaintiff's Complaint.

220.    Mrs. Schwartz denies the allegations contained in Paragraph 220 of Plaintiff's Complaint.

221.    Mrs. Schwartz denies the allegations contained in Paragraph 221 of Plaintiff's Complaint. Furthermore, Plaintiff intentionally misrepresented the actions of the New York State Supreme Court.

222.    Mrs. Schwartz denies the allegations contained in Paragraph 222 of Plaintiff's Complaint.

223.    Mrs. Schwartz denies the allegations contained in Paragraph 223 of Plaintiff's Complaint.

224.    Mrs. Schwartz denies the allegations contained in Paragraph 224 of Plaintiff's Complaint.

225.    Mrs. Schwartz denies the allegations contained in Paragraph 225 of Plaintiff's Complaint.

226.     Mrs. Schwartz denies the allegations contained in Paragraph 226 of Plaintiff's Complaint.

227.     Mrs. Schwartz denies the allegations contained in Paragraph 227 of Plaintiff's Complaint.

228.     Mrs. Schwartz denies the allegations contained in Paragraph 228 of Plaintiff's Complaint.

229.     Mrs. Schwartz denies the allegations contained in Paragraph 229 of Plaintiff's Complaint.

230.     Paragraph 230 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

231.     Paragraph 231 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count VIII: Set Aside Fraudulent Conveyance of Madison Avenue Diamonds**

232.     Mrs. Schwartz incorporates her responses to paragraphs 1 through 231, above.

233.     Mrs. Schwartz denies the allegations contained in Paragraph 233 of Plaintiff's Complaint.

234.     Mrs. Schwartz denies the allegations contained in Paragraph 234 of Plaintiff's Complaint.

235.     Mrs. Schwartz denies the allegations contained in Paragraph 235 of Plaintiff's Complaint.

236.     Mrs. Schwartz denies the allegations contained in Paragraph 236 of Plaintiff's Complaint.

237.    Mrs. Schwartz denies the allegations contained in Paragraph 237 of Plaintiff's Complaint.

238.    Mrs. Schwartz denies the allegations contained in Paragraph 238 of Plaintiff's Complaint.

239.    Mrs. Schwartz denies the allegations contained in Paragraph 239 of Plaintiff's Complaint.

240.    Mrs. Schwartz denies the allegations contained in Paragraph 240 of Plaintiff's Complaint.

241.    Mrs. Schwartz denies the allegations contained in Paragraph 241 of Plaintiff's Complaint.

242.    Mrs. Schwartz denies the allegations contained in Paragraph 242 of Plaintiff's Complaint.

243.    Mrs. Schwartz denies the allegations contained in Paragraph 243 of Plaintiff's Complaint.

244.    Paragraph 244 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

245.    Paragraph 245 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

246.    Paragraph 246 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count IX: Set Aside Fraudulent Conveyance of LX Holdings to the Lax Family Trust**

247.    Mrs. Schwartz incorporates her responses to paragraphs 1 through 246, above.

248.    Mrs. Schwartz denies the allegations contained in Paragraph 248 of Plaintiff's Complaint.

249.    Mrs. Schwartz denies the allegations contained in Paragraph 249 of Plaintiff's Complaint.

250.    Mrs. Schwartz denies the allegations contained in Paragraph 250 of Plaintiff's Complaint.

251.    Mrs. Schwartz denies the allegations contained in Paragraph 251 of Plaintiff's Complaint.

252.    Mrs. Schwartz denies the allegations contained in Paragraph 252 of Plaintiff's Complaint.

253.    Mrs. Schwartz denies the allegations contained in Paragraph 253 of Plaintiff's Complaint.

254.    Mrs. Schwartz admits the allegations contained in Paragraph 254 of Plaintiff's Complaint.

255.    Mrs. Schwartz denies the allegations contained in Paragraph 255 of Plaintiff's Complaint.

256.    Mrs. Schwartz admits the allegations contained in Paragraph 256 of Plaintiff's Complaint.

257.    Mrs. Schwartz denies the allegations contained in Paragraph 257 of Plaintiff's Complaint.

258.    Mrs. Schwartz denies the allegations contained in Paragraph 258 of Plaintiff's Complaint.

259.     Mrs. Schwartz denies the allegations contained in Paragraph 259 of Plaintiff's Complaint.

260.     Mrs. Schwartz denies the allegations contained in Paragraph 260 of Plaintiff's Complaint.

261.     Mrs. Schwartz denies the allegations contained in Paragraph 261 of Plaintiff's Complaint.

262.     Mrs. Schwartz denies the allegations contained in Paragraph 262 of Plaintiff's Complaint.

263.     Paragraph 263 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

264.     Paragraph 264 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count X: Set Aside Fraudulent Conveyances to the SL Companies**

265.     Mrs. Schwartz incorporates her responses to paragraphs 1 through 264 above.

266.     Mrs. Schwartz denies the allegations contained in Paragraph 266 of Plaintiff's Complaint.

267.     Mrs. Schwartz denies the allegations contained in Paragraph 267 of Plaintiff's Complaint.

268.     Mrs. Schwartz denies the allegations contained in Paragraph 268 of Plaintiff's Complaint, and respectfully refers the Court to the document referenced therein, which speaks for itself.

