**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**



UNITED STATES OF AMERICA,

     *Plaintiff,*

     *v.*

MOSHE LAX, individually, as an executor of
the Chaim Lax Estate, as a trustee of the Chaim
Lax Family Trust, and as a trustee of the GAMA
Trust; ZLATY SCHWARTZ, individually, as
executor of the Chaim Lax Estate, as trustee of

the Chaim Lax Family Trust; SHAINDY LAX;
JUDITH LAX; J.L., a minor; 299 HEWES
STREET REALTY CORP; 307 HEWES
STREET REALTY CORP; JBAM REALTY
LLC, a/k/a JBAM REALTY 2 LLC; BEN ZION
JACOBOWITZ; TONY JACOBOWITZ; SL
HOLDINGS I, LLC; SL HOLDINGS II, LLC;
SL HOLDINGS III, LLC; SL HOLDINGS IV,
LLC; SL HOLDINGS V, LLC; DIAMOND
DYNAMICS LLC; KGK JEWELRY LLC;
CONGREGATION   BAIS   YEHUDAH
D'GANITCH; and LX HOLDINGS LLC,

     *Defendants.*

No.: 1:18-cv-04061

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   AUG 0 5 2019   ★

BROOKLYN OFFICE



**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant Moshe Lax ("ML"), via Pro Se , Answers Affirmative Defenses to the Amended Complaint of the
Plaintiff, the United States of America.

### I.   Jurisdiction and Venue

    1.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in
paragraph 1 of the complaint.

    2.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in
paragraph 1 of the complain

## II. Parties

3.    ML admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    ML admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    ML  admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    ML admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    ML admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    ML admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    ML admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    ML admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    ML admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    ML admits the allegations contained in Paragraph12 of Plaintiff's Complaint.

2

13.     ML admits the allegations contained in Paragraph 13 of Plaintiff's

Complaint.

14.     ML admits that JBAM Realty LLC is a limited liability company existing under the laws of the state of New York; otherwise, Paragraph 14 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, ML denies the remaining allegations in Paragraph 14.

15.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18.     Paragraph 18 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, ML denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, ML denies the remaining allegations in Paragraph 19.

3

20.     Paragraph 20 of Plaintiff's Complaint consists of legal argument to which no response is due. To the extent a response is due, ML denies the remaining allegations in Paragraph 20.

21.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint.

25.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint..

26.     ML denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint.

4

### III. **Introduction**

27.     ML admits the allegations contained in Paragraph 27 of Plaintiff's

Complaint.

28.     ML admits the allegations contained in Paragraph 28 of Plaintiff's

Complaint.

29.     ML admits the allegations contained in Paragraph 29 of Plaintiff's

Complaint.

30.     ML admits the allegations contained in Paragraph 30 of Plaintiff's

Complaint.

31.     ML denies the allegations contained in Paragraph 31 of Plaintiff's Complaint, and further avers

that discovery in this case establishes that the diagnosis took place on March 26, 2007.

32.     ML denies the allegations contained in paragraph 32 the amended complaint, and further

affairs that the time of his diagnosis in or about March 2007, Mr. Lax, upon information and belief,

believed that his assets totaled in the hundreds of millions of dollars.

### IV. **Background**

#### A.   **The Estate of Chaim Lax**

33.     ML admits the allegations contained in Paragraph 33 of Plaintiff's

Complaint.

34.     ML denies knowledge or information sufficient to form an opinion as to the allegations

contained in Paragraph 34 of Plaintiff's Complaint.

5

35.     ML admits the allegations contained in Paragraph 35 of Plaintiff's

Complaint.

36.     ML neither admits nor denies the allegations contained in Paragraph 36 of Plaintiff's
Complaint, but respectfully refers the Court to the action referenced therein, which is a matter of public
record and speaks for itself.

37.     ML admits the allegations contained in Paragraph 37 of Plaintiff's

Complaint.

38.     ML neither admits nor denies the allegations contained in Paragraph 38 of Plaintiff's Complaint,
but respectfully refers the Court to the document referenced therein, which speaks for itself.

39.     ML denies the allegations contained in Paragraph 39 of Plaintiff's

Complaint.

40.     ML neither admits nor denies the allegations contained in Paragraph 40 of Plaintiff's Complaint,
but respectfully refers the Court to the documents referenced therein, which speaks for themselves.

### B.   The Estate's Federal Tax Liabilities

41.     ML denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and asserts that
any such liabilities were the result of negotiated dispositions pursuant to settlement negotiations.

### 1.   Income Tax Liabilities

42.     ML admits that the IRS opened audits as described in Paragraph 42 of Plaintiff's Complaint, but
otherwise denies the allegations contained therein.

43.      ML neither admits nor denies the allegations contained in Paragraph 43 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speaks for themselves.

44.      ML neither admits nor denies the allegations contained in Paragraph 44 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speaks for themselves.

45.      ML denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46.      ML neither admits nor denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

47.      ML neither admits nor denies the allegations contained in Paragraph 47 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

48.      ML neither admits nor denies the allegations contained in Paragraph 48 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

49.      ML denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50.      ML denies knowledge or information sufficient to form a belief as to paragraph 50. To the extent that Paragraph 50 of Plaintiff's Complaint is comprised of legal argument no answer is due. To the extent an answer is due, ML denies the allegations contained in Paragraph 50.

