AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| United States of America, *Plaintiff* v. Moshe Lax, et al. *Defendant* | ) ) ) Civil Action No. 1:18-cv-0461-ILG-PK ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Martin Ehrenfeld a/k/a Mordechai Ehrenfeld

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: U.S. Attorney's Office, EDNY 271 Cadman Plaza E. Brooklyn, NY 11201 | Date and Time: 11/22/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/01/2019

*CLERK OF COURT*                                        OR       *[signature]*

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America , who issues or requests this subpoena, are:

Pingping Zhang, Trial Attorney, United States Department of Justice, P.O. Box 55, Ben Franklin Station, pingping.zhang@usdoj.gov

202-305-2165

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

### Definitions and Instructions

A.    This subpoena incorporates the Uniform Definitions in Discovery Requests, as set forth in Local Civil Rule 26.3 of the United States District Court for the Eastern District of New York.

B.    Any electronically stored and transmitted information should be produced in native format.

C.    The term "document" is to be liberally construed and includes any and all materials in written or electronic that evidence a disclosure, transfer, or exchange of information, including, but not limited to, notes, correspondence, letters, e-mails, text messages, social media posts, instant messages, memoranda, work papers, schedules, reports, minutes of meetings, notes regarding meetings or telephone conversations, bank records, forms, financial books and records and all copies that differ in any way from the original (including as to any notations, underlining or other markings).

D.    Any reference to "communication(s)" includes any document evidencing a disclosure, transfer, or exchange of information; such as, for example: facsimile transmissions, mails, letters, text messages, articles, e-mails, social media posts, or any other electronic/digital transmissions.

E.    The terms "you," "yourself," and "your" refers to Mordechai Ehrenfeld a/k/a Martin Ehrenfeld and to any of his employees or agents.

F.    You must include in your response any document that is within your custody or control or is reasonably available to you or any other source from whom it may reasonably be secured, including your representatives, agents, employees, or servants.

G.    The term "Lax Affiliate" refers to:

        1.    Chaim Lax;

        2.    The Estate of Chaim Lax;

        3.    Moshe Lax;

        4.    Judith Lax;

        5.    Shaindy Lax a/k/a Shaindy Weisz a/k/a Chana Weisz;

        6.    Zlaty Schwartz;

        7.    Dynamic Diamond Corp.,

        8.    Diamond Dynamics LLC,

        9.    Deluxe Development Inc.,

10. Dynamic Diamond Management LLC,
11. White Coat, Inc.
12. Madison Avenue Diamond LLC,
13. Favorite Diamond, LLC,
14. LX Holdings LLC,
15. 20 Walton LLC,
16. Yzes Realty, LLC,
17. SL Holdings LLC,
18. SL Holdings I LLC,
19. SL Holdings II LLC,
20. SL Holdings III LLC,
21. SL Holdings IV LLC,
22. SL Holdings V LLC,
23. MLX Holdings, LLC
24. Favorite Enterprises, LLC,
25. Favorite Properties, LLC,
26. Favorite Diamond, LLC,
27. 299 Hewes Street Realty Corp.,
28. 155 Middleton LLC,
29. 267 Franklin Ave LLC,
30. Bridge Condos LLC,
31. BZL Development Corp.,
32. 20 Bayard LLC,
33. 20 Bayard Views LLC,
34. Gama Trust I,

35. Gama Trust II,
36. Gamma Trust,
37. Park Const. & Redevelopment LLC,
38. 301 Hooper LLC,
39. 13 Hooper LLC,
40. 104 Sanford Associates LLC,
41. 12 12 Lorimer Realty LLC,
42. 386 Development LLC,
43. South 4th Street Condos LLC,
44. 242 South 1 Dev Realty LLC,
45. 139 Middleton LLC,
46. West Wing Group LLC,
47. CHL Realty LLC,
48. The Peace Park LLC,
49. 61-75 Taaffe Realty LLC,
50. 790 Bedford LLC,
51. 385 South 5th Realty LLC,
52. 41 Harrison LLC,
53. The Messorle Project LLC,
54. Flatbush Extension LLC,
55. Nassau Condos LLC,
56. 168 Franklin Avenue LLC,
57. Dynamic Management LLC,
58. 307 Hewes Realty Corp.,
59. Kent Wythe 9th Street LLC,

      60. Kent Wythe Mezz LLC,

      61. CML Restaurant Fund LLC,

      62. 250 N 10th Street Development LLC,

      63. Chaim Lax Family Trust, and

      64. Lax Charity Foundation.

H. The term "Financial Statement" means any document that records the financial activities and position of a business or other entity; including, for example:

      1. statements of net worth,

      2. balance sheets,

      3. income statements,

      4. profit and loss statements,

      5. statements of changes in equity,

      6. cash flow statements,

      7. notes to financial statements or financial statement endnotes,

      8. appraisals, and

      9. budgets.

I. Unless otherwise specified, the relevant time period for these requests is November 3, 2008 until July 16, 2018.

J. Instead of producing the documents at the location specified on the Subpoena, you may elect to send all responsive documents to:

If delivery is by email:       Pingping.Zhang@usdoj.gov

If delivery is by USPS:       Pingping Zhang, Trial Attorney
United States Department of Justice – Tax Division
P.O. Box 55, Benjamin Franklin Station
Washington, D.C. 20044

| | |
|---|---|
| If delivery is by overnight courier: | Pingping Zhang, Trial Attorney<br>United States Department of Justice – Tax Division<br>P.O. Box 55, Benjamin Franklin Station<br>Washington, D.C. 20044 |

## Requests

**Request No. 1.**   All Financial Statements of any Lax Affiliate.

**Request No. 2.**   All documents creating a power of attorney or an attorney-in-fact relationship between you and a Lax Affiliate.

**Request No. 3.**   All documents that you have signed on behalf of a Lax Affiliate.

**Request No. 4.**   All documents that you or someone working at your direction prepared to be signed on behalf of a Lax Affiliate.

**Request No. 5.**   All documents identifying the assets of a Lax Affiliate, including but not limited to accountings, inventories, or descriptions of real property holdings.

**Request No. 6.**   All documents, including but not limited to diagrams or other pictorial representations, that reflect the relationship between, holding structure of, or association between any of the Lax Affiliates and other entity.

**Request No. 7.**   All documents relating to the transfer of any assets by any Lax Affiliate, including but not limited to acquisitions, purchases, sales, gifts, leases, loans, charitable donations or expenditures.

**Request No. 8.**   All communications by which you advised or opined regarding any activities of any Lax Affiliate, including regarding any asset transfers or sales, leases, loans, charitable donations, or expenditures.

**Request No. 9.**   All of your communications with accountants, advisors, or trustees of a Lax Affiliate regarding any activities of a Lax Affiliate.

**Request No. 10.**   All documents, including declarations, affirmations, and schedules, that you signed in connection with any lawsuit to which a Lax Affiliate was a party.

**Request No. 11.**   All transcripts of testimony that you have provided in connection with any case in which a Lax Affiliate was a party.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-0461-ILG-PK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: