
| | U.S. Department of Justice |
|---|---|
| | Tax Division |
| *Trial Attorney: Ali Gadelhak*<br>*Attorney's Direct Line: 202-307-0854*<br>*Fax No.: 202-514-5238*<br>*Ali.Gadelhak@usdoj.gov* | Please reply to: Civil Trial Section, Northern Region<br>P.O. Box 55<br>Washington, D.C. 20044 |

April 21, 2020

*Via ECF*

The Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Moshe Lax, et al.,*
              18-cv-040610-ILG-PK (E.D.N.Y)

Dear Judge Kuo:

    I write to request an order extending the fact discovery deadline. Fact discovery closes on May 7, 2020. One previous extension has been requested, and was granted. The United States is requesting a nine-month extension for the close of fact discovery, until February 8, 2021. All parties have consented to this request.

    As explained below, good cause exists to extend the fact discovery deadline. The United States has diligently prepared it case, issuing 27 sets of written discovery, serving 40 subpoenas, and filing three motions to compel. But in an effort to avoid court interventions and in part due to the coronavirus pandemic, the United States has granted numerous extensions to respond to its discovery requests. Certain non-parties served with subpoenas that flatly refuse to comply. Moreover, the global disruption caused by the coronavirus pandemic means that some facets of discovery – such as depositions – are more difficult to conduct.[1] The Court should find good cause exists to modify the scheduling order to ensure that critical discovery – which has been delayed through no fault of the United States – can be completed.

**I.**     **Background**

---

[1] Until recently, the Tax Division had not determined if video depositions would comply with the taxpayer confidentiality requirements under 26 U.S.C. § 6103. Now that it has determined that there may be 6103-compliant services, we still need to determine logistics for such depositions. In addition, some depositions will be best done in person when we are able.

This case stems from a series of sophisticated schemes engineered to deplete assets from the Chaim Lax Estate (the "Estate") in order to avoid having to use those assets to satisfy Chaim Lax' tax liabilities of over $61,000,000. Ten sophisticated schemes are at issue in this case; one of these schemes alone involves the transfer of over twenty-one real property holding companies – containing property with a gross value over $152,779,000 – in exchange for a self-canceling installment note from a family trust.

## II. Status of Discovery

On October 8, 2019, the Court entered an amended scheduling order setting a fact discovery deadline of May 7, 2020. Doc. 141. Since October 8, 2019, the United States served numerous discovery requests. This includes:

- Served a second set of requests for documents on defendant Moshe Lax and Zlaty Schwartz.
- Served over 19 third-party subpoenas, including requests for bank records, medical records, and documents from key third-parties who were close business associates with Moshe Lax.
- Filed a motion to compel as to a non-party witness that the United States believes has critical information regarding the issues at bar.
- Conducted ongoing discussions with defendants Moshe Lax and Zlaty Schwartz regarding incomplete discovery responses.
- Conducted ongoing discussions with third-party subpoena recipients regarding the scope and timing of subpoena responses, including the manner in which privilege review would occur.

## III. Standard

Trial courts have broad authority to oversee and fashion discovery as appropriate for each case. *City of Almaty, Kazahkstan v. Ablayzov*, 2018 WL 2148430, at *1 (S.D.N.Y. May 20, 2018) (collecting cases). Where, as here, a scheduling order has been entered by the Court pursuant to Federal Rule of Civil Procedure 16(b), the schedule may be modified "for good cause." Fed. R. Civ. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted). In the context of a contested motion to extend discovery, courts also consider the following additional factors: "(1) the discovery already conducted in the case; (2) the specific additional discovery sought by the parties; (3) unavoidable obstacles faced by the parties in obtaining discovery that may necessitate a longer discovery schedule, such as the need for extensive non-party discovery, the complexity and volume of electronically stored information (ESI) to be retrieved, processed, reviewed and produced, the need for extraterritorial discovery, which may involve cumbersome or slow procedures, and the volume of documents withheld based on privilege and disputes over same; (4) avoidable obstacles that have caused delays, such as a failure of the parties to cooperate in discovery in conformance with their obligations under Rule 1 of the Federal Rules of Civil Procedure; and (5) the need for the Court to ensure that

disputes are resolved fairly and efficiently, while minimizing costs to the parties to the greatest extent possible." *Ablyazov*, 2018 WL 2148430, at *1.

**IV.     Good Cause Exists to Extend the Discovery Deadline**

The United States does not relish extending discovery and is diligently preparing its case. However, the current pandemic has significantly hampered the United States' ability to conduct meaningful discovery. Good cause exists to extend the discovery deadline for two reasons: 1) the United States is currently unable to conduct depositions, and 2) discovery disputes are ongoing on outstanding party and third-party requests which may precipitate motions to compel.

The main issues in the case relate to fraudulent transfers made by some defendants. The United States will need evidence beyond documents to prove its case. As such, we anticipate conducting numerous depositions of defendants and non-parties. Most potential deponents are located in New York, but some are out outside New York. New York, like other states, is currently under a stay-at-home order that severely restricts conducting non-essential business. The Department of Justice, Tax Division has received guidance to not travel for business and instead to seek prior approval with the understanding that almost all official travel will not be allowed. The United States' ability to effectively make its case will be impaired if the current discovery deadline is not extended.

Further, discovery disputes are ongoing. As reported to the Court in the aforementioned status report, the United States requested documents from defendant Moshe Lax. He claimed that a law firm, Porzio, Bromberg & Newman P.C., has the documents. We subpoenaed Porzio and have negotiated with them since November to release the documents to us or to Moshe Lax. This dispute remains ongoing. Another outstanding discovery issue relates to a subpoena served on non-party Martin Ehrenfeld. We believe that Mr. Ehrenfeld was a key business associate of Moshe Lax and is in possession of relevant, discoverable evidence. Mr. Ehrenfeld has indicated that the subpoenaed documents may be subject to a *Kovel* agreement, but refuses to provide a copy of the agreement or even definitely acknowledge that the agreement actually exists. There is currently a pending motion to compel against him. Other subpoenaed third-parties and their counsel have been adversely impacted by Covid-19, and have requested additional time to gather and review potentially responsive and/or privileged documents. These are a few examples of the difficulties we have faced in conducting discovery. These facts clearly establish good cause.

Accordingly, the United States respectfully requests that the Court enter the attached revised, proposed scheduling order.

                                                        Respectfully submitted,

                                                        /s/ Ali Gadelhak
                                                        ALI GADELHAK
                                                        Trial Attorney

Cc:    All counsel and Moshe Lax (via ECF)       Civil Trial Section, Northern Region