UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

    *Plaintiff,*

    *v.*                                      No. 1:18-cv-04061

MOSHE LAX, et, al.,

    *Defendants.*
------------------------------------------------------x

## JOINT STATUS REPORT REGARDING DISCOVERY

The United States submits this joint status report regarding discovery, as required by the Court's April 24, 2020 Minute Order. This report reflects input from the parties who provided responses to the following inquiries:

    *1. Discovery served since January 2020;*
    *2. Previously served incomplete discovery;*
    *3. Discovery to be served in the next 30 days;*
    *4. Depositions anticipated in next 90 days;*
    *5. Discovery-related motions in the next 60 days;*
    *6. Dispositive motions anticipated in the next 90 days;*
    *7. Any other matters needing the Court's attention.*

The information below includes input from the United States, Zlaty Schwartz, 299 Hewes Street Realty Corp., Morris Schlager, Gitty Schlager, Joseph Green, Hannah Green, Henny Green and Hershi Green. Shaindy Lax, Moshe Lax, Judith Lax, J.L. (a minor), JBAM, 307 Hewes Street Realty Corp., Ben Zion Jacobowitz, Tony Jacobowitz, and KGK Jewelry LLC responded but did not have anything to report. If a party that responded has no entry in a particular section of the report, nothing was submitted relating to that section.

**I.      Discovery Served since January 2020:**

    **A.      Plaintiff United States**

        1.      Third Set of Requests for Documents Served on Zlaty Schwartz, February 14, 2020.

        2.      Third Set of Requests for Documents Served on Moshe Lax, February 14, 2020.

        3.      Second Set of Interrogatories and Document Requests on JBAM, January 30, 2020.

        4.      Moshe Moskowicz

        5.      GIA

        6.      Meltzer Lippe

        7.      Tiffany's

        8.      Jacob Singer

        9.      Morrison Cohen

        10.     Gil Rubenstein

        11.     Juda Rosenfeld

        12.     Baruch Rosenfeld

    **B.      No other party has served discovery since January 1, 2020.**

**II.     Discovery anticipated to be served in the next 30 days:**

    **A.      Plaintiff United States**

        1.      Requests for Admissions and Interrogatories to Zlaty Schwartz, Shaindy Lax and Moshe Lax

        2.      Subpoenas:

             a)      Document subpoena to Issac Bar-Horin, a diamond appraiser

        b)    Additional document subpoenas to financial institutions

        c)    Individuals or witnesses identified as a result of ongoing discovery

**B.    By 299 Hewes Street Realty Corp., Morris Schlager, Gitty Schlager, Joseph Green, Hannah Green, Henny Green Hershi Green**

    1.    Requests for Admissions and Interrogatories

**III.    Previously served discovery with incomplete responses:**

   **A.    Plaintiff United States**

    1.    Document requests to Defendant Zlaty Schwartz: response incomplete, no privilege logs produced;

    2.    Document requests to Defendant Moshe Lax: response incomplete, no privilege logs produced;

    3.    Written discovery served on JBAM; response date extended during settlement discussions.

    4.    Subpoenas:

        a)    Joel/Yoel Schwartz (husband of defendant Zlaty Schwartz), 9/19/19, incomplete, no privilege log produced;

        b)    Martin Ehrenfeld; 11/14/19, remains outstanding. Counsel for the United States contacted Ehrenfeld by telephone and email regarding the subpoena during the week of July 13, 2020 and did not receive a response.;

        c)    Moshe Moskowitz, remains outstanding;

        d)    Meltzer, Lippe, Goldstein & Breitstone, LLP, 1/14/2020, remains outstanding

        e)    Jacob Singer, 3/2/20, remains outstanding

        f)      Morrison Cohen, 4/6/20, remains outstanding

## IV. Depositions Anticipated within the next 90 Days

### A. Plaintiff United States

1. Isaac Bar-Horin;
2. Zlaty Schwartz;
3. Moshe Lax
4. Joel Schwartz;
5. Martin Ehrenfeld;
6. Joseph Katz;
7. Moshe Moskowicz

### B. Defendant Zlaty Schwartz

1. IRS Examining Officers/ Attorneys:

    a. Terrence H. Fraser

    b. Kathryn Houtchens

    c. Jay Stending

    d. Mark Sheridan

    e. Brent Robertson

    f. Richard Saul

    g. Robert Washington

    h. Anita M. Babb

    i. Faiza Vardag-Muzeffar

    j. Elaine Holder

    k. Diana Ditzan

    l. Wes Scott

      m. Terry Stylianou

      n. M. Macgillivary

2. IRS Appeals Officers:

    a. Gerald Fitzgerald

    b. William Barthel

3. IRS Office Chief Counsel Attorney

    a. Margaret Burow

4. Estate Attorneys

    a. Marylee A. Roberts

    b. Janet L. Rice

5. Meltzer Lippe Attorneys:

    a. Joseph Katz

    b. John P. Proszak

    c. Richard Reichler

    d. Diana P. Hinton

6. Estate Audit Attorneys:

    a. Gerard Virga

    b. Steven R. Finkelstein

    c. Allen R. Dorkin

    d. Howard L. Drescher

    e. Alvin M. Cheslow.

7. Individuals from JBAM Realty, LLC:

    a. Joseph Brunner

        b.   Abraham Mandel

    8.   CPA, Abraham Fisch

    9.   CPA, Abraham Fasten

   10.  CPA, Jefferey S. Feinman

   11.  Moshe Lax

   12.  Yitzchok Hager

   13.  Moses Green

   14.  Martin E. Kofman, Esq.

   15.  Allan Lebovits

   16.  Mair Jacob Bernat

**C.    No other party has specifically identified witnesses, but all parties reserve the right to participate in any depositions.**

**V.    Discovery-related motions anticipated in the next 60 days:**

**A.    Plaintiff United States**

Productions have been voluminous, and document review is ongoing. The following anticipated discovery motions reflect the status of our review as of July 21, 2020. The government may need to file additional discovery motions not described below.

