

|  |  |
|---|---|
| | **U.S. Department of Justice** |
| | **Tax Division** |
| *Trial Attorney: Ali Gadelhak* | *Please reply to:*  Civil Trial Section, Northern Region |
| *Attorney's Direct Line: 202-307-0854* | P.O. Box 55 |
| *Fax No.: 202-514-5238* | Washington, D.C. 20044 |
| *Ali.Gadelhak@usdoj.gov* | |

REZ:DMK:AGadelhak
DJ 5-52-20275
CMN 2017102332

September 10, 2020

Via ECF

Hon. Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    USA v. Moshe Lax, et al.
                1:18-cv-04061 (E.D.N.Y.)

Dear Judge Kuo:

      Plaintiff United States of America writes to advise Your Honor that third party witness Martin Ehrenfeld a/k/a Mordechai Ehrenfeld has, to date, failed to comply with the Court's Order, dated August 7, 2020, and respectfully requests that this Court enter a Certification of Contempt pursuant to 28 U.S.C. § 636(e) for such failure, and recommend a daily sanction of $1,000.00 until Mr. Ehrenfeld complies with the August 7 order.

      The Government first served Mr. Ehrenfeld with a subpoena to produce documents on November 14, 2019. Docket No. 153-1, 3. After Mr. Ehrenfeld failed to comply with the subpoena served upon him, the Government filed a letter motion to compel his compliance. Docket No. 153. On May 13, 2020 a hearing was held on the motion, at which time Mr. Ehrenfeld appeared. *See Exhibit A*. He explained to the Court that he was unable to locate *Kovell* agreements which he claimed existed and prevented him from complying with the subpoena. *Id*.

      On May 14, 2020 the Court directed Mr. Ehrenfeld to communicate with the Government regarding the process of his searches and inform us of any delays in his responses. *Id*. The Court also directed Mr. Ehrenfeld to produce the *Kovell* agreements or information as to why such information is inaccessible by May 27, 2020. Mr. Ehrenfeld was also directed, if asserting privilege, to produce a privilege log, by June 30, 2020. *Id*.

      After Mr. Ehrenfeld failed to meet the June 30, 2020 deadline, the Government made an oral request at a July 28, 2020 status hearing for an order to show cause. *See Exhibit B*. The Court granted the request and ordered Mr. Ehrenfeld to show cause why he should not be held in

contempt for failing to comply with the Court's order of May 14, 2020, and scheduled a hearing on the matter for August 4, 2020. *Id*. The Government served a copy of this order on Mr. Ehrenfeld and filed proof of service on the docket. Docket No. 164.

Despite being notified of the August 4, 2020 show cause hearing, Mr. Ehrenfeld failed to appear. *See Exhibit C*. By Order dated August 7, 2020, the Court ordered Mr. Ehrenfeld to comply with the subpoena and produce all the documents demanded by August 20, 2020. *Id*. If he failed to do so, the Court recommended that Mr. Ehrenfeld being found in contempt and that a daily sanction be imposed on him until he complies. *Id*. The Government emailed Mr. Ehrenfeld a copy of that order and filed proof of such mailing on the docket. Docket No. 166.

To date, Mr. Ehrenfeld has not produced any documents, nor has he responded to undersigned's emails or phone calls. *See Exhibit D*.

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. These include summary criminal contempt authority, as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting a contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Under the certification process, the magistrate judge may conduct a hearing, but the magistrate judge functions only to "certify the facts" and not to issue an order of contempt. *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008). "The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." *Id*.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). Rule 45 grants the court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*,

- 3 -

211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond v. Simon*, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994)); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). It is well-established that "[t]he power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The underlying concern is "disobedience to the orders of the [j]udiciary," not "merely the disruption of court proceedings." *Id* at 44 (*quoting Young v. United States*, 481 U.S. 787, 798 1987)). An individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. *See United States v. Petitio*, 671 F.2d 68, 72 (2d Cir. 1982).

The Government has clearly demonstrated that Mr. Ehrenfeld has not complied with the Court's August 7, 2020 Order. The facts as stated above are undisputed and supported by a declaration. Mr. Ehrenfeld's non-compliance is simple: he was ordered to produce documents and has not done so. As such, a Certification of Contempt should include the above recited facts regarding Mr. Ehrenfeld's notice of the various orders and the non-receipt of documents from him by the Government.

The Court has previously indicated its willingness to recommend the imposition of daily sanction until Mr. Ehrenfeld complies. *See Exhibit C*. "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat. Organization for Women v. Terry*, 866 F.2d 1339, 1353 (2d Cir. 1989). The ultimate consideration is whether the coercive sanction is reasonable in relation to the facts. *Id*. Mr. Ehrenfeld has repeatedly strung the Government – and the Court – along in his false promises to produce documents. A person should not be able to blatantly disregard a court's order without consequence. A daily sanction of $1,000 is likely to bring about compliance given Mr. Ehrenfeld's indications on the record that he has documents and would produce them but for claimed *Kovell* agreements which he has failed to produce. Further, the Government believes Mr. Ehrenfeld has sufficient financial resources to shoulder the burden of a $1,000 daily sanction. Based on documents obtain in discovery, the Government believes Mr. Ehrenfeld is an experienced financial and real estate professional, and has previously represented to the Court that he is a business consultant. *See Exhibit E, Page 21*. As such, a daily sanction of $1,000 is reasonable under the circumstances of this matter.

Based upon the foregoing facts and governing case law, the Government respectfully requests that this Court enter a Certification of Contempt pursuant to 28 U.S.C. § 636(e) for Mr. Ehrenfeld's failure to comply with the Court's August 7, 2020 Order, and recommend imposition of a daily sanction of $1,000.00.

                                                                                        Respectfully submitted,

                                                                                        /s/ Ali Gadelhak
                                                                                        ALI GADELHAK
                                                                                        Trial Attorney
                                                                                        Civil Trial Section, Northern Region

- 4 -

cc: All counsel and Defendant Moshe Lax (via ECF)
    Martin Ehrenfeld a/k/a Mordechai Ehrenfeld
        martinehrnfeld@gmail.com
        mehrnfeld@yahoo.com
        1564 57th Street
        Brooklyn, NY 11219