UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                    :
:
*Plaintiff,*                    :
:
v.                                      :    No 1:18-cv-04061
:
MOSHE LAX, et al.,                              :
:
*Defendants.*                  :
---------------------------------------------------------------x

**STIPULATION AND PROPOSED ORDER CONCERNING PROTOCOL
FOR CONDUCTING REMOTE DEPOSITIONS**

The Plaintiff United States and Defendants (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned manner:

1.  All depositions shall be conducted remotely using videoconference technology, and each deponent may be video-recorded. The Party noticing the remote deposition shall have the choice to decide whether the deposition shall be video-recorded, or not.

2.  The Parties agree to use Veritext Legal Solutions for court reporting, videoconference and remote deposition services. The Parties agree that a Veritext Legal Solutions employee, contractor, or representative may attend each remote deposition to setup the remote video deposition, video record the deposition, if video-recording is requested by the Party noticing the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms, if used.

3.  The Parties agree that these remote video depositions, whether video-recorded or not, may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these remote video on the basis

that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. Should counsel and any party attend the videoconference deposition in the same physical location, each person shall be in a separate room and use a separate device.

5. Consistent with Local Civil Rule 30.4 (formerly Local civil Rule 30.6), no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending. After noting so on the record, counsel may confer privately with a deponent only to determine whether a privilege should be asserted. The Parties further stipulate not to engage in any conduct during the remote deposition that would otherwise be prohibited during an in-person deposition, or engage in conduct that would be subject to questioning and/or inspection were it to happen at an in-person deposition. This conduct includes, but is not necessarily limited to: (1) the deponent answering questions with the aid of notes that are present in the room with the deponent but that are not visible to the camera; (2) the deponent being coached during the deposition by a person not present in the room, via any means to include text messaging, instant messaging, e-mail, or similar method; and, (3) the deponent having any other programs open on his screen (or any other device) during the deposition. The Parties stipulate that the deponent will sit a few feet back from the screen as allowed by his vision and physical abilities, such that their torso and arms are fully visible while giving testimony, and that during such testimony, they will have no

other programs open and will not consult any notes, texts, emails, chats, or anything of the sort while the deposition is in session. The Parties will also enter stipulations to this effect on the record at the start of the deposition.

6. Veritext Legal Solutions offers a "breakout room" feature, where participants may confer in a group, separate from other participants. This is a supplemental service to a videoconference deposition that is not standard. During breaks in the deposition, the Parties may use the breakout room feature provided by Veritext Legal Solutions which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by Veritext Legal Solutions prior to the deposition and controlled by Veritext Legal Solutions. The party noticing the deposition shall be responsible for procuring the breakout room feature prior to the beginning of the deposition.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not the challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. Veritext Legal Solutions will simultaneously videotape the deposition and preserve the video recording, if video recording is requested by the Party noticing the deposition. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The Parties agree that the court reporter provided by Veritext Legal Solutions is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The Party that noticed the deposition shall provide Veritext Legal Solutions with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

12. At the beginning of each deposition, consistent with rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Veritext Legal Solutions employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Veritext Legal Solutions employee responsible for video-recording the deposition, if video-recording is used, shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties agree to work collaboratively and in good faith with Veritext Legal Solutions to assess each deponent's technological abilities and to troubleshoot any issues at least

48 hours in advance of the deposition so any adjustments can be made. This includes testing the technology prior to the deposition, where no deposition questions are to be asked, if any Party requests such a test. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

15. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

16. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

17. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

i. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Parties'

counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other Parties' counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm noon ET the business day before the deposition. Counsel for the deponent, the other Parties' counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the depositions begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use examining the witness.

    ii.    Counsel noticing the deposition may choose to send compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm noon ET the business day before the deposition. Counsel for the deponent, the other Parties' counsel, and the court reporter shall confirm receipt of the .zip file electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

    iii.    Counsel may introduce exhibits electronically during the deposition, by using the Veritext Legal Solutions document-sharing technology, by using the screen-sharing technology

within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

18.     All deponents receiving documents before or during a deposition, pursuant to Paragraph 17 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any matter. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

19.     Counsel for the Parties may keep any document or exhibit used during the deposition.

20.     Because the ability to take a remote deposition depends on the internet connection and the technical competence of all parties, if the deposition is not able to be completed on the day it is scheduled due to any technical malfunction of computer, loss of internet connectivity, or loss of electricity, the technical inability on the part of the deponent or a Party, the Parties stipulate that the deposition may be suspended until 72 hours after such technical malfunction of computer, loss of internet connectivity, or loss of electricity, the technical inability on the part of the deponent or a Party is resolved. The parties stipulate that any time incurred as a result of internet, electricity, computer malfunction, or any other technical issue where testimony is not being taken, shall not count towards the seven hour limit under ==Federal Rule of Civil Procedure 30==.

Dated: October  30, 2020

                                                 SO ORDERED:

                                                 *Peggy Kuo*
                                                 _____
                                                 Hon. Peggy Kuo
                                                 United States Magistrate Judge

Stipulated to:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

_____
KARI M. LARSON
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
P.O. Box 403
Washington, D.C. 20044
Kari.M.Larson@usdoj.gov


_____
Moshe Lax
Pro Se
1653 58th Street
Brooklyn, NY 11204
moshelax@gmail.com


_____
James John Mahon, Jr.
Becker & Poliakoff LLP
Attorney for Zlaty Schwartz, individually, as executor of the Chaim Lax Estate, as trustee of the Chaim Lax Family Trust, and as a trustee of the GAMA Trust
45 Broadway, 17th Floor
New York, NY 10006
jmahon@beckerlawyers.com


_____
Joseph Y Balisok
Law Office of Joseph Y. Balisok, P.C.
Attorney for Shaindy Lax
251 Troy Avenue
Brooklyn, NY 11213
joseph@lawbalisok.com


_____
Paul Thomas Shoemaker
Greenfield, Stein & Senior, LLP
Attorney for Judith Lax, and J.L., a minor
600 Third Avenue

New York, NY 10016
pshoemaker@gss-law.com

_____
Solomon N. Klein
Schlam Stone & Dolan LLP
Attorney for 299 Hewes Street Realty Corp, Morris Schlager, Gitty Schlager, Joseph Green, Hannah Green, Henny Green, and Hershi Green
26 Broadway
New York, NY 10004
sklein@schalmstone.com

_____
Craig E. Penn
Phillips Nizer LLP
Attorney 307 Hewes Street Realty Corp
485 Lexington Avenue, 14th Floor
New York, NY 10017
cpenn@phillipsnizer.com

_____
Donald Jay Pols
Beilis & Pols, P.C.
Attorney for JBAM Realty LLC a/k/a JBAM Realty 2 LLC
5014 16th Avenue, Suite 338
Brooklyn, NY 11204
dpols@bptaxlaw.com

_____
Steven Y. Yurowitz
Newman & Greenberg
Attorney for Ben Zion Jacobowitz and Tony Jacobowitz
950 Third Avenue, 32nd Floor
New York, NY 10022
syurowitz@newmangreenberg.com

_____
Doron Aviram Leiby
Miller Leiby & Associates PC
Attorney for KGK Jewelry LLC
32 Broadway, 13th Floor

New York, NY 10004
dleiby@millerleiby.com


_____
Moshe Mortner
The Mortner Law Office
Attorney for Aron Lax
40 Wall Street, 28th Floor
New York, NY 10005
mrmortner@gmail.com