UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

     *Plaintiff*,

     *v.*

MOSHE LAX, individually, as an executor of the Chaim Lax Estate, as a trustee of the Chaim Lax Family Trust, and as a trustee of the GAMA Trust; ZLATY SCHWARTZ, individually, as executor of the Chaim Lax Estate, as trustee of the Chaim Lax Family Trust, and as a trustee of the GAMA Trust; SHAINDY LAX; JUDITH LAX; J.L., a minor; 299 HEWES STREET REALTY CORP; 307 HEWES STREET REALTY CORP; JBAM REALTY LLC, a/k/a JBAM REALTY 2 LLC; BEN ZION JACOBOWITZ; TOBY JACOBOWITZ; SL HOLDINGS I, LLC; SL HOLDINGS II, LLC; SL HOLDINGS III, LLC; SL HOLDINGS IV, LLC; SL HOLDINGS V, LLC; DIAMOND DYNAMICS LLC; KGK JEWELRY LLC; CONGREGATION BAIS YEHUDAH D'GANITCH; LX HOLDINGS LLC; MORRIS SCHLAGER; GITTY SCHLAGER; JOSEPH GREEN; HANNAH GREEN; HENNY GREEN; and HERSHI GREEN,

     *Defendants*.

------------------------------------------------------------x

No. 1:18-cv-04061-ILG-PK

Dist. Judge I. Leo Glasser

Mag. Judge Peggy Kuo

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COUNT I**

The Plaintiff United States of America, pursuant to Federal Rule of Civil Procedure 56, respectfully requests that the Court enter an order granting partial summary judgment regarding Count I (Reduce Estate's Tax Liabilities to Judgment) of Plaintiff's Amended Complaint only.

**SUMMARY OF FACTS**

    A.    **Stipulated Judgments in U.S. Tax Court Regarding Income Tax Years 2002-2004 and 2007.**

1

The Estate of Chaim Lax, Moshe Lax, and Zlaty Schwartz entered into stipulated agreements with the IRS as to Chaim Lax's 2002, 2003, 2004, and 2007 federal income tax liabilities, pursuant to which the U.S. Tax Court entered judgments in favor of the United States on the dates and in the amounts shown below:

| Tax  | Date       | Tax           | Penalty        | Total          |
|------|------------|---------------|----------------|----------------|
| 2002 | 11/22/2010 | $6,277,961.00 | $1,255,592.20  | $7,533,553.20  |
| 2003 | 11/22/2010 | $7,802,857.00 | $1,560,571.40  | $9,363,428.40  |
| 2004 | 11/22/2010 | $6,052,688.00 | $1,526,510.25  | $7,579,198.25  |
| 2007 | 12/4/2012  | $ 273,309.00  | $ 54,662.00    | $327,971.00    |

Statement of Undisputed Material Facts ("SUF"), ¶ 1.

**B.    IRS Examination of 2006 Federal Income Tax Return.**

The IRS conducted an examination of Chaim Lax's federal income tax return for year 2006. SUF, ¶ 2.

On or about August 16, 2012, a power of attorney for the Estate of Chaim Lax signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment ("Form 870"), consenting to the IRS's immediate assessment of $5,216,234 in federal income tax for year 2006, along with $2,347,339 in penalties.[1]  SUF, ¶ 3.

**C.    IRS Examination of Federal Estate Tax Return.**

The IRS conducted an examination of the Estate of Chaim Lax's Form 706 federal estate tax return. SUF, ¶ 4.

On or about December 3, 2012, Moshe Lax and Zlaty Schwartz, Executors of the Estate of Chaim Lax, signed a Form 890, Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment Estate, Gift, and Generation-Skipping Transfer

---

[1] The failure-to-file penalty for tax year 2006 was adjusted downward from the amount shown in the Form 870 by $33.75, so that the corrected penalty amount is 25% of the tax deficiency amount. SUF, ¶ 3, FN1.

2

Tax ("Form 890") consenting to the IRS's immediate assessment of $4,456,718 in federal estate tax.  SUF, ¶ 5.

    D.    **Federal Income Tax and Estate Tax Assessments and Balances Due.**

The IRS assessed the following federal income tax liabilities against Chaim Lax and the following federal estate tax liabilities against the Estate of Chaim Lax, which have balances due as of September 23, 2020:

| Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due 9/23/2020 |
|---|---|---|---|---|
| N/A | 12/21/2012 | 706 Tax | $4,456,718.00 | $ 8,135,247.10 |
|  | 12/21/2012 | Interest | $571,366.02 |  |
| 12/31/2002 | 11/10/2003 | 1040 Tax | $47,239.00 | $12,263,746.03 |
|  | 3/28/2011 | Add'l 1040 Tax | $6,277,961.00 |  |
|  | 3/28/2011 | I.R.C. § 6662 Penalty | $1,255,592.20 |  |
|  | 3/28/2011 | Interest | $1,293,265.90 |  |
|  | 3/28/2011 | Interest | $5,079.64 |  |
|  | 5/2/2016 | Interest | $1,508,749.60 |  |
| 12/31/2003 | 12/27/2004 | 1040 Tax | $80,509.00 | $16,043,576.45 |
|  | 12/27/2004 | Interest | $115.00 |  |
|  | 12/27/2004 | Interest | $47.24 |  |
|  | 1/2/2006 | Add'l 1040 Tax | $1,220.00 |  |
|  | 1/2/2006 | Interest | $107.00 |  |
|  | 3/28/2011 | Add'l 1040 Tax | $7,802,857.00 |  |
|  | 3/28/2011 | I.R.C. § 6662 Penalty | $1,560,571.40 |  |
|  | 3/28/2011 | Interest | $1,837,642.05 |  |
|  | 3/28/2011 | Interest | $6,446.04 |  |
|  | 5/2/2016 | Interest | $1,916,453.62 |  |
| 12/31/2004 | 12/19/2005 | 1040 Tax | $209,645.00 | $11,887,453.16 |
|  | 12/19/2005 | Estimated Tax Penalty | $1,327.26 |  |
|  | 9/25/2006 | Add'l 1040 Tax | $57,120.00 |  |
|  | 9/25/2006 | Interest | $5,570.56 |  |
|  | 4/2/2007 | Late Payment Penalty | $85.21 |  |
|  | 4/2/2007 | Interest | $3.97 |  |
|  | 3/28/2011 | Add'l 1040 Tax | $6,052,688.00 |  |
|  | 3/28/2011 | I.R.C. § 6662 Penalty | $1,210,537.60 |  |
|  | 3/28/2011 | Late Filing Penalty | $315,972.65 |  |
|  | 10/12/2015 | Interest | $1,980,733.70 |  |
| 12/31/2006 | 9/5/2011 | 1040 Tax | $183,848.92 | $14,315,575.18 |
|  | 9/5/2011 | Estimated Tax Penalty | $4,636.00 |  |
|  | 9/5/2011 | Late Filing Penalty | $6,250.26 |  |
|  | 9/5/2011 | Late Payment Penalty | $6,606.75 |  |

|            | 9/5/2011   | Interest             | $7,444.53      |               |
|            | 9/20/2012  | Add'l 1040 Tax       | $5,216,234.00  |               |
|            | 9/20/2012  | I.R.C. § 6662 Penalty| $1,043,246.80  |               |
|            | 9/20/2012  | Late Filing Penalty  | $1,304,058.25  |               |
|            | 9/20/2012  | Interest             | $2,090,539.76  |               |
| 12/31/2007 | 2/19/2013  | 1040 Tax             | $273,309.00    | $ 598,917.33  |
|            | 2/19/2013  | I.R.C. § 6662 Penalty| $54,661.80     |               |
|            | 2/19/2013  | Interest             | $67,765.92     |               |
|            |            |                      | **Total**      | **$63,244,515.25** |

SUF, ¶ 6.

### C. The IRS Gave Notice of the Assessments and Demand for Payment.

As set forth in the Forms 4340, for each of the tax years at issue, the IRS gave Chaim Lax (when he was alive) or Defendants Moshe and Zlaty Schwartz (after Chaim Lax died) notice of the assessments and demand for payment. For example, with respect to tax year 2006, the IRS gave notice of the additional federal income tax assessment and made demand for payment on September 20, 2012. SUF, ¶ 7.

## ARGUMENT

The United States is entitled to summary judgment on its Count I (Reduce Estate's Tax Liabilities to Judgment).

### A. Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a) states that summary judgment should be granted to the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Dawes v. Pellechia*, 688 F. Supp. 842, 845 (E.D.N.Y. 1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this showing has been made, the

4

burden shifts to the nonmovant to demonstrate, through specific facts, that a genuine issue remains for trial.  *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993).

      **B.**      **The United States Is Entitled to Summary Judgment on Count I.**

The Court should grant summary judgment in favor of the United States and against the Defendants Moshe Lax and Zlaty Schwartz in their capacities as executors of the Chaim Lax Estate regarding Count I.  There is no dispute that a delegate of the Secretary of the Treasury made assessments against Chaim Lax for unpaid federal taxes, penalties, and interest, and against the Estate of Chaim Lax for unpaid federal estate taxes, penalties, and interest, which have a balance due after accounting for all accruals, payments, credits, costs, and abatements.  An assessment is made "by recording the liability of the taxpayer in the office of the Secretary."  26 U.S.C. § 6203.  The amounts of the assessments set forth in the table above are derived from IRS Forms 4340 (Certificate of Assessments, Payments, and Other Specified Matters), which are entitled to a presumption of correctness.  *United States v. Bettan*, 2020 WL 1989286, at *12 (E.D.N.Y. Apr. 27, 2020); *United States v. Lavi*, 2004 WL 2482323, at *4 (E.D.N.Y. Sept. 23, 2004); *United States v. Evseroff*, 2001 WL 1571881, at *4 (E.D.N.Y. Nov. 6, 2001).  However, the Forms 4340 only set forth the taxes, interest, and penalties that have been assessed, and additional interest and penalties may accrue after assessment.  *See* Internal Revenue Manual § 3.17.243.9 ("The Form 4340 (NMF) reflects an assessment and any subsequent transactions to the assessment and may not represent the entire liability for a particular tax period."); Internal Revenue Manual § 35.3.23.4 ("The Form 4340 transcript may show a zero tax balance while there is still outstanding tax liability because it does not reflect unassessed interest accruals.  The Service is not required to make a separate assessment of interest on an assessed underlying tax liability in order to collect that interest, and the Service usually allows interest to accrue

