UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA, :

                *Plaintiff*, :

    v. :

MOSHE LAX, individually, as an executor of :
the Chaim Lax Estate, as a trustee of the Chaim
Lax Family Trust, and as a trustee of the GAMA :
Trust; ZLATY SCHWARTZ, individually, as
executor of the Chaim Lax Estate, as trustee of :
the Chaim Lax Family Trust, and as a trustee of
the GAMA Trust; SHAINDY LAX; JUDITH :
LAX; J.L., a minor, 299 HEWES STREET
REALTY CORP; 307 HEWES STREET :
REALTY CORP; JBAM REALTY LLC, a/k/a
JBAM REALTY 2 LLC; BEN ZION :
JACOBWITZ; TOBY JACOBWITZ; SL
HOLDINGS I, LLC; SL HOLDINGS II, LLC; :
SL HOLDINGS III, LLC; SL HOLDINGS IV,
LLC; SL HOLDINGS V, LLC; DIAMOND
DYNAMICS LLC; KGK JEWELRY LLC; :
CONGREGATION BAIS YEHUDAH
D'GANITCH; LX HOLDINGS LLC; MORRIS :
SCHLAGER; GITTY SCHLAGER; JOSEPH
GREEN; HANNAH GREEN; HENNY :
GREEN; and HERSHI GREEN,

            :
          *Defendants*.
            :
---------------------------------------------------------------x

No. 1:18-cv-04061-ILG-PK

Dist. Judge I. Leo Glasser

Mag. Judge Peggy Kuo

## DECLARATION OF JUDITH LAX IN OPPOSITION TO PLAINTIFF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Judith Lax, pursuant to 28 U.S.C. §1746, declare as follows:

1.     I am a defendant herein and I submit this Declaration in opposition to the motion of plaintiff United States of America for partial summary judgment.

2.     I am the widow of Chaim Lax, the man whose income and estate taxes the Internal Revenue Service (IRS) is seeking to collect herein.

3. Chaim Lax and I were married on July 9, 2000. We had a son, Joseph, who was born on February 25, 2002. Chaim and I remained married until Chaim died on November 3, 2008.

4. Our son Joseph also is named as a defendant herein. He is referred to in the caption as "J.L., a minor" because he was a minor at the time of the filing of this action.

5. The IRS demands judgment against Joseph and me for the proceeds of a life insurance policy which we received as the result of Chaim's death.

6. The IRS argues that, because the policy was owned by Chaim at the time of his death, the proceeds of the policy can be seized in order to pay estate taxes owed by Chaim's estate.

7. The IRS audited the income tax returns which Chaim and I filed jointly for various years and assessed additional taxes, which it seeks to collect herein.

8. I was not involved in Chaim's business or in the preparation of those tax returns and I applied for and obtained innocent spouse status. A copy of the document establishing my innocent spouse status is annexed hereto as Exhibit A.

9. Accordingly, I have no obligation to pay the income taxes which are at issue herein and the claim against me relates solely to the payment of estate taxes allegedly owed by Chaim's estate.

10. Chaim named the two children of his first marriage, Moshe Lax and Zlaty Schwartz, as the executors of his estate. I have had no involvement in the administration of his estate and, specifically, I was not involved in the process by which the IRS assessed estate taxes.

11. It is my understanding that Chaim's estate had significant real estate holdings which declined precipitously in value at and around the time of his death due to the financial crisis of 2008.

12. The decline was such that, I believe, the estate was insolvent and lacked sufficient assets to pay the tens of millions of dollars of income taxes which the IRS had assessed.

13. Accordingly, the estate being insolvent, no estate tax should have been assessed.

14. The IRS, however, took the position that the estate had significant value and it assessed millions of dollars in estate tax.

15. The Executors, confronted with a situation where the estate (a) lacked the assets to pay the income taxes which had already been assessed, and also (b) had no assets with which to pay counsel and accounting experts in order to resist the IRS's assessment of estate tax, acquiesced in the IRS's estate tax assessment.

16. I was not informed of the estate tax assessment, nor was I asked to sign off on it.

17. If asked, I would not have signed off because my interests are not aligned with the interests of, and were not protected by, the executors.

18. The executors had no reason to be concerned about the amount of the estate tax assessment. The estate already was under water and was not going to be able to pay the income taxes which had been assessed.

