UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,  :

                *Plaintiff*,  :  No. 1:18-cv-04061-ILG-PK

                                        :  Dist. Judge I. Leo Glasser

        v.  :

                                          :  Mag. Judge Peggy Kuo

MOSHE LAX, individually, as an executor of  :
the Chaim Lax Estate, as a trustee of the Chaim
Lax Family Trust, and as a trustee of the GAMA  :
Trust; ZLATY SCHWARTZ, individually, as
executor of the Chaim Lax Estate, as trustee of  :
the Chaim Lax Family Trust, and as a trustee of
the GAMA Trust; SHAINDY LAX; JUDITH  :
LAX; J.L., a minor, 299 HEWES STREET
REALTY CORP; 307 HEWES STREET  :
REALTY CORP; JBAM REALTY LLC, a/k/a
JBAM REALTY 2 LLC; BEN ZION  :
JACOBWITZ; TOBY JACOBWITZ; SL
HOLDINGS I, LLC; SL HOLDINGS II, LLC;  :
SL HOLDINGS III, LLC; SL HOLDINGS IV,  :
LLC; SL HOLDINGS V, LLC; DIAMOND
DYNAMICS LLC; KGK JEWELRY LLC;  :
CONGREGATION BAIS YEHUDAH
D'GANITCH; LX HOLDINGS LLC; MORRIS  :
SCHLAGER; GITTY SCHLAGER; JOSEPH
GREEN; HANNAH GREEN; HENNY  :
GREEN; and HERSHI GREEN,

                *Defendants*.
                                         :
---------------------------------------------------------------x

## DECLARATION OF PAUL T. SHOEMAKER IN OPPOSITION TO PLAINTIFF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

        I, Paul T. Shoemaker, pursuant to 28 U.S.C. §1746, declare as follows:

        1.     I am a member of the Bars of the State of New York and of this Court, and I am a member of the firm of Greenfield Stein & Senior, LLP, attorneys for defendants Judith Lax and J.L., a Minor, herein. I submit this Declaration in opposition to the motion of plaintiff United States for partial summary judgment.

2. The motion seeks summary judgment on Count One of the Amended Complaint. Count One seeks to hold defendants Moshe Lax and Zlaty Schwartz liable for income and estate taxes allegedly owed by the decedent, Chaim Lax, and his estate, and demands entry of judgment against Moshe and Zlaty for those taxes.

3. The motion does not demand judgment against my clients, but the plaintiff has taken the position that the judgment will be binding on my clients and that my clients will have no right to question the judgment during the future course of these proceedings or at any time whatsoever.

4. The plaintiff intends to use the judgment it hopes to obtain against Moshe and Zlaty as a basis for precluding my clients from contesting the amount of estate tax due and owing from the estate of Chaim Lax.

5. The plaintiff contends that only the taxpayer himself or itself can contest an assessment of tax. As shown in the Memorandum of Law being submitted herewith, that contention is overbroad and erroneous. My clients are entitled to contest the assessment and they intend to do so fully and vigorously.

6. Our efforts to obtain the information necessary to contest the assessments have been stymied by the plaintiff's protracted delay and its insistence on completing the depositions it wishes to take before it will produce its witnesses for examination.

7. Counsel for other defendants and I have repeatedly indicated our need to take depositions of Internal Revenue Service (IRS) personnel and a discovery schedule has been set by the Magistrate Judge which provides for that. A copy of the current discovery schedule, which calls for discovery to end on September 10, 2021, is annexed hereto as Exhibit B.

8. Annexed hereto as Exhibit C is the parties' Joint Status Report Regarding Discovery dated July 21, 2020 (Docket No. 160), which shows on pages 4 – 6 the many witnesses whose depositions have been requested by the defendants.

9. At the present time, however, the IRS is still engaged in taking the depositions it wishes to take, and the IRS has not produced a single witness and no depositions have been conducted by the defendants.

10. Under these circumstances, a motion for summary judgment plainly is premature and must be denied.

11. The depositions are necessary and important to my clients because the IRS is pursuing them only for estate tax, not for income tax. Judith Lax is the widow of Chaim Lax and she has innocent spouse status, as set forth in Exhibit A to her Declaration. Accordingly, the IRS's only claim against my clients is for the proceeds of an insurance policy on Chaim Lax's life which, the IRS claims, it can seize and apply to the payment of estate taxes (only) because the policy was owned by Chaim Lax at the time of his death.

12. My clients have reason to believe, as set forth in the Declaration of Judith Lax, that the estate was insolvent at all times and that no estate tax should have been assessed. They further believe that Moshe and Zlaty did not oppose the IRS's estate tax assessment because the estate already was so far under water that it was not going to be able to pay the tens of millions of dollars in income taxes which the IRS had assessed.

13. Not only that, the estate lacked resources sufficient to enable Moshe and Zlaty to pay counsel and accounting experts to dispute the IRS's assessment. For these reasons, Moshe and Zlaty caved in and signed off on the IRS's bogus and inflated estate tax assessment.

14. The interests of my clients are not aligned with the interests of Moshe and Zlaty. My clients are very concerned about the accuracy of the estate tax assessment, whereas

Moshe and Zlaty are not. Accordingly, it would be patently unfair to bind my clients to an assessment to which Moshe and Zlaty agreed and to preclude my clients from questioning it. My clients asserted the invalidity of the estate tax assessment in their Answer herein (Docket No. 128 at page 37 (Eighth Affirmative Defense)).

15. It is my understanding that Zlaty will be contesting the IRS's tax assessments in connection with this motion. My clients join in, adopt, and hereby incorporate by reference the evidence and arguments advanced by Zlaty in opposition to the estate tax assessment.

16. In order to fully develop and present their case, however, my clients need the opportunity to conduct full and complete discovery.

17. To date, the IRS has produced documents, but not a single witness. I need to examine the IRS's agents and personnel who worked on this matter, particularly those responsible for the valuation and assessment work.

18. I need to question them about, among other things, whether their work was complete and reliable. What documents did they examine? What appraisals did they obtain? Would they now, with hindsight, agree that the appraisals were outdated and/or inaccurate? What additional appraisals or information would they want to have? Have all of the records which they examined been produced by the IRS? What analysis did they perform? What were the factors and thought processes that led them to conclude that the estate tax should be assessed in the amount set forth? Do they concede that their analysis was flawed in any way? What negotiations were conducted with the executors with regard to the estate tax assessment? Was there any back and forth about the amount of the estate tax assessment? Was it adjusted to take into account any concerns expressed by the executors? These and a host of other questions must be answered before I can be in a position to formulate and present our defense.

19. Among other things, I need this information so that I can prepare my expert to testify on behalf of my clients concerning the estate tax assessment. The motion for summary judgment thus is premature for two reasons: because (a) the IRS has not provided discovery and (b) the defendants have not had the opportunity to prepare expert testimony.

20. I respectfully request that the motion be denied and that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the defendants be permitted to conduct full and complete discovery.

Dated: New York, New York
January 11, 2021

*Paul T. Shoemaker*
Paul T. Shoemaker

# EXHIBIT B

## U.S. District Court

## Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 12/14/2020 at 5:09 PM EST and filed on 12/14/2020

**Case Name:**   United States of America v. Lax et al

**Case Number:**   1:18-cv-04061-ILG-PK

**Filer:**

**Document Number:** 190

**Docket Text:**
ORDER granting [189] Motion for Extension of Time to Complete Discovery. The deadline to certify the close of all discovery via ECF is extended to September 10, 2021. The deadline to request a pre-motion conference in anticipation of a dispositive motion is extended to September 17, 2021. The deadline to file a joint Proposed Pretrial Order is extended to October 22, 2021. The parties are directed to file a joint status report by March 12, 2021 certifying the close of fact discovery. Ordered by Magistrate Judge Peggy Kuo on 12/14/2020. (O'Neil-Berven, Ryan)

U.S. District Court

Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 12/9/2020 at 8:35 PM EST and filed on 12/9/2020

**Case Name:** United States of America v. Lax et al

**Case Number:** 1:18-cv-04061-ILG-PK

**Filer:**

**Document Number:** No document attached

**Docket Text:**
MINUTE ORDER: Telephone status conference held on October 23, 2020 before Magistrate Judge Peggy Kuo. Attorneys Kari Larson, Philip Bednar, Stephanie Chernoff, and Ali Gadelhak appeared on behalf of Plaintiff United States of America. Attorney Solomon Klein appeared on behalf of Defendants 299 Hewes Street Realty Corp and Morris Schlager, Gitty Schlager, Joseph Green, Hannah Green, Henry Green, and Hershi Green. Attorney Paul Shoemaker appeared on behalf of Defendants Judith Lax and J.L, a minor. Attorney James Mahon appeared on behalf of Zlaty Schwartz. Attorney Craig Penn appeared on behalf of 307 Hewes St. Realty Corp. Attorney Donald Pols appeared on behalf of Defendant JBAM Realty LLC. Attorney Doron Leiby appeared on behalf of Defendant KGK Jewelry LLC. Moshe Lax appeared *pro se*. Shaindy Lax, Ben Zion Jacobowitz, Tony Jacobowitz, and Intervenor Aron Lax did not appear.

Plaintiff United States' [185] Letter Motion to Expand the Number of Depositions to be Taken to 30 is GRANTED. Plaintiff agreed to specify the scope of the depositions when noticing them to allow each Defendant to decide whether to attend the deposition.

The close of fact discovery is extended to February 26, 2021. The parties are directed to submit a proposed revised scheduling order by December 14, 2020.

A Telephone Status Conference is scheduled for March 18, 2021 at 10:00 am. The parties are directed to call toll free (877) 336-1274 and input the Access Code 1453850 at the time of the Conference. No additional security code is needed. Once all parties are on the line, the call will be connected. (The parties are reminded that, pursuant to Local Civil Rule 1.8, they may not independently record any court proceedings. A transcript of the proceedings may be ordered from the Clerk's Office.) Ordered by Magistrate Judge Peggy Kuo. (FTR Log #10:02-10:35.) (Jochnowitz, David)

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              No. 1:18-cv-04061

MOSHE LAX, et, al.,

        Defendants.
----------------------------------------x

## JOINT STATUS REPORT REGARDING DISCOVERY

The United States submits this joint status report regarding discovery, as required by the Court's April 24, 2020 Minute Order. This report reflects input from the parties who provided responses to the following inquiries:

    1. *Discovery served since January 2020;*
    2. *Previously served incomplete discovery;*
    3. *Discovery to be served in the next 30 days;*
    4. *Depositions anticipated in next 90 days;*
    5. *Discovery-related motions in the next 60 days;*
    6. *Dispositive motions anticipated in the next 90 days;*
    7. *Any other matters needing the Court's attention.*

The information below includes input from the United States, Zlaty Schwartz, 299 Hewes Street Realty Corp., Morris Schlager, Gitty Schlager, Joseph Green, Hannah Green, Henny Green and Hershi Green. Shaindy Lax, Moshe Lax, Judith Lax, J.L. (a minor), JBAM, 307 Hewes Street Realty Corp., Ben Zion Jacobowitz, Tony Jacobowitz, and KGK Jewelry LLC responded but did not have anything to report. If a party that responded has no entry in a particular section of the report, nothing was submitted relating to that section.

I. Discovery Served since January 2020:

    A. Plaintiff United States

        1. Third Set of Requests for Documents Served on Zlaty Schwartz, February 14, 2020.

        2. Third Set of Requests for Documents Served on Moshe Lax, February 14, 2020.

        3. Second Set of Interrogatories and Document Requests on JBAM, January 30, 2020.

        4. Moshe Moskowicz

        5. GIA

        6. Meltzer Lippe

        7. Tiffany's

        8. Jacob Singer

        9. Morrison Cohen

        10. Gil Rubenstein

        11. Juda Rosenfeld

        12. Baruch Rosenfeld

    B. No other party has served discovery since January 1, 2020.

II. Discovery anticipated to be served in the next 30 days:

    A. Plaintiff United States

        1. Requests for Admissions and Interrogatories to Zlaty Schwartz, Shaindy Lax and Moshe Lax

        2. Subpoenas:

            a) Document subpoena to Issac Bar-Horin, a diamond appraiser

        b)    Additional document subpoenas to financial institutions

        c)    Individuals or witnesses identified as a result of ongoing discovery

**B.** By 299 Hewes Street Realty Corp., Morris Schlager, Gitty Schlager, Joseph Green, Hannah Green, Henny Green Hershi Green

    1.    Requests for Admissions and Interrogatories

**III. Previously served discovery with incomplete responses:**

  **A. Plaintiff United States**

    1. Document requests to Defendant Zlaty Schwartz: response incomplete, no privilege logs produced;

    2. Document requests to Defendant Moshe Lax: response incomplete, no privilege logs produced;

    3. Written discovery served on JBAM; response date extended during settlement discussions.

    4. Subpoenas:

        a) Joel/Yoel Schwartz (husband of defendant Zlaty Schwartz), 9/19/19, incomplete, no privilege log produced;

        b) Martin Ehrenfeld; 11/14/19, remains outstanding. Counsel for the United States contacted Ehrenfeld by telephone and email regarding the subpoena during the week of July 13, 2020 and did not receive a response.;

        c) Moshe Moskowitz, remains outstanding;

        d) Meltzer, Lippe, Goldstein & Breitstone, LLP, 1/14/2020, remains outstanding

        e) Jacob Singer, 3/2/20, remains outstanding

    f) Morrison Cohen, 4/6/20, remains outstanding

IV. **Depositions Anticipated within the next 90 Days**

 A. **Plaintiff United States**

  1. Isaac Bar-Horin;

  2. Zlaty Schwartz;

  3. Moshe Lax

  4. Joel Schwartz;

  5. Martin Ehrenfeld;

  6. Joseph Katz;

  7. Moshe Moskowicz

 B. **Defendant Zlaty Schwartz**

  1. IRS Examining Officers/ Attorneys:

   a. Terrence H. Fraser

   b. Kathryn Houtchens

   c. Jay Stending

   d. Mark Sheridan

   e. Brent Robertson

   f. Richard Saul

   g. Robert Washington

   h. Anita M. Babb

   i. Faiza Vardag-Muzeffar

   j. Elaine Holder

   k. Diana Ditzan

   l. Wes Scott

4

  m. Terry Stylianou

  n. M. Macgillivary

2. IRS Appeals Officers:

  a. Gerald Fitzgerald

  b. William Barthel

3. IRS Office Chief Counsel Attorney

  a. Margaret Burow

4. Estate Attorneys

  a. Marylee A. Roberts

  b. Janet L. Rice

5. Meltzer Lippe Attorneys:

  a. Joseph Katz

  b. John P. Proszak

  c. Richard Reichler

  d. Diana P. Hinton

6. Estate Audit Attorneys:

  a. Gerard Virga

  b. Steven R. Finkelstein

  c. Allen R. Dorkin

  d. Howard L. Drescher

  e. Alvin M. Cheslow.

7. Individuals from JBAM Realty, LLC:

  a. Joseph Brunner

    b. Abraham Mandel

 8. CPA, Abraham Fisch

 9. CPA, Abraham Fasten

 10. CPA, Jefferey S. Feinman

 11. Moshe Lax

 12. Yitzchok Hager

 13. Moses Green

 14. Martin E. Kofman, Esq.

 15. Allan Lebovits

 16. Mair Jacob Bernat

  C. No other party has specifically identified witnesses, but all parties reserve the right to participate in any depositions.

V. **Discovery-related motions anticipated in the next 60 days:**

  A. **Plaintiff United States**

Productions have been voluminous, and document review is ongoing. The following anticipated discovery motions reflect the status of our review as of July 21, 2020. The government may need to file additional discovery motions not described below.

    1. Potential motion to compel responses to United States' document requests served on defendant Zlaty Schwartz. Schwartz initially failed to produce any email communications. Schwartz later produced limited emails as a single 300+ page pdf. We have requested that these be produced in the manner in which they are kept; Schwartz has ignored these requests. Further, discovery received from other parties indicates that far more responsive materials exist, including many emails relating to Mrs.

Schwartz's role in Estate administration. These emails suggest that Mrs. Schwartz should have hard copy and/or electronic documents other than emails, and many more emails than have been produced. Discussions are ongoing.

2. Potential motion to compel responses to the United States' subpoena served on Joel Schwartz. Schwartz has produced only minimal responses. Discovery received from other parties indicates that substantially more materials exist.

3. Potential renewed motion to compel responses to United States' First and Second Sets of Document Requests served on Moshe Lax. Moshe Lax has withheld thousands of documents as potentially privileged, based on the application of searches and filters that have not been disclosed to the United States. As of July 21, 2020, Moshe Lax has not provided any privilege log. At its own expense, the United States has engaged an outside vendor to upload the files and help facilitate Moshe Lax's privilege review. The United States and Lax entered into a stipulation April 22, 2020, setting forth a procedure and timeline whereby Lax would complete his review and either assert privilege via a privilege log or produce non-privileged documents. Lax agreed to review and produce logs/documents on June 27 (extended to July 10) and July 21, 2020. Should these matters not be resolved before the July 28th status conference, the United States will raise this with the Court.

7

4. Potential motions to compel or renewed motions to compel responses to United States' discovery requests served on certain third parties—Martin Ehernfeld and possibly Moshe Moskowicz. On May 13, 2020, the Court ordered Ehrenfeld to produce the *Kovell* agreements or information as to why such information is inaccessible by May 27, 2020. The Court further directed Ehrenfeld to produce a privilege log, or the subpoenaed documents, by June 30, 2020. On June 22, 2020, Ehrenfeld provided Plaintiff's counsel with a screenshot of a text message conversation between him and an attorney at the law firm Morrison Cohen. According to Ehrenfeld, the text message conversation confirms that Morrison Cohen is not in possession of any relevant *Kovell* agreements. Counsel for the United States has contacted Ehrenfeld numerous times to inquire as to the status of production. Most recently, counsel for the United States contacted Ehrenfeld by telephone and email during the week of July 13, 2020. As of the date of this report, Ehrenfeld has not produced a privilege log or documents. While the return date of the Moskowicz subpoena is August 31, 2020, he has previously refused to speak with us. On July 9, 2020, the Court recently allowed the United States to serve Moskowicz by electronic mail and first class mail. He was served on July 13, 2020. While he may comply with the subpoena without Court involvement, that remains an open question. Both Ehernfeld and Moskowicz worked closely with Moshe Lax, assisting with a variety of property transfers at issue in this litigation.

5. Potential motions for protective orders regarding deposition of IRS employees and Chief Counsel Attorneys. None of these individuals were identified in Mrs. Schwartz's initial disclosures. Apart from authenticating documents and testifying regarding unpaid federal tax account balances, there is no claim or defense for which an IRS employee's testimony would have any bearing.

## VI. Dispositive Motions Anticipated Within the Next 90 Days

### A. Plaintiff United States

1. Partial Summary Judgment regarding Count 1, Reduce Estate's Tax Liabilities to Judgment. The United States anticipates seeking partial summary judgment to reduce the Estate's federal tax liabilities to judgment. All of the liabilities were either agreed pursuant to stipulated judgments in Tax Court or by way of agreements whereby the executors agreed to the assessments. This normally could be resolved by stipulation, but under New York law and the will terms, both executors must consent to the judgment. *See In re Schwartz' Will*, 2 Misc.2d 542, 544, 149 N.Y.S.2d 638, 640 (Sur. Ct. 1956) ("In the absence of an express direction in the will for mutual consent of co-executors respecting the administration of an estate the law will not imply such a requirement."). Only one executor is represented—Zlaty Schwartz. Moshe Lax is appearing *pro se*, and accordingly cannot stipulate or consent to judgment on behalf of any entity. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that executor of estate may not proceed pro se when estate has beneficiaries or creditors other than the litigant).

    2.    Partial Summary Judgment against Zlaty Schwartz, Shaindy Lax and Moshe Lax regarding Counts 2, 3, 4, 6, 7 and 8.

    3.    Motion for entry of stipulated judgment pertaining to Moshe Lax's personal liabilities. The United States and Moshe Lax have been discussing entry of a stipulated judgment regarding Counts 2, 3, 5-10. These discussions remain ongoing.

    **B.**    **Defendant Zlaty Schwartz**

        1.    Dispositive motion on the Government's second, fourth and sixth causes of action within the next 90 days.

**VII.**    **Any other Matters Requiring the Court's Attention**

    Nothing reported.

//

//

//

//

//

//

//

//

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Kari M. Larson
KARI M. LARSON
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
P.O. Box 403
Washington, D.C. 20044
202-616-3822 (v)
202-307-2504 (f)
Kari.M.Larson@usdoj.gov

PHILIP L. BEDNAR
STEPHANIE.W.CHERNOFF
ALI GADELHAK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415
202-305-2165
202-307-0854
Philip.L.Bednar@usdoj.gov
Stephanie.W.Chernoff@usdoj.gov
Ali.Gadelhak@usdoj.gov