UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA,                          :

                     *Plaintiff,*          :

              v.                          :

MOSHE LAX, individually, as an executor of : 
the Chaim Lax Estate, as a trustee of the Chaim 
Lax Family Trust, and as a trustee of the GAMA : 
Trust; ZLATY SCHWARTZ, individually, as 
executor of the Chaim Lax Estate, as trustee of : 
the Chaim Lax Family Trust, and as a trustee of 
the GAMA Trust; SHAINDY LAX; JUDITH : 
LAX; J.L., a minor, 299 HEWES STREET 
REALTY CORP; 307 HEWES STREET : 
REALTY CORP; JBAM REALTY LLC, a/k/a 
JBAM REALTY 2 LLC; BEN ZION : 
JACOBWITZ; TOBY JACOBWITZ; SL 
HOLDINGS I, LLC; SL HOLDINGS II, LLC; : 
SL HOLDINGS III, LLC; SL HOLDINGS IV, : 
LLC; SL HOLDINGS V, LLC; DIAMOND 
DYNAMICS LLC; KGK JEWELRY LLC; : 
CONGREGATION BAIS YEHUDAH 
D'GANITCH; LX HOLDINGS LLC; MORRIS : 
SCHLAGER; GITTY SCHLAGER; JOSEPH 
GREEN; HANNAH GREEN; HENNY : 
GREEN; and HERSHI GREEN,

                           :

               *Defendants.*          :

                           :
---------------------------------------------------------------x

No. 1:18-cv-04061-ILG-PK

Dist. Judge I. Leo Glasser

Mag. Judge Peggy Kuo

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF UNITED STATES'
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COUNT I**

GREENFIELD STEIN & SENIOR, LLP
600 Third Avenue
New York, New York 10016
(212) 818-9600
Paul T. Shoemaker
(A Member of the Firm)
pshoemaker@gss-law.com

*Attorneys for Defendants
Judith Lax and J.L., a Minor*

-i-

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

FACTUAL AND PROCEDURAL BACKGROUND.................................................................2

POINT I          JUDITH AND J.L. HAVE THE RIGHT
                 TO CHALLENGE THE ESTATE TAX ASSESSMENT..........................5

POINT II         SUMMARY JUDGMENT SHOULD BE DENIED
                 BECAUSE DISCOVERY HAS NOT BEEN COMPLETED.....................7

CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page(s)**

*Ass'n of Car Wash Owners, Inc. v. City of New York*,
  911 F.3d 74 (2d Cir. 2018)...............................................................................................................8

*CenTra, Inc.* v. *Estrin*,
  538 F.3d 402, 420 (6th Cir. 2008) ..................................................................................................8

*Hellstrom* v. *U.S. Dep't of Veterans Affairs*,
  201 F.3d 94, 97 (2d Cir. 2000)........................................................................................................8

*Herrmann v. United States*,
  127 Fed. Cl. 22, 34 (Ct. Claims 2016) ...........................................................................................9

*Jones* v. *Blanas*,
  393 F.3d 918, 930 (9th Cir. 2004) ..................................................................................................9

*Meloff* v. *N.Y. Life Ins. Co.*,
  51 F.3d 372, 374-75 (2d Cir. 1995) ................................................................................................8

*Nat'l Life Ins. Co.* v. *Solomon*,
  529 F.2d 59, 61 (2d Cir. 1975)....................................................................................................7, 8

*PHC, Inc. S'holder Litig.*,
  762 F.3d 138, 145 (1st Cir. 2014)...................................................................................................9

*Smith* v. *OSF HealthCare Sys.*,
  933 F.3d 859, 866 (7th Cir. 2019) ..................................................................................................7

*Sutera* v. *Schering Corp.*,
  73 F.3d 13, 18 (2d Cir. 1995)..........................................................................................................8

*Wichita Falls Office Assocs.* v. *Banc One Corp.*,
  978 F.2d 915, 920 (5th Cir. 1992) ..................................................................................................9

**Other Authorities**

26 U.S.C. § 6902.........................................................................................................................5

26 U.S.C. § 6324(a)(2).................................................................................................................5

Rule 56(d) of the Federal Rules of Civil Procedure ...............................................................5, 7, 9

Mertens, Law of Federal Income Taxation ("Mertens") ........................................................5, 6, 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA,            :

              *Plaintiff,*      :

           v.            :

MOSHE LAX, individually, as an executor of :
the Chaim Lax Estate, as a trustee of the Chaim
Lax Family Trust, and as a trustee of the GAMA :
Trust; ZLATY SCHWARTZ, individually, as
executor of the Chaim Lax Estate, as trustee of :
the Chaim Lax Family Trust, and as a trustee of
the GAMA Trust; SHAINDY LAX; JUDITH :
LAX; J.L., a minor, 299 HEWES STREET
REALTY CORP; 307 HEWES STREET :
REALTY CORP; JBAM REALTY LLC, a/k/a
JBAM REALTY 2 LLC; BEN ZION :
JACOBWITZ; TOBY JACOBWITZ; SL
HOLDINGS I, LLC; SL HOLDINGS II, LLC; :
SL HOLDINGS III, LLC; SL HOLDINGS IV, :
LLC; SL HOLDINGS V, LLC; DIAMOND
DYNAMICS LLC; KGK JEWELRY LLC; :
CONGREGATION BAIS YEHUDAH
D'GANITCH; LX HOLDINGS LLC; MORRIS :
SCHLAGER; GITTY SCHLAGER; JOSEPH
GREEN; HANNAH GREEN; HENNY :
GREEN; and HERSHI GREEN,

                        :

           *Defendants.*

                        :

---------------------------------------------------------------x

No. 1:18-cv-04061-ILG-PK

Dist. Judge I. Leo Glasser

Mag. Judge Peggy Kuo

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF UNITED STATES'
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COUNT I**

This Memorandum is submitted by defendants Judith Lax ("Judith") and J.L., a

minor ("J.L.") in opposition to Plaintiff's motion for partial summary judgment on Count I of the

Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Count One seeks to hold defendants Moshe Lax and Zlaty Schwartz liable for income and estate taxes allegedly owed by the decedent, Chaim Lax, and his estate, and demands entry of judgment against Moshe and Zlaty for those taxes.

The motion does not demand judgment against Judith and J.L., but the Plaintiff ("IRS") has taken the position that the judgment will be binding on Judith and J.L. and that they will have no right to question the judgment during the future course of these proceedings or at any time whatsoever.

The IRS intends to use the judgment it hopes to obtain against Moshe and Zlaty as a basis for precluding Judith and J.L. from contesting the amount of estate tax due and owing from the estate of Chaim Lax.

The IRS contends that only the taxpayer himself or itself can contest an assessment of tax.  That contention is overbroad and erroneous. Judith and J.L. are entitled to contest the assessment and they intend to do so fully and vigorously.

Their efforts to obtain the information necessary to contest the assessments have been stymied by the IRS's protracted delay and its insistence on completing the depositions it wishes to take before it will produce its witnesses for examination.

Counsel for all defendants have repeatedly indicated the need to take depositions of IRS personnel and a discovery schedule has been set by the Magistrate Judge which provides for that. A copy of the current discovery schedule, which calls for discovery to end on September 10, 2021, is annexed to the Declaration of Paul T. Shoemaker as Exhibit B.

Exhibit C to the Declaration is the parties' Joint Status Report Regarding Discovery dated July 21, 2020 (Docket No. 160), which shows on pages  4 – 6 the many witnesses whose depositions have been requested by the defendants.

2

At the present time, however, the IRS is still engaged in taking the depositions it wishes to take, and the IRS has not produced a single witness and no depositions have been conducted by the defendants.

Under these circumstances, a motion for summary judgment plainly is premature and must be denied.

The depositions are necessary and important to Judith and J.L. because the IRS is pursuing Judith and J.L. only for estate tax, not for income tax. Judith Lax is the widow of Chaim Lax and she has innocent spouse status, as set forth in Exhibit A to her Declaration. Accordingly, the IRS's only claim against Judith and J.L. is for the proceeds of an insurance policy on Chaim Lax's life which, the IRS claims, it can seize and apply to the payment of estate taxes (only) because the policy was owned by Chaim Lax at the time of his death.

Judith and J.L. have reason to believe, as set forth in the Declaration of Judith Lax, that the estate was insolvent at all times and that no estate tax should have been assessed. They further believe that Moshe and Zlaty did not oppose the IRS's estate tax assessment because the estate already was so far under water that it was not going to be able to pay the tens of millions of dollars in income taxes which the IRS had assessed, and because Zlaty may not have been fully informed of, and permitted to participate in, the assessment process.

Not only that, the estate lacked resources sufficient to enable Moshe and Zlaty to pay counsel and accounting experts to dispute the IRS's assessment. For these reasons, Moshe and Zlaty caved in and signed off on the IRS's bogus and inflated estate tax assessment.

The interests of Judith and J.L. are not aligned with the interests of Moshe and Zlaty. Judith and J.L. are very concerned about the accuracy of the estate tax assessment, whereas Moshe and Zlaty are not. Accordingly, it would be patently unfair to bind Judith and J.L. to an assessment to which Moshe and Zlaty agreed and to preclude Judith and J.L. from

3

questioning it. Judith and J.L. asserted the invalidity of the estate tax assessment in their Answer herein (Eighth Affirmative Defense, p. 37).

Counsel for Zlaty has advised that he will be contesting the IRS's tax assessments in connection with this motion. Judith and J.L. join in, adopt, and hereby incorporate by reference the evidence and arguments advanced by Zlaty in opposition to the estate tax assessment.

In order to fully develop and present their case, however, Judith and J.L. need the opportunity to conduct full and complete discovery.

To date, the IRS has produced documents, but not a single witness. Judith and J.L. need to examine the IRS's agents and personnel who worked on this matter, particularly those responsible for the valuation and assessment work.

Judith and J.L. need to question them about, among other things, whether their work was complete and reliable. What documents did they examine? What appraisals did they obtain? Would they now, with hindsight, agree that the appraisals were outdated and/or inaccurate? What additional appraisals or information would they want to have? Have all of the records which they examined been produced by the IRS? What analysis did they perform? What were the factors and thought processes that led them to conclude that the estate tax should be assessed in the amount set forth? Do they concede that their analysis was flawed in any way? What negotiations were conducted with the executors with regard to the estate tax assessment? Was there any back and forth about the amount of the estate tax assessment? Was it adjusted to take into account any concerns expressed by the executors? These and a host of other questions must be answered before Judith and J.L. can be in a position to formulate and present their defense.

Among other things, they need this information so that their counsel can prepare an expert to testify on their behalf concerning the estate tax assessment. The motion for summary judgment thus is premature for two reasons:  because (a) the IRS has not provided discovery and (b) the defendants have not had the opportunity to prepare expert testimony.

The motion should be denied pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and the defendants should be permitted to conduct full and complete discovery.

## POINT I

### JUDITH AND J.L. HAVE THE RIGHT
### TO CHALLENGE THE ESTATE TAX ASSESSMENT

The IRS has sued Judith and J.L. under Section 6324(a)(2) of the Internal Revenue Code ("Code"). That section provides for transferee liability for a person who receives non-probate property which is included in a decedent's estate for estate tax purposes.  *See* Mertens, Law of Federal Income Taxation ("Mertens"), section 53:26.

A transferee is defined in the case law as a person who takes the property of another without full, fair and adequate consideration to the prejudice of the rights of creditors. Mertens, *supra*, at § 53:11. The term transferee includes donees, heirs, legatees, devisees, distributes, successors of a corporation, shareholders of a dissolved corporation, assignees or donees of insolvent persons, and parties to reorganizations. *Id*.

The IRS has taken the position that Judith and J.L. cannot question the IRS's assessment of estate tax, but that position plainly is without merit.

The law is clear that a transferee can rebut liability by showing the absence of tax liability on the part of the transferor – in the present case, the Estate of Chaim Lax. Mertens, *supra*, at § 53:47.

The Code (§ 6902) expressly provides that a transferee has the right to examine the transferor's records "to ascertain the liability of the taxpayer." Mertens, *supra*, at § 53:55

(quoting the Code) (emphasis added). Accordingly, Judith and J.L. are entitled to challenge the IRS's assessment of estate tax and to take discovery in support of that challenge.

The IRS has taken the position that persons other than the taxpayer cannot contest the assessment of tax due from the taxpayer. That position, however, ignores the plain language of the Code. Transferees are permitted to question and to challenge the assessment.

The IRS is deliberately attempting to mislead Judith and J.L. As transferees, they have every right to contest the estate tax assessment. The IRS has cited cases where persons other than transferees were precluded from challenging tax assessments, but those cases are readily distinguishable.

The person in control of a garage in which a taxpayer's car is parked cannot, in the face of a levy, challenge the assessment of tax and refuse to turn over the car. A bank with a safe deposit box holding the taxpayer's jewelry cannot refuse access on the grounds that it wants to challenge the tax assessment. Those are the types of situations in which the courts have made the broad assertion that a third party cannot challenge the tax assessment underlying the IRS's lien.

Transferees are, however, in a different category and are entitled to challenge the assessment in the ordinary case. Unlike a garage owner vis-à-vis the cars parked in the garage or a bank vis-à-vis the contents of a safe deposit box, transferees assert and exercise title to and dominion over the property in question. Here, the proceeds of the life insurance policy were paid over to Judith and J.L. and became their property. Before the IRS can take it, they are entitled to exercise their rights under the Code and defend themselves.

The IRS may argue that their rights are cut off by the fact that the Executors signed a stipulation agreeing to the estate tax assessment. But that argument also is plainly without merit.

A transferee may be barred from challenging a prior determination of the transferor's tax liability only if there was a judicial determination of the tax liability such that the doctrine of res judicata is applicable. Mertens, *supra*, at § 53:31. Here, there has been no judicial determination concerning the estate tax assessment, and the IRS cannot invoke res judicata to block Judith and J.L.'s challenge to the estate tax assessment. A mere stipulation, not incorporated into a judgment of a court, is not entitled to res judicata effect. *See*, *e.g.*, Mertens, *supra*, at § 60:33 (key element of res judicata is final judgment on the merits in prior proceeding).

## POINT II

### SUMMARY JUDGMENT SHOULD BE DENIED
### BECAUSE DISCOVERY HAS NOT BEEN COMPLETED

Rule 56(d) of the Federal Rules of Civil Procedure provides that, in connection with a motion for summary judgment:

> (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

The case law precedents under Rule 56(d) "emphasize the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against her." *Smith* v. *OSF HealthCare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019).

It has been recognized that summary judgment is a "drastic device" which should not be granted when there are major factual contentions in dispute, particularly where one party has yet to exercise its opportunities for pretrial discovery. *See Nat'l Life Ins. Co.* v. *Solomon*, 529

F.2d 59, 61 (2d Cir. 1975).

"[S]ummary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Hellstrom* v. *U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citation and internal quotations and editing omitted).

The Court of Appeals has instructed that: "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Id*. (citations omitted).

In *Sutera* v. *Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995), the Court of Appeals vacated a grant of summary judgment by the district court where summary judgment was entered before any discovery had taken place which precluded the nonmoving party from having a full and fair opportunity to respond to the movant's claims.

These principles were reaffirmed recently in the case of *Ass'n of Car Wash Owners, Inc. v. City of New York*, 911 F.3d 74 (2d Cir. 2018), where the Court of Appeals (William F. Kuntz II, District Judge, sitting by designation) vacated the district court's grant of partial summary judgment. Judge Kuntz noted that, in the case under consideration, the nonmoving party had filed a declaration stating why discovery was necessary to fully refute the plaintiffs' claims. 911 F.3d at 84. Likewise here, Judith and J.L. have filed a declaration of counsel stating why discovery is necessary to refute the IRS's claims. *See also Meloff* v. *N.Y. Life Ins. Co.*, 51 F.3d 372, 374-75 (2d Cir. 1995) (finding the district court was "over-hasty in granting [summary] judgment and vacating the district court's order where the nonmovant filed an affidavit pointing out the need for further discovery in opposing the motion).

These principles are followed throughout the country. *See*, *e.g.*, *CenTra, Inc.* v. *Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (vacating summary judgment as premature where

8

plaintiff was denied any opportunity for discovery on material issues); *Wichita Falls Office Assocs.* v. *Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) (reversing denial of Rule 56(d) motion: "when a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery."); *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 145 (1st Cir. 2014) (premature for district court to consider summary judgment in light of plaintiffs' Rule 56[d] motion when pending discovery requests were not yet answered); *Jones* v. *Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (noting that summary judgment is disfavored if discovery is incomplete: "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim").

As set forth in the declaration of Paul T. Shoemaker, submitted herewith ("Shoemaker Declaration"), the defendants' discovery demands in the present case have not been complied with. The parties' Joint Status Report Regarding Discovery (Exhibit C to the Shoemaker Declaration) identified 17 IRS personnel whose deposition testimony is sought by the defendants in this case. None of them has been produced or examined.

The IRS asserted in the Joint Status Report, which was filed on July 21, 2020, that it anticipated: "Potential motions for protective orders regarding depositions of IRS employees and Chief Counsel Attorneys." Joint Status Report, paragraph V.A.5. The IRS, however, has neither produced any witness nor moved for any protective order.[1]

---

[1] A motion seeking a protective order barring any deposition testimony at all would be frivolous. The IRS, like any government agency, is subject to the same rules of discovery as any other litigant. The discovery rules apply to the United States as a party just as they apply to any other party. The government cannot use its executive power to dictate what evidence is admissible in a court of law or whose testimony the court may hear. *See Herrmann v. United States*, 127 Fed. Cl. 22, 34 (Ct. Claims 2016) and authorities cited therein. In *Herrmann*, the court rejected the IRS's attempt to bar depositions of IRS personnel with respect to the IRS's assessment process in the case at hand, and any such attempt would have to be rejected here.

Instead, it has taken the position that it will produce witnesses for examination only after it has completed the depositions it wishes to take. Shoemaker Declaration, paragraph 6. The IRS's list of deposition witnesses has now swollen to as many as 30. *See* Shoemaker Declaration, Exhibit B, second page (Minute Order dated December 9, 2020 granting plaintiff's application to "Expand the Number of Depositions to be Taken [by the Plaintiff] to 30"). Accordingly, any delay in the completion of discovery is attributable to plaintiff's tactics and cannot be laid at the feet of Judith and J.L. They have patiently waited their turn, only to have the IRS seek to pull out the rug from under them by moving for summary judgment on the key issue in the case.

Judith and J.L. have information indicating the lack of merit to the IRS's assessment of estate tax (see the Declaration of Judith Lax, submitted herewith), but they were not privy to the assessment discussions between the IRS and the Executors or to the estate's administration. Defendant Zlaty Schwartz, who also opposes the summary judgment motion, is an Executor and has greater knowledge of the assessment discussions and the estate's affairs, and Judith and J.L. respectfully refer the Court to the papers submitted by Zlaty Schwartz in opposition to the motion, and incorporate those papers by reference as if fully set forth herein, for evidence concerning the genuine issues of material fact that exist with respect to the IRS's estate tax assessment.

## CONCLUSION

The motion for partial summary judgment should be denied.

Dated:   New York, New York
            January 11, 2020

                                            Respectfully submitted,

                                            GREENFIELD STEIN & SENIOR, LLP

                                            By: *Paul T. Shoemaker*
                                                 Paul T. Shoemaker
                                                 (A Member of the Firm)
                                            600 Third Avenue
                                            New York, New York 10016
                                            (212) 818-9600
                                            pshoemaker@gss-law.com
                                            *Attorneys for Defendants*
                                            *Judith Lax and J.L., a Minor*

11