269.     Mrs. Schwartz denies the allegations contained in Paragraph 269 of Plaintiff's Complaint.

270.     Paragraph 270 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

271.     Mrs. Schwartz denies the allegations contained in Paragraph 271 of Plaintiff's Complaint.

272.     Mrs. Schwartz denies the allegations contained in Paragraph 272 of Plaintiff's Complaint.

273.     Mrs. Schwartz denies the allegations contained in Paragraph 273 of Plaintiff's Complaint.

274.     Mrs. Schwartz denies the allegations contained in Paragraph 274 of Plaintiff's Complaint.

275.     Mrs. Schwartz denies the allegations contained in Paragraph 275 of Plaintiff's Complaint.

276.     Mrs. Schwartz denies the allegations contained in Paragraph 276 of Plaintiff's Complaint.

277.     Mrs. Schwartz denies the allegations contained in Paragraph 277 of Plaintiff's Complaint.

278.     Mrs. Schwartz denies the allegations contained in Paragraph 278 of Plaintiff's Complaint.

279.     Mrs. Schwartz denies the allegations contained in Paragraph 279 of Plaintiff's Complaint.

280.     Paragraph 280 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

281.     Paragraph 281 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count XI: Transferee Liability of Judith Lax and J.L. Pursuant to 26 U.S.C. § 6324(a)(2)**

282.     Mrs. Schwartz incorporates her responses to paragraphs 1 through 281 above.

283.     Mrs. Schwartz admits the allegations contained in Paragraph 283 of Plaintiff's Complaint.

284.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 284 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

285.     Mrs. Schwartz admits the allegations contained in Paragraph 285 of Plaintiff's Complaint.

286.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 286 of Plaintiff's Complaint.

287.     Paragraph 287 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

288.     Paragraph 288 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

289.     Paragraph 289 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

290.    Mrs. Schwartz denies the allegations contained in Paragraph 290 of Plaintiff's Complaint.

291.    Paragraph 291 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

292.    Paragraph 292 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count XII: Enforce Tax Liens against Property**

293.    Defendant incorporates her responses to paragraphs 1 through 292, above.

294.    Paragraph 294 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

295.    Defendant neither admits nor denies the allegations contained in Paragraph 295 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves:

296.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 296 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

*Madison Avenue Diamonds*

297.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 297 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

298.    Mrs. Schwartz denies the allegations contained in Paragraph 298 of Plaintiff's Complaint.

299.     Paragraph 299 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

300.     Paragraph 300 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

301.     Paragraph 301 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

302.     Paragraph 302 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

303.     Paragraph 303 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

304.     Paragraph 304 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

### *Original SL Holdings Assets*

305.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 305 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves,

306.     Mrs. Schwartz denies the allegations contained in Paragraph 306 of Plaintiff's Complaint.

307.     Paragraph 307 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

308.     Paragraph 308 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

309.     Mrs. Schwartz denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 309 of Plaintiff's Complaint.

310.     Paragraph 310 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

311.     Mrs. Schwartz denies the allegations contained in Paragraph 311 of Plaintiff's Complaint.

312.     Paragraph 312 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

313.     Paragraph 313 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

314.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 314 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

315.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 315 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

316.     Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 316 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

317.     Mrs. Schwartz admits the allegations contained in Paragraph 317 of Plaintiff's Complaint.

318.     Mrs. Schwartz denies the allegations contained in Paragraph 318 of Plaintiff's Complaint.

319.    Mrs. Schwartz denies the allegations contained in Paragraph 319 of Plaintiff's Complaint.

320.    Paragraph 320 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

321.    Paragraph 321 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

322.    Paragraph 322 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

323.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 316 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

324.    Paragraph 324 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

325.    Paragraph 325 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

*307 Hewes Realty Corp.*

326.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 326 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

327.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 327 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

328.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 328 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

329.    Mrs. Schwartz admits the allegations contained in Paragraph 329 of Plaintiff's Complaint.

330.    Paragraph 330 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

331.    Paragraph 331 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

332.    Paragraph 332 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

333.    Paragraph 333 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

334.    Paragraph 334 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

335.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 335 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

336.    Mrs. Schwartz admits the allegations contained in Paragraph 336 of Plaintiff's Complaint.

337.    Mrs. Schwartz denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 337 of Plaintiff's Complaint.

338.    Paragraph 338 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

339.    Paragraph 339 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

340.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 328 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

341.    Paragraph 341 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

*267 Franklin Ave LLC*

342.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 342 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself

343.    Mrs. Schwartz neither admits nor denies the allegations contained in Paragraph 343 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

344.    Paragraph 344 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

345.    Paragraph 345 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

346.    Paragraph 346 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      Upon the demise of Chaim Lax, the estate retained counsel to assist the executors in various duties, *inter alia,* to prepare an Estate Tax return, and to establish Federal Income tax liabilities, if any, owed by the estate.

2.      An IRS Form 706 (Estate Tax Return) was prepared with the assistance of counsel, reflecting no liability of the estate to the Internal Revenue Service.

3.      After Chaim Lax's demise, the Estate was served with notices of deficiencies proposing tax assessment against his estate. After receiving legal advice, the estate's representatives filed Petitions in the United State Tax Court challenging these proposed assessments.

4.      With regard to the Federal Income Tax liability of the Estate, Mrs. Schwartz was entitled to rely upon the legal and accounting advice given to the Estate. Little v. CIR, 113 T.C. 474 (1999).

### Second Affirmative Defense

5.      During Chaim Lax's lifetime, and at the time of his demise, both he and his children believed that his assets far exceeded any liabilities they might owe to  any creditors including but not limited to the Internal Revenue Service

6.      Furthermore, during the decedent's lifetime, and at the time of Chaim Lax's demise, the effects of the 2008 recession upon the valuation of Chaim Lax's diamond businesses and real estate holdings were not evident to the estate representatives.

7.      In fact, the decedent transferred only a small portion of his assets, leaving his potential estate with sufficient assets to cover for any liabilities that he might've had as a result of any IRS audits.

8.      Shortly after Chaim Lax's demise, his interests in the diamond and real estate businesses sharply declined in value as a result of the great recession, to a degree that was not foreseen by Mrs. Schwartz or the vast majority of U.S. citizens.

9.      By reason of the foregoing, Ms. Schwartz was not on notice and was actually unaware that any distribution made by the estate had rendered the estate insolvent.

**Third Affirmative Defense**

10.      To the extent that Plaintiff's Complaint relies on events allegedly occurring more than six years prior to the filing of this action, Plaintiff's allegations of a fraudulent transfer under the New York State debtor-creditor law effectuated by the decedent are barred by the applicable statute of limitations.

**Fourth Affirmative Defense**

11.      To the extent that Plaintiff's Complaint alleges liability arising from lack of consideration from transactions involving Chaim Lax and his estate, these allegations are without merit.

12.      Chaim Lax received full and adequate consideration during his lifetime for many of these assets, and his estate received the same full and adequate consideration for others.'

13.      In particular, the Self Cancelling Installment Note ("SCIN") challenged by the United States is a well-recognized estate planning tool used routinely by specialists in estate planning.

14.     Upon information and belief, at the time that the SCIN was signed, Chaim Lax expected to live through the full period of the anticipated paydown of the SCIN.

15.     Mrs. Shwartz was informed by family members that initial installments payments due under the SCIN had, in fact, been paid.

16.     By reason of the foregoing, the repeated contentions of Plaintiff's Complaint that Chaim Lax and/or his estate transferred assets for less than adequate consideration should be summarily rejected.

**Fifth Affirmative Defense**

17.     At all times, in her capacities as trustee and executor, Mrs. Schwartz's actions were intended to fulfill the duties imposed on her, and were based on information provided by family members and/or the advice of licensed accountants or legal counsel.

18.     For example, the transfers described under the pejorative heading "Scheme 6" in Plaintiff's Complaint were made so as to provide badly needed liquidity to a diamond business that was an estate asset, and so preserve its value as a going concern.

19.     Mrs. Schwartz has never intended to render the Estate or the Lax Family Trust insolvent, and has never taken any action intended to bring those outcomes about.

20.     Mrs. Schwartz had never intended to evade any tax actually due to the United States by the Estate or the Lax Family Trust, and has never attempted to evade such liability.

21.     In fact, in her capacity of executor of the Estate, Mrs Schwartz participated in litigation contesting improper transfers of Estate assets to JBAM Realty 2, LLC.

**Sixth Affirmative Defenses**

22.     In part or in full, Plaintiff's claims fail to state a cause of action for which relief can be granted as against Mrs. Schwartz.

## Reservation of Rights

23.     Defendants reserve the right to plead other defenses as they become known during the litigation of this case.

## Demand for Jury Trial

Defendant hereby demand a trial by jury of all issues so triable as a matter of right.

**WHEREFORE** Defendant Zlaty Schwartz. respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, and granting Defendant its attorney's fees, costs, and reasonable disbursements, together with any other relief as it may deem just and proper.

Respectfully submitted,

October 1, 2018                    By:    */s/ Oliver Edwards VII*

Oliver Edwards VII, Esq. (OE1067)
**BECKER & POLIAKOFF, LLP**
45 Broadway
8th Floor
New York, New York 10006
Tel: 212-599-3322
Fax: 212-557-0295
oedwards7@bplegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: * /s/ Oliver Edwards VII*
      Oliver Edwards VII, Esq. (OE1067)

## <u>SERVICE LIST</u>

Donald Jay Pols
dpols@bptaxlaw.com
silieb@aol.com

Stephanie W. Chernoff
stephanie.w.chernoff@usdoj.gov
northern.taxcivil@usdoj.gov

Steven S. Tennyson
steven.tennyson@usdoj.gov
northern.taxcivil@usdoj.gov

Michael Sardar
msardar@kflaw.com

Stephen A. Josey
sjosey@kflaw.com