7

51.    ML denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the complaint, except admits that the assessment was made.

52.    ML denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the complaint, except admits that an assessment was made, and that liabilities now exist in the amount set forth in paragraph 52.

2.   Estate Tax Liabilities

53.    ML admits the allegations contained in Paragraph 53 of Plaintiff's

Complaint.

54.    ML denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 54, except admits that the estate tax return was subject to an audit which resulted in the negotiated disposition recognizing that many of the positions set forth in the Lax estate's estate tax return are accurate.

55.    ML denies the allegations in paragraph 55. The records produced by plaintiff's counsel in this matter are in complete contradiction to this statement. Revenue agent Terrence Fraser specifically stated that "because this case involves highly contested and very complicated issues, the IRS agreed not to assert any penalties. "USA 000548."

56.    ML admits the allegations contained in Paragraph 56 of Plaintiff's Complaint, but further avers that this amount is the result of a negotiated disposition, which was far less than the initial position advocated by the Internal Revenue Service pursuant to the aforementioned audit.

57.    ML admits that such a document exists, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph

57 of Plaintiff's Complaint.

8

## C. The Schemes

### Scheme 1: Chaim's Purported Transfer of Assets to the Lax Family Trust

58.     ML denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     ML denies the allegations contained in paragraph 59, and further states that through pretrial discovery it has been determined that the cancer diagnosis occurred after February, 2007, and that the decedent's diagnosis on March 26, 2007 was treated through surgery in April 2007, and, upon information and belief, this surgery appeared to be successful.

60.     ML denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 60 of Plaintiff's Complaint.

61,     ML admits the allegations contained in Paragraph 61 of the amended

complaint, except denies that said transfer was "purported".

62.     ML denies knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     ML admits that these properties existed, and that they were held in LX holdings as of May 7, 2007, but denies that these properties had the value set forth in paragraph 63 of the amended complaint.

64.     ML admits the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.      ML neither admits nor denies the allegations contained in Paragraph 65 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

9

66.     ML denies the allegations contained in Paragraph 66 of Plaintiff's

Complaint.

67.     ML denies knowledge or information sufficient to form an opinion as to the allegations

contained in Paragraph 67 of Plaintiff's Complaint.

68.     ML denies the allegations contained in Paragraph 68 of Plaintiff's

Complaint.

69.     ML denies the allegations contained in Paragraph 69 of Plaintiff's

Complaint.

70.     ML neither admits nor denies the allegations contained in Paragraph 70 of Plaintiff's Complaint,

but respectfully refers the Court to the document referenced therein, which speaks for itself. To the extent

that these documents do not speak to the allegations contained in paragraph 70, ML denies the allegations

contained in paragraph 70 of Plaintiff's complaint.

71.     ML denies the allegations contained in Paragraph 71 of Plaintiff's Complaint and asserts

that this allegation calls for a legal conclusion.

**Scheme 2: Transferring the Holding Companies to the SL Companies for No Consideration**

72.     ML denies the allegations contained in Paragraph 72 of Plaintiff's

Complaint.

73.     ML admits the allegations contained in Paragraph 73 of the amended

complaint, except denies the term 'monikers".

74.     ML denies knowledge or information  sufficient to form an opinion

to the allegations contained in Paragraph 74 of Plaintiff's Complaint.

10

75.    ML admits the allegations contained in Paragraph 75 of Plaintiff's Complaint

76.    ML denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.    ML denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.    ML denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.    ML denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.    ML denies the allegations of " nominally" contained in Paragraph 80 of

Plaintiff's Complaint.

81.    ML denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.    ML denies the allegations contained in Paragraph 82 of Plaintiff's Complaint,

In fact Shaindy only has legal ID - required for legal documents, under her maiden

Chana Weisz.

83.    ML denies knowledge or information sufficient to form an opinion as to the

truth of the allegations in Paragraph 83  of Plaintiff's Complaint.

84.    ML denies the allegations contained in Paragraph 84 of Plaintiff's Complaint,

85.    ML denies the allegation and categorization of " moshe's business"contained in

paragraph 85 of plaintiffs complaint

86.   ML   neither admits nor denies the allegations contained in Paragraph 86 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

87.   ML denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.   ML denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.   ML denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.   ML neither admits nor denies the allegations contained in Paragraph 90 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein.

91.   ML denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.   ML denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.   ML denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.   ML neither admits nor denies the allegations contained in Paragraph 94 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

95.   ML neither admits nor denies the allegations contained in Paragraph 95 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

96.     ML denies the allegations contained in Paragraph 96 of Plaintiff's

Complaint.

### Scheme 3: Appropriating the Assets of Dynamic Diamond Corp. from the Estate Using a Sham Restructuring

97.     ML admits the allegations contained in Paragraph 97 of Plaintiff's

Complaint.

98.     ML denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     ML neither admits nor denies the allegations contained in Paragraph 99 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself insofar as it is relevant; ML also denies the allegations contained in Paragraph 99 as incomplete and misleading, in that they concern only the initial valuation of Dynamic Diamond Corp, which was later revised to $1,490,000 and accepted by the Internal Revenue Service.

100.    ML neither admits nor denies the allegations contained in Paragraph 100 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

101.    ML denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    ML neither admits nor denies the allegations contained in Paragraph 102 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

103.     ML neither admits nor denies the allegations contained in Paragraph 103 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

104.     ML neither admits nor denies the allegations contained in Paragraph 104 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

105.     ML neither admits nor denies the allegations contained in Paragraph 105 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

106.     ML neither admits nor denies the allegations contained in Paragraph 106 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

107.     Paragraph 107 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

108.     Paragraph 108 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

109.     Paragraph 109 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

110.     ML neither admits nor denies the allegations contained in Paragraph 110 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

111.    ML denies the allegations contained in Paragraph 111 of Plaintiff's Complaint,

112.    ML denies as inaccurate, and further avers that Plaintiff has materially misrepresented the determination of the New York State Supreme Court, which made no determination of the facts of that case, and respectfully refers the Court to the document referenced therein, which speaks for itself.

113.    ML denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.    ML denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.    ML denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.    ML denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.    ML denies the allegations contained in Paragraph 117 of Plaintiff's Complain

118.    ML denies the allegations contained in Paragraph 118 of Plaintiff's Complaint, and asserts that Chana Weisz is the only name that's on her legal ID's required for legal documents.

119.    ML denies the allegations contained in Paragraph 119 of Plaintiff's Complain, as categorizing it as "nominally"

120.    ML admits to  to the allegation contained in Paragraph 120 of Plaintiff's Complaint, but asserts that being the exact reason for having moshe acting as the CEO of the company.

121.    ML denies    the allegations contained in Paragraph 121 of Plaintiff's Complaint, as categorization as " Moshe Lax's" other business

122.    ML denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.    ML denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.    ML denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

### Scheme 4: Transferring Madison Avenue Diamonds LLC to SL Holdings I for No Consideration

125.    ML denies the allegations contained in Paragraph 125 of Plaintiff's

Complaint.

126.    ML neither admits nor denies the allegations contained in Paragraph 126 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself. To the extent that the form 706 asserts an ownership interest different from the one claimed by the Plaintiff, ML denies the allegations contained in paragraph 126.

127.    ML denies knowledge or information sufficient to form an opinion of the allegations contained in Paragraph 127 of Plaintiff's Complaint, but asserts that at a time the Madison ave Diamond was a bridal diamond brand, and chaim lax has consigned over $20 Million dollars of his diamonds to Madison ave diamonds,  and that's assumingely what the accountant stated in his financial  while later on it changed to a pure "fashion"  fine jewelry brand only.  and also further states that after an audit of the estate by the Internal Revenue Service, the Internal Revenue Service accepted the estate's position that the estate's interest in Madison Avenue diamonds LLC totaled one dollar.

16

128. To the extent that these documents claim a transfer for no consideration, ML denies the allegations contained in paragraph 128.

**Scheme 5: Transferring Assets from the Original SL Holdings LLC to JBAM**

129. ML denies the allegations contained in paragraph 129 of the complaint.

130. ML denies the allegations contained in Paragraph 130, and further states that these properties belonged to the decedent at the time of his death.

131. ML neither admits nor denies the allegations contained in Paragraph 131 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

132. ML denies the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133. ML denies the allegations contained in Paragraph 133 of Plaintiff's Complaint, and further states, that these assets were deceivingly seized by JBAM.

134. ML denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

17

**Scheme 6: Liquidating Chaja Kessler 2002-C Irrevocable Trust**

135.    ML denies knowledge or information sufficient to form an opinion of the allegations contained

in Paragraph 135 of Plaintiff's Complaint.

136.    ML denies knowledge or information sufficient to form an opinion of the allegations contained
        in Paragraph 136 of Plaintiff's Complaint

137.    ML denies knowledge or information sufficient to form an opinion of the allegations contained
        in Paragraph 137 of Plaintiff's Complaint

138.    ML denies knowledge or information sufficient to form an opinion of the allegations contained
        in Paragraph 138 of Plaintiff's Complaint

139.    ML neither admits nor denies the allegations contained in Paragraph 139 of Plaintiff's

Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

140.    Paragraph 140 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

141.    ML denies knowledge or information sufficient to form an opinion of the allegations contained
        in Paragraph 141 of Plaintiff's Complaint

142.    ML neither admits nor denies the allegations contained in Paragraph 142 of Plaintiff's

Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

143.    ML denies the allegations contained in Paragraph 143 of Plaintiff's Complaint. .

144.    ML denies the allegations contained in Paragraph 144 of Plaintiff's

Complaint.

145.    ML admits the allegations contained in Paragraph 145 of Plaintiff's

Complaint.

### Scheme 7: Liquidating the Deluxe Properties

146.    ML denies knowledge or information sufficient to form an opinion of the allegations contained

in Paragraph 146 of Plaintiff's Complaint.

147.    ML denies knowledge or information sufficient to form an opinion of the allegations

contained in Paragraph 147 Plaintiff's Complaint

148.    ML neither admits nor denies the allegations contained in Paragraph 148 of Plaintiff's Complaint,

but respectfully refers the Court to the document referenced therein, which speaks for itself.

149.    ML denies knowledge or information sufficient to form an opinion of the allegations contained in
        Paragraph 149 of Plaintiff's Complaint

150.    ML neither admits nor denies the allegations contained in Paragraph 150 of Plaintiff's Complaint,

but respectfully refers the Court to the document referenced therein, which speaks for itself.

151.    ML denies knowledge or information sufficient to form an opinion of the allegations contained in
        Paragraph 151 of Plaintiff's Complaint

152.    ML denies knowledge or information sufficient to form an opinion of the allegations contained in
        Paragraph 152 of Plaintiff's Complaint

153.    ML denies knowledge or information sufficient to form an opinion of the allegations contained in

Paragraph 153 of Plaintiff's Complaint

154.    ML denies the allegations contained in Paragraph 154 of Plaintiff's

Complaint.

**Scheme 8: Moshe's Failure to Collect His Own Indebtedness to the Estate**

155.    ML admits the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.    ML admits the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.    ML denies the allegations contained in Paragraph 157 of Plaintiff's

Complaint.

158.    ML neither admits nor denies the allegations contained in Paragraph 158 of Plaintiff's

Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

159.    ML neither admits nor denies the allegations contained in Paragraph 159 of Plaintiff's

Complaint.

20

160.    ML neither admits nor denies the allegations contained in Paragraph 160 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

161.    ML denies the allegations contained in Paragraph 161 of Plaintiff's Complaint, and further states that on January 13, 2009, the estate was not insolvent, and the mortgage release reflected the decedent's estate plan, as set forth in his will.

162.    ML denies the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163 .   ML denies the allegations contained in Paragraph 163 of Plaintiff's Complaint.

### Scheme 9: Liquidating Chaim's Bank Accounts

164.    ML admits the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.    ML admits the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166.    ML denies proper memory or records of information sufficient to form an opinion of the allegations contained in Paragraph 166 of Plaintiff's Complaint, in regards to the control.

167.    ML denies  the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.    ML admits the allegations contained in Paragraph 168 of Plaintiff's Complaint, and further states that these funds were utilized to pay administrative expenses and liabilities of the Estate.

169.     ML admits the allegations contained in Paragraph 169 of Plaintiff's

Complaint.

170.     ML  admits the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.     ML admits to the allegations contained in paragraph 173 of plaintiff's complaint.

172.     ML admits  the allegations contained in Paragraph 172 of Plaintiff's Complaint, . But asserts as

Records in the possession of the Justice Department reflect that the money from this refund were utilized

to pay estate expenses, including attorney's fees.

173.     ML denies the allegations contained in Paragraph 173 of Plaintiff's

Complaint.

174.     ML denies the allegations contained in Paragraph 174 of Plaintiff's

Complaint.

### Scheme 10: Selling the Nassau Condos

175.     ML admits the allegations contained in Paragraph 175 of Plaintiff's

Complaint.

176.     ML denies knowledge or information sufficient to form an opinion as to the allegations

contained in Paragraph 176 of Plaintiff's Complaint.

177.     ML denies the allegations contained in Paragraph 177 of Plaintiff's

Complaint.

178.    ML denies the allegations contained in Paragraph 178 of Plaintiff's
Complaint.

179.    ML denies the allegations contained in Paragraph 179 of Plaintiff's
Complaint.

## V. Claims

### Count I: Reduce Estate's Tax Liabilities to Judgment

180.    ML incorporates his responses to paragraphs 1-179, above.

181.    ML neither admits nor denies the allegations contained in Paragraph 181 of Plaintiff's
Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

182.    ML denies the allegations contained in Paragraph 182 of Plaintiff's
Complaint.

183.    ML denies the allegations contained in Paragraph 183 of Plaintiff's
Complaint.

184.    ML denies the allegations contained in Paragraph 184 of Plaintiff's
Complaint.

185.    ML denies the allegations contained in Paragraph 185 of Plaintiff's
Complaint.

### Count II: Moshe Lax and Zlaty Schwartz's Personal Liability for Outstanding Income and Estate Taxes Under 31 U.S.C. § 3713 as Executors of the Estate of Chaim Lax

186.    ML incorporates his responses to paragraphs 1 through 185 above.

23

187.    Paragraph 187 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

188.    Paragraph 188 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

189.    ML denies the allegations contained in Paragraph 189 of Plaintiff's Complaint.

190.    ML denies the allegations contained in Paragraph 190 of Plaintiff's Complaint.

191.    ML denies the allegations contained in Paragraph 191 of Plaintiff's Complaint.

192.    ML denies the allegations contained in Paragraph 192 of Plaintiff's Complaint.

193.    ML denies the allegations contained in Paragraph 193 of Plaintiff's Complaint.

194.    ML denies the allegations contained in Paragraph 194 of Plaintiff's Complaint.

195.    ML denies the allegations contained in Paragraph 195 of Plaintiff's Complaint.

**Count III: Moshe Lax's Personal Liability for Outstanding Income and Estate Taxes Under N.Y. Est. Powers & Trusts Law § 12–1.1 as a Distributee of the Estate of Chaim Lax**

196.    ML incorporates his responses to paragraphs 1 through 195, above.

197.    Paragraph 197 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

24

198.     Paragraph 198 of Plaintiff's Complaint contains legal argument to which no

response is due. To the extent a response is due, the allegations therein are denied.

**Count IV: Zlaty Schwartz's Personal Liability for Outstanding Income and Estate Taxes Under N.Y. Est.**

**Powers & Trusts Law § 12–1.1 as a Distributee of the Estate of Chaim Lax**

199.     ML  incorporates his responses to paragraphs 1 through 198.

200.     Paragraph 200 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied:

201.     Paragraph 201 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

**Count V: Breach of Fiduciary Duty Against Moshe Lax**

202.     ML incorporates his responses to paragraphs 1 through 201, above.

203.     Paragraph 203 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

204.     Paragraph 204 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

205.     ML denies the allegations contained in Paragraph 205 of Plaintiff's

Complaint.

206.     ML denies the allegations contained in Paragraph 2006 of Plaintiff's

Complaint.

207.     ML denies the allegations contained in Paragraph 207 of Plaintiff's

Complaint.

208.     ML denies the allegations contained in Paragraph 208 of Plaintiff's

Complaint.

209.     ML denies the allegations contained in Paragraph 209 of Plaintiff's
Complaint.

210.     ML denies the allegations contained in Paragraph 210 of Plaintiff's
Complaint.

211.     ML denies the allegations contained in Paragraph 211 of Plaintiff's
Complaint.

212.     ML denies the allegations contained in Paragraph 212 of Plaintiff's
Complaint.

213.     Paragraph 213 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

214.     Paragraph 214 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count VI: Transferee Liability of Moshe Lax and Zlaty Schwartz Pursuant to**

**26 U.S.C. § 6324(a)(2)**

215.     ML incorporates his responses to paragraphs 1 through 214 above.

216.     Paragraph 216 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

217.     Paragraph 217 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

218.     Paragraph 218 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

219. ML denies the allegations contained in Paragraph 219 of Plaintiff's

Complaint.

220. ML denies the allegations contained in Paragraph 220 of Plaintiff's

Complaint.

221. Paragraph 221 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

222. Paragraph 222 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

**Count VII: Set Aside Fraudulent Conveyance of Dynamic Diamond Corp.**

223. ML incorporates his responses to paragraphs 1 through 222 above.

224. ML denies the allegations contained in Paragraph 224 of Plaintiff's

Complaint.

225. ML denies the allegations contained in Paragraph 225 of Plaintiff's

Complaint.

226. ML denies the allegations contained in Paragraph 226 of Plaintiff's

Complaint.

227. ML denies the allegations contained in Paragraph 227 of Plaintiff's Complaint. Furthermore,

Plaintiff intentionally misrepresented the actions of the New York State Supreme Court.

228. ML denies the allegations contained in Paragraph 228 of Plaintiff's

Complaint.

27

229. ML denies the allegations contained in Paragraph 229 of Plaintiff's Complaint.

230. ML denies the allegations contained in Paragraph 230 of Plaintiff's Complaint.

231. ML denies the allegations contained in Paragraph 231 of Plaintiff's Complaint.

232. ML denies the allegations contained in Paragraph 232 of Plaintiff's Complaint.

233. ML denies the allegations contained in Paragraph 233 of Plaintiff's Complaint.

234. ML denies the allegations contained in Paragraph 234 of Plaintiff's Complaint.

235. ML denies the allegations contained in Paragraph 235 of Plaintiff's Complaint.

236. Paragraph 236 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

237. Paragraph 237 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count VIII: Set Aside Fraudulent Conveyance of Madison Avenue Diamonds**

238. ML incorporates his responses to paragraphs 1 through 237, above.

239. ML denies the allegations contained in Paragraph 239 of Plaintiff's Complaint.

28

240.    ML denies the allegations contained in Paragraph 240 of Plaintiff's Complaint.

241.    ML denies the allegations contained in Paragraph 241 of Plaintiff's Complaint.

242.    ML denies the allegations contained in Paragraph 242 of Plaintiff's Complaint.

243.    ML denies the allegations contained in Paragraph 243 of Plaintiff's Complaint.

244.    ML denies the allegations contained in Paragraph 244 of Plaintiff's Complaint.

245.    ML denies the allegations contained in Paragraph 245 of Plaintiff's Complaint.

246.    ML denies the allegations contained in Paragraph 246 of Plaintiff's Complaint.

247.    ML denies the allegations contained in Paragraph 247 of Plaintiff's Complaint.

248.    ML denies the allegations contained in Paragraph 248 of Plaintiff's Complaint.

249.    ML denies the allegations contained in Paragraph 249 of Plaintiff's Complaint.

250.    Paragraph 250 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

29

251.     Paragraph 251 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

252.     Paragraph 252 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count IX: Set Aside Fraudulent Conveyance of LX Holdings to the Lax Family Trust**

253.     ML incorporates his responses to paragraphs 1 through 252, above.

254.     ML denies the allegations contained in Paragraph 254 of Plaintiff's Complaint.

255.     ML denies the allegations contained in Paragraph 255 of Plaintiff's Complaint.

256.     ML denies the allegations contained in Paragraph 256 of Plaintiff's Complaint.

257.     ML denies the allegations contained in Paragraph 257 of Plaintiff's Complaint.

258.     ML denies the allegations contained in Paragraph 258 of Plaintiff's Complaint.

259.     ML denies the allegations contained in Paragraph 259 of Plaintiff's Complaint.

260.     ML  denies knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 260 of Plaintiff's Complaint.

261.     ML denies the allegations contained in Paragraph 261 of Plaintiff's Complaint.

262.     ML admits the allegations contained in Paragraph 262 of Plaintiff's Complaint.

263.     ML denies the allegations contained in Paragraph 263 of Plaintiff's Complaint.

264.     ML denies the allegations contained in Paragraph 264 of Plaintiff's Complaint.

265.     ML denies the allegations contained in Paragraph 265 of Plaintiff's Complaint.

266.     ML denies the allegations contained in Paragraph 266 of Plaintiff's Complaint.

267.     ML denies the allegations contained in Paragraph 267 of Plaintiff's Complaint.

268.     ML denies the allegations contained in Paragraph 268 of Plaintiff's Complaint.

269.     Paragraph 269 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

270.     Paragraph 270 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

**Count X: Set Aside Fraudulent Conveyances to the SL Companies**

271.     ML incorporates his responses to paragraphs 1 through 270 above.

272.     ML denies the allegations contained in Paragraph 272 of Plaintiff's Complaint.

273.     ML denies the allegations contained in Paragraph 273 of Plaintiff's

Complaint.

274.     ML    denies the allegations contained in Paragraph 274 of Plaintiff's Complaint, and

respectfully refers the Court to the document referenced therein, which speaks for itself.

275.     ML denies the allegations contained in Paragraph 275 of Plaintiff's

Complaint.

276.     Paragraph 276 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

277.     ML denies the allegations contained in Paragraph 277 of Plaintiff's

Complaint.

278.     ML denies the allegations contained in Paragraph 278 of Plaintiff's

Complaint.

279.     ML denies the allegations contained in Paragraph 279 of Plaintiff's

Complaint.

280.     ML denies the allegations contained in Paragraph 280 of Plaintiff's

Complaint.

281.     ML denies the allegations contained in Paragraph 281 of Plaintiff's

Complaint.

282.     ML denies the allegations contained in Paragraph 282 of Plaintiff's

Complaint.

283.     ML denies the allegations contained in Paragraph 283 of Plaintiff's

Complaint.

284.    ML denies the allegations contained in Paragraph 284 of Plaintiff's

Complaint.

285.    ML denies the allegations contained in Paragraph 285 of Plaintiff's

Complaint.

286.    Paragraph 286 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

287.    Paragraph 287 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

**Count XI: Transferee Liability of Judith Lax and J.L. Pursuant to 26 U.S.C. § 6324(a)(2)**

288.    ML incorporates his responses to paragraphs 1 through 287 above.

289.    ML  neither admits nor denies the allegations contained in Paragraph 289 of Plaintiff's
        Complaint, but respectfully refers the Court to the document referenced therein, which speaks
        for itself.

290.    ML neither admits nor denies the allegations contained in Paragraph 290 of Plaintiff's

Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

291.    ML  neither admits nor denies the allegations contained in Paragraph 291 of Plaintiff's
        Complaint, but respectfully refers the Court to the document referenced therein, which speaks
        for itself.

292.    ML denies knowledge or information sufficient to form an opinion as to the allegations

contained in Paragraph 292 of Plaintiff's Complaint.

293.    Paragraph 293 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

33

294.    Paragraph 294 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

295.    Paragraph 295 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

296.    ML denies the allegations contained in Paragraph 296 of Plaintiff's

Complaint.

297.    Paragraph 297 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

298.    Paragraph 298 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

### Count XII: Enforce Tax Liens against Property

299.    Defendant incorporates her responses to paragraphs 1 through 298, above.

300.    Paragraph 300 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

301.    Defendant neither admits nor denies the allegations contained in Paragraph 301 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves:

302.    ML neither admits nor denies the allegations contained in Paragraph 302 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

34

*Madison Avenue Diamonds*

303.     ML neither admits nor denies the allegations contained in Paragraph 303 of Plaintiff's
Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

304.     ML denies the allegations contained in Paragraph 304 of Plaintiff's
Complaint.

305.     Paragraph 305 of Plaintiff's Complaint contains legal argument to which no response is due. To
the extent a response is due, the allegations therein are denied.

306.     Paragraph 306 of Plaintiff's Complaint contains legal argument to which no response is due. To
the extent a response is due, the allegations therein are denied.

307.     Paragraph 307 of Plaintiff's Complaint contains legal argument to which no response is
due. To the extent a response is due, the allegations therein are denied.

308.     Paragraph 308 of Plaintiff's Complaint contains legal argument to which no response is
due. To the extent a response is due, the allegations therein are denied.

309.     Paragraph 309 of Plaintiff's Complaint contains legal argument to which no response is
due. To the extent a response is due, the allegations therein are denied.

310.     Paragraph 310 of Plaintiff's Complaint contains legal argument to which no response is
due. To the extent a response is due, the allegations therein are denied.

*Original SL Holdings Assets*

311.  ML neither admits nor denies the allegations contained in Paragraph 311 of Plaintiff's Complaint,
but respectfully refers the Court to the documents referenced therein, which speak for themselves.

312.    ML denies the allegations contained in Paragraph 312 of Plaintiff's

Complaint.

313.    Paragraph 313 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

314.    Paragraph 314 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

315.    ML denies knowledge or information sufficient to form an opinion of the allegations contained

in Paragraph 315 of Plaintiff's Complaint.

316.    Paragraph 316 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

317.    ML denies the allegations contained in Paragraph 317 of Plaintiff's

Complaint.

318.    Paragraph 318. of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

319.    Paragraph 319 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

320.    ML neither admits nor denies the allegations contained in Paragraph 320 of Plaintiff's

Complaint, but respectfully refers the Court to the documents referenced therein, which speak for

themselves.

321.    ML neither admits nor denies the allegations contained in Paragraph 321 of Plaintiff's

Complaint, but respectfully refers the Court to the documents referenced therein, which speak for

themselves.

322.     ML neither admits nor denies the allegations contained in Paragraph 322 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

323.     ML denies knowledge or information sufficient to form a belief as to Paragraph 323 of Plaintiff's Complaint

324.     ML denies knowledge or information sufficient to form a belief as to Paragraph 324 of Plaintiff's Complaint

325.     ML denies knowledge or information sufficient to form a belief as to Paragraph 325 of Plaintiff's Complaint

326.     ML denies knowledge or information sufficient to form a belief as to Paragraph 326 of Plaintiff's Complaint.

327.     ML denies knowledge or information sufficient to form a belief as to Paragraph 327 of Plaintiff's Complaint.

328.     ML denies knowledge or information sufficient to form a belief as to Paragraph 328 of Plaintiff's Complaint.

329.     ML denies knowledge or information sufficient to form a belief as to Paragraph 329 of Plaintiff's Complaint

330.     ML denies knowledge or information sufficient to form a belief as to Paragraph 330 of Plaintiff's Complaint.

331.     ML neither admits nor denies the allegations contained in Paragraph 331 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

332.     Paragraph 332 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

333.     Paragraph 333 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

334.     Paragraph 334 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

335.     Paragraph 335 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

336.     ML denies knowledge or information sufficient to form a belief as to Paragraph 336 of Plaintiff's Complaint.

337.     ML denies knowledge or information sufficient to form a belief as to Paragraph 337 of Plaintiff's Complaint.

338.     ML denies knowledge or information sufficient to form a belief as to Paragraph 338 of Plaintiff's Complaint.

339.     ML neither admits nor denies the allegations contained in Paragraph 339 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

340.     ML neither admits nor denies the allegations contained in Paragraph 340 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

341.     ML denies knowledge or information sufficient to form a belief as to Paragraph 341 of Plaintiff's Complaint.

342.    ML denies knowledge or information sufficient to form a belief as to Paragraph 342 of Plaintiff's Complaint.

343.    ML denies knowledge or information sufficient to form a belief as to Paragraph 343 of Plaintiff's Complaint.

344.    ML denies knowledge or information sufficient to form a belief as to Paragraph 344 of Plaintiff's Complaint.

345.    ML denies knowledge or information sufficient to form a belief as to Paragraph 345 of Plaintiff's Complaint.

346.    ML denies knowledge or information sufficient to form a belief as to Paragraph 346 of Plaintiff's Complaint.

347.    Paragraph 347 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

348.    ML neither admits nor denies the allegations contained in Paragraph 348 of Plaintiff's Complaint, but respectfully refers the Court to the documents referenced therein, which speak for themselves.

349.    Paragraph 349 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

350.    Paragraph 350 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

*307 Hewes Realty Corp.*

351. ML neither admits nor denies the allegations contained in Paragraph 351 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

39

352.     ML neither admits nor denies the allegations contained in Paragraph 352 of Plaintiff's

Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

353.     ML neither admits nor denies the allegations contained in Paragraph 353 of Plaintiff's

Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

354.     ML neither admits nor denies the allegations contained in Paragraph 354 of Plaintiff's
Complaint, but respectfully refers the Court to the document referenced therein, which speaks
for itself.

355.     Paragraph 355 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

356.     Paragraph 356 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

357.     Paragraph 357 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

358.     Paragraph 358 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

359.     Paragraph 359 of Plaintiff's Complaint contains legal argument to which no response is

due. To the extent a response is due, the allegations therein are denied.

*1212 Lorimer Realty*

360. ML neither admits nor denies the allegations contained in Paragraph 360 of Plaintiff's Complaint,

but respectfully refers the Court to the document referenced therein, which speaks for itself.

40

361.    Paragraph 361 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

362.    Paragraph 362 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

363.    Paragraph 363 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

364.    Paragraph 364 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

365.    ML denies knowledge or information sufficient to form a belief as to Paragraph 365 of Plaintiff's Complaint.

366.    Paragraph 366 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

*267 Franklin Ave LLC*

367.    ML neither admits nor denies the allegations contained in Paragraph 367 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

368.    ML neither admits nor denies the allegations contained in Paragraph 368 of Plaintiff's Complaint, but respectfully refers the Court to the document referenced therein, which speaks for itself.

369.    Paragraph 369 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

370.    Paragraph 370 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

371.    Paragraph 371 of Plaintiff's Complaint contains legal argument to which no response is due. To the extent a response is due, the allegations therein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    Upon the demise of Chaim Lax, the estate prepared an Estate Tax return, and to establish Federal Income tax liabilities, if any, owed by the estate.

2.    An IRS Form 706 (Estate Tax Return) was prepared , reflecting no liability of the estate to the Internal Revenue Service.

3.    After Chaim Lex's demise, the Estate was served with notices of deficiencies proposing tax assessment against his estate. the estate's representatives filed Petitions in the United State Tax Court challenging these proposed assessments.

### Second Affirmative Defense

5.    During Chaim Lex's lifetime, and at the time of his demise, both he and his children believed that his assets far exceeded any liabilities they might owe to any creditors including but not limited to the Internal Revenue Service.

6.    Furthermore, during the decedent's lifetime, and at the time of Chaim Lax's demise, the effects of the 2008 recession upon the valuation of Chaim Lax's diamond businesses and real estate holdings were not evident to the estate representatives.

{N0223786 3 }                                    42

7.      In fact, the decedent transferred only a small portion of his assets, leaving his potential estate with sufficient assets to cover for any liabilities that he might've had as a result of any IRS audits.

8.      Shortly after Chaim Lax's demise, his interests in the diamond and real estate businesses sharply declined in value as a result of the great recession, to a degree that was not foreseen by ML or the vast majority of U.S. citizens.

.

### Third Affirmative Defense

10. To the extent that Plaintiff's Complaint relies on events allegedly occurring more than six years prior to the filing of this action, Plaintiff's allegations of a fraudulent transfer under the New York State debtor-creditor law effectuated by the decedent are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

11.     To the extent that Plaintiff's Complaint alleges liability arising from lack of consideration from transactions involving Chaim Lax and his estate, these allegations are without merit.

12.     Chaim Lax received full and adequate consideration during his lifetime for many of these assets, and his estate received the same full and adequate consideration for others.

13.     In particular, the Self Cancelling Installment Note ("SCIN") challenged by the United States is a well-recognized estate planning tool used routinely by specialists in estate planning.

14.     Upon information and belief, at the time that the SCIN was signed, Chaim Lax expected to live through the full period of the anticipated pay down of the SCIN.

15.     It is upon belief to ML that initial installments payments due under the SCIN had, in fact, been paid.

16.     By reason of the foregoing, the repeated contentions of Plaintiff's Complaint that Chaim Lax and/or his estate transferred assets for less than adequate consideration should be summarily rejected.

### Fifth Affirmative Defense

17.     At all times, in her capacities as trustee and executor, ML's actions were intended to fulfill the duties imposed on her, and were based on information of the law.

18.     For example, the transfers described under the pejorative heading "Scheme 6" in Plaintiff's Complaint were made so as to provide badly needed liquidity to a diamond business that was an estate asset, and so preserve its value as a going concern.

19.     ML has never intended to render the Estate or the Lax Family Trust insolvent, and has never taken any action intended to bring those outcomes about.

20.     ML had never intended to evade any tax actually due to the United States by the Estate or the Lax Family Trust, and has never attempted to evade such liability.

21.     In fact, in his capacity of executor of the Estate, ML participated in litigation contesting improper transfers of Estate assets to JBAM Realty 2, LLC.

### Sixth Affirmative Defenses

22.     In part or in full, Plaintiff's claims fail to state a cause of action for which relief can be granted as against ML.

44

**Sixth Affirmative Defense**

23. To the extent that the IRS released certain liens against property belonging to the Estate, Defendant ML is not liable for any alleged transfers of the property affected by the releases of liens.

**Seventh Affirmative Defense**

24.     Any alleged unpaid liabilities to the Internal Revenue Service were assessed as a result of negotiated dispositions after it became clear that the estate was insolvent.

25.     These liabilities were not actually due and owing, but were resolved because the estate lacked the assets to contest these liabilities.

26.     Defendant ML , therefore, has the right and hereby does contest these liabilities for purposes of this proceeding.

**Reservation of Rights**

27. Defendants reserve the right to plead other defenses as they become known during the litigation of this case.

**Demand for Jury Trial**

Defendant hereby demand a trial by jury of all issues so triable as a matter of right.

**WHEREFORE** Defendant ML . respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, and granting Defendant  relief as it may deem just and proper

Aug 5th, 2019                                    Respectfully,

                                                Moshe Lax ,
                                                1653 58th st. Brooklyn NY 11204

45

CC'd

Donald Jay Pols dpols@bptaxlaw.com silieb@aol.com

Stephanie W. Chernoff stephanie.w.chernoff@usdoj.gov
northern.taxcivil@usdoj.gov

Steven S. Tennyson steven.tennyson@usdoj.gov
northern.taxcivil@usdoj.gov

Michael Sardar msardar@kflaw.com

Stephen A. Josey sjosey@kflaw.com

James J. Mahon  jmahon@beckerlawyers.com