    1.    Potential motion to compel responses to United States' document requests served on defendant Zlaty Schwartz. Schwartz initially failed to produce any email communications. Schwartz later produced limited emails as a single 300+ page pdf. We have requested that these be produced in the manner in which they are kept; Schwartz has ignored these requests. Further, discovery received from other parties indicates that far more responsive materials exist, including many emails relating to Mrs.

6

       Schwartz's role in Estate administration. These emails suggest that Mrs. Schwartz should have hard copy and/or electronic documents other than emails, and many more emails than have been produced. Discussions are ongoing.

2. Potential motion to compel responses to the United States' subpoena served on Joel Schwartz. Schwartz has produced only minimal responses. Discovery received from other parties indicates that substantially more materials exist.

3. Potential renewed motion to compel responses to United States' First and Second Sets of Document Requests served on Moshe Lax. Moshe Lax has withheld thousands of documents as potentially privileged, based on the application of searches and filters that have not been disclosed to the United States. As of July 21, 2020, Moshe Lax has not provided any privilege log. At its own expense, the United States has engaged an outside vendor to upload the files and help facilitate Moshe Lax's privilege review. The United States and Lax entered into a stipulation April 22, 2020, setting forth a procedure and timeline whereby Lax would complete his review and either assert privilege via a privilege log or produce non-privileged documents. Lax agreed to review and produce logs/documents on June 27 (extended to July 10) and July 21, 2020. Should these matters not be resolved before the July 28th status conference, the United States will raise this with the Court.

7

4. Potential motions to compel or renewed motions to compel responses to United States' discovery requests served on certain third parties—Martin Ehernfeld and possibly Moshe Moskowicz. On May 13, 2020, the Court ordered Ehrenfeld to produce the *Kovell* agreements or information as to why such information is inaccessible by May 27, 2020. The Court further directed Ehrenfeld to produce a privilege log, or the subpoenaed documents, by June 30, 2020. On June 22, 2020, Ehrenfeld provided Plaintiff's counsel with a screenshot of a text message conversation between him and an attorney at the law firm Morrison Cohen. According to Ehrenfeld, the text message conversation confirms that Morrison Cohen is not in possession of any relevant *Kovell* agreements. Counsel for the United States has contacted Ehrenfeld numerous times to inquire as to the status of production. Most recently, counsel for the United States contacted Ehrenfeld by telephone and email during the week of July 13, 2020. As of the date of this report, Ehrenfeld has not produced a privilege log or documents. While the return date of the Moskowicz subpoena is August 31, 2020, he has previously refused to speak with us. On July 9, 2020, the Court recently allowed the United States to serve Moskowicz by electronic mail and first class mail. He was served on July 13, 2020. While he may comply with the subpoena without Court involvement, that remains an open question. Both Ehernfeld and Moskowicz worked closely with Moshe Lax, assisting with a variety of property transfers at issue in this litigation.

      5.      Potential motions for protective orders regarding deposition of IRS employees and Chief Counsel Attorneys. None of these individuals were identified in Mrs. Schwartz's initial disclosures. Apart from authenticating documents and testifying regarding unpaid federal tax account balances, there is no claim or defense for which an IRS employee's testimony would have any bearing.

## VI. Dispositive Motions Anticipated Within the Next 90 Days

### A. Plaintiff United States

      1.      Partial Summary Judgment regarding Count 1, Reduce Estate's Tax Liabilities to Judgment. The United States anticipates seeking partial summary judgment to reduce the Estate's federal tax liabilities to judgment. All of the liabilities were either agreed pursuant to stipulated judgments in Tax Court or by way of agreements whereby the executors agreed to the assessments. This normally could be resolved by stipulation, but under New York law and the will terms, both executors must consent to the judgment. *See In re Schwartz' Will*, 2 Misc.2d 542, 544, 149 N.Y.S.2d 638, 640 (Sur. Ct. 1956) ("In the absence of an express direction in the will for mutual consent of co-executors respecting the administration of an estate the law will not imply such a requirement."). Only one executor is represented—Zlaty Schwartz. Moshe Lax is appearing *pro se*, and accordingly cannot stipulate or consent to judgment on behalf of any entity. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that executor of estate may not proceed pro se when estate has beneficiaries or creditors other than the litigant).

9

    2.    Partial Summary Judgment against Zlaty Schwartz, Shaindy Lax and Moshe Lax regarding Counts 2, 3, 4, 6, 7 and 8.

    3.    Motion for entry of stipulated judgment pertaining to Moshe Lax's personal liabilities. The United States and Moshe Lax have been discussing entry of a stipulated judgment regarding Counts 2, 3, 5-10. These discussions remain ongoing.

### B. Defendant Zlaty Schwartz

    1.    Dispositive motion on the Government's second, fourth and sixth causes of action within the next 90 days.

## VII. Any other Matters Requiring the Court's Attention

Nothing reported.

//

//

//

//

//

//

//

//

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


/s/ Kari M. Larson
KARI M. LARSON
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
P.O. Box 403
Washington, D.C. 20044
202-616-3822 (v)
202-307-2504 (f)
Kari.M.Larson@usdoj.gov

PHILIP L. BEDNAR
STEPHANIE.W.CHERNOFF
ALI GADELHAK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415
202-305-2165
202-307-0854
Philip.L.Bednar@usdoj.gov
Stephanie.W.Chernoff@usdoj.gov
Ali.Gadelhak@usdoj.gov