5

unassessed until paid."). *See also Ghandour v. United States*, 37 Fed. Cl. 121, 125-26, *aff'd*, 132 F.3d 52 (Fed. Cir. 1997) ("[A] Certificate of Assessments [Form 4340]…is indicative of *assessments* actually made by the IRS….Thus, we find that the [Form 4340] does not reflect interest which, though accrued, has not been assessed.").

The Declaration of Andrew Barone sets forth the balances due as of September 23, 2020, and includes all statutory additions that accrued after assessment as of that date.

The IRS also gave Chaim Lax (when he was alive) and the Defendants Lax and Schwartz (after Chaim Lax died) required notice of the assessments and demands for payment. The Internal Revenue Code requires that, within 60 days after assessment, the IRS give taxpayers notice of assessment and demand for payment. *See* 26 U.S.C. § 6303(a). The Forms 4340 create a presumption that the required notices of assessment were given and demands for payment made. *Evseroff*, 2001 WL 1571881, at *4.

      **C.**    **Defendants Schwartz's Affirmative Defenses Raised in Her Answer Do Not Prevent Entry of Partial Summary Judgment in the United States' Favor.**

In her Answer, Defendant Zlaty Schwartz raises two affirmative defenses that do not prevent granting of partial summary judgment on Count I. In her first affirmative defense, with respect to the Estate's federal estate tax liability, Schwartz alleges that a Form 706 federal estate tax form was prepared with the assistance of counsel, reflecting no estate tax owed, and that petitions were filed in U.S. Tax Court challenging the IRS's proposed assessments after an examination of the return. *See* Docket No. 122, at p. 42. However, Schwartz's allegations fail to recognize that she and Moshe Lax signed a Form 890 on behalf of the Estate consenting to the immediate assessment of $4,456,718 in federal estate tax. With respect to Chaim Lax's federal income tax liabilities, Schwartz alleges that she "was entitled to rely upon the legal and accounting advice given to the Estate." *See* Docket No. 122, at p. 42. However, Schwartz's

6

defense relies on *Little v. Comm'r*, 113 T.C. 474 (1999), which is irrelevant to Count I because that case concerns executor liability under 31 U.S.C. 3713 and Count I simply seeks to reduce federal tax liabilities to judgment against Defendants Moshe Lax and Zlaty Schwartz in their capacity as Executors of the Chaim Lax Estate.

Schwartz's seventh affirmative defense also fails to prevent entry of summary judgment on Count I.  Schwartz alleges that (1) "[a]ny alleged unpaid liabilities to the [IRS] were assessed as a result of negotiated dispositions after it became clear that the estate was insolvent," (2) "[t]hese liabilities were not actually due and owing, but were resolved because the estate lacked the assets to contest these liabilities," and (3) "Schwartz, therefore, has the right and hereby does contest these liabilities for purposes of this proceeding."  *See* Docket No. 122, at p. 145.  Schwartz's affirmative defenses fails for several reasons.  First, signed Forms 870 and 890 were provided to the IRS consenting to the immediate assessment of federal income tax liabilities for years 2002-04, 2006, and 2007.  And second, Schwartz provides no basis for contesting those liabilities in a manner that would overcome the presumption of correctness associated with the assessments and payments shown on the Forms 4340.

Therefore, the two affirmative defenses raised in Defendant Schwartz's Answer should not prevent entry of partial summary judgment in the United States' favor with respect to Count I.

## CONCLUSION

For all of the reasons set forth above, the Court should grant partial summary judgment in favor of the United States on its Count I.

DATED: December 11, 2020

RICHARD E. ZUCKERMAN
Principal Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Philip L. Bednar*

KARI M. LARSON
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
P.O. Box 403
Washington, D.C. 20044
P: 202-616-3822
F: 202-307-2504
Kari.M.Larson@usdoj.gov

PHILIP L. BEDNAR
STEPHANIE W. CHERNOFF
ALI GADELHAK
SAMUEL P. JONES
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
P: 202-307-6415 (plb), 202-307-2251 (swc), 202-307-0854 (ag), 202-616-9085 (spj)
F: 202-514-5238 (plb, swc, ag, spj)
Philip.L.Bednar@usdoj.gov
Stephanie.W.Chernoff@usdoj.gov
Ali.Gadelhak@usdoj.gov
Samuel.P.Jones@usdoj.gov
Counsel for Plaintiff United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

*/s/ Philip L. Bednar*
PHILIP L. BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