19. It made no difference to the executors if estate taxes – which could never be paid anyway – were piled on top of that.

20. It did, however, make a difference to me. As noted, I have innocent spouse status and am not liable for Chaim's income taxes.

21. It is only because estate taxes purportedly are owed that the IRS can come after the life insurance proceeds I received.

22. I respectfully submit that I should not be bound by the executors' acquiescence in an estate tax assessment which lacks merit.

23. My lawyer intends to show at the trial of this action that the estate's assets were not worth anything close to the valuations applied by the IRS and that the estate owes nothing in estate taxes.

24. We have, however, not yet had the opportunity to take depositions and obtain a complete picture of the valuation and assessment process.

25. At this juncture, I am not able to present the evidence to show why the estate tax assessment is invalid and I respectfully request that the motion for partial summary judgment be denied so that my lawyer can complete the discovery process and present my case properly.

Dated: Brooklyn, New York
January 10, 2021

_____
Judith Lax

4

# EXHIBIT A

Internal Revenue Service
Office of Appeals
PO Box 12632
Stop 27-F
Covington, KY  41012-0632

Date: MAY 14 2013

JUDITH STEIF
301 HEWES ST
BROOKLYN  NY  11211

Department of the Treasury

Person to Contact:
Cindy Peace
Employee ID Number: 196391
Tel:  859-669-5424
Fax: 859-669-2283
Refer Reply to:
AP:CO:FLO:CEP
Social Security Number:
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
In Re:
Income: Innocent Spouse Claim
Tax Period(s) Ended:
12/ 2002  12/2003  12/2004

Dear Ms. Steif:

The agreement we reached has been approved and we will complete our processing of your case.

You will not receive any other notice of the allowance of your request for innocent spouse relief since you signed Form 870-IS, Waiver of Collection Restrictions in Innocent Spouse Cases.

Enclosed is a copy of the executed waiver for your records.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Robert Martin
Appeals Team Manager Area 10
Team 2

Enclosures:
Form 870-IS

Confidential: Subject to Protective Order in
United States v. Moshe Lax, et al., Case No. 1:18-cv-04061

JL000126

| Form 870-IS (January 2009) | Department of the Treasury - Internal Revenue Service **Waiver of Collection Restrictions in Innocent Spouse Cases** | Date Received by Internal Revenue Service |
|---|---|---|

| Your name and address (Number, Street, City or Town, State, ZIP Code) | Your Social Security Number |
|---|---|
| JUDITH STEIF<br>301 HEWES ST<br>BROOKLYN  NY  11211 | 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<br>Your Spouse or Ex-Spouse's Social Security Number<br>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 |

### Decrease in Assessed Tax and Penalties

| Tax Year Ended | Relief Provision | Tax | Penalties 6651 | Penalties 6652 |
|---|---|---|---|---|
| 12/31/2002 | IRC 6015C | $6,277,961.00 | | $1,255,592.20 |
| 12/31/2003 | IRC 6015C | $7,802,857.00 | | $1,560,571.40 |
| 12/31/2004 | IRC 6015C | $6,052,688.00 | $315,972.65 | $1,210,537.60 |

RECEIVED
APPEALS OFFICE
APR 29 2013
INTERNAL REVENUE SERVICE
COVINGTON, KY

**Other Information:**

We have relieved you of responsibility for the taxes and penalties listed above and for the related unassessed additions to the tax including penalties and interest.

**SEE INSTRUCTIONS ON REVERSE BEFORE SIGNING**

### Consent to Collect

I agree to waive the collection restrictions in IRC section 6015(e)(1)(B), if applicable, on any remaining amounts due (including taxes, penalties and interest under the law) after the relief listed above is given. By signing this waiver, I agree with the Service's determination as to relief and do not intend to petition the Tax Court.

| Your Signature | [signed] | Date 4/22/13 |
|---|---|---|
| Your Representative's Signature Here | | Date |

| For Internal Revenue Use Only | Date Accepted for Commissioner 5/2/13 | Signature [signed] |
| | Office Florence | Title Appeals Team Manager |

Catalog No. 35518X    (See Reverse Side)    Form 870-IS (Rev. 1-2009)

Confidential: Subject to Protective Order in
United States v. Moshe Lax, et al., Case No. 1:18-cv-04061

JL000127