**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No.: No.: 1:18-cv-04061 |
| *Plaintiff,* | |
| *v.* | **Dist. Judge I. Leo Glasser** |
| | **Mag. Judge Peggy Kuo** |
| MOSHE LAX, individually, as an executor of the Chaim Lax Estate, as a trustee of the Chaim Lax Family Trust, and as a trustee of the GAMA Trust; ZLATY SCHWARTZ, individually, as executor of the Chaim Lax Estate, as trustee of the Chaim Lax Family Trust; SHAINDY LAX; JUDITH LAX; J.L., a minor; 299 HEWES STREET REALTY CORP; 307 HEWES STREET REALTY CORP; JBAM REALTY LLC, a/k/a JBAM REALTY 2 LLC; BEN ZION JACOBOWITZ; TONY JACOBOWITZ; SL HOLDINGS I, LLC; SL HOLDINGS II, LLC; SL HOLDINGS III, LLC; SL HOLDINGS IV, LLC; SL HOLDINGS V, LLC; DIAMOND DYNAMICS LLC; KGK JEWELRY LLC; CONGREGATION BAIS YEHUDAH D'GANITCH; and LX HOLDINGS LLC, | |
| *Defendants.* | |

**DECLARATION OF JAY PINES IN OPPOSITION OF PLAINTIFF UNITED STATES'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Jay Pines, pursuant to 28 U.S.C. 1746, declares as follows:

1.  I am a certified public accountant ("C.P.A.") and have been retained by the firm of

    Becker & Poliakoff, LLP, to act as a forensic accountant in the above-captioned matter

    on behalf of the defendant, Zlaty Schwartz

    ("Mrs. Schwartz").

2.  In connection with the above-captioned matter, I have reviewed numerous files produced

    by the United States in connection with this litigation. These files establish that numerous

issues exist as to the estate and income tax adjustments and I believe this could be resolved in favor of the estate.

3. The estate tax audit conducted by Examining Officer, Terrance H. Fraser, Esq.'s ("Mr. Fraser") demonstrates the existence of these issues. The working papers prepared by him establish that numerous issues exist and establish the need for judicial intervention.

4. Attached hereto as **Exhibit A** is the estate tax examination changes. My analysis of this report leads me to conclude that the self-cancelling installment note (the "SCIN") which forms a substantial part of this estate tax assessment could have been successfully defended by Mrs. Schwartz in this litigation.

5. In fact, a review of Mr. Fraser's work papers establishes that the primary adjustment of the estate tax return relating to the SCIN was resolved through a settlement in which the SCIN was brought back into the estate and offset. No penalty was established because "this case involved highly contested and very complicated issues, the IRS agreed not to assert any penalties." See **Exhibit B.**

6. Indeed, Mr. Fraser discussed at length the affidavit of Joseph Katz, which established that the view of the attorney, that the SCIN was legitimate. See **Exhibit C.**

7. Significantly, Mr. Fraser conceded most issues initially raised in the audit. For example, Mr. Fraser's audit found that the estate value of the condominium located at 1151 42nd Street, Unit 3, Brooklyn, New York, 11229, was accurate. See **Exhibit D.** Additionally, the real property located at 725 Bedford, Unit 3, Brooklyn, New York, 11219 was accurate. See **Exhibit E.**

8. Moreover, the Internal Revenue Service conceded that the decedent's diamond corporation, Dynamic Diamond Corporation which was originally valued at $10,280,000

{N0303913 }

was actually only valued at $1,490,000, which concluded in a "no change." See **Exhibit F**. The corporation, 299 Hewes Street Realty Corp., who owns the decedent's marital home, the IRS valued at $1,400,000 but then adjusted it to a value of $1,250,000, which concluded in a "no change." See **Exhibit G.**

9.  In fact, there were numerous items on the estate tax return originally questioned by the IRS, which they conceded were accurate. See **Exhibit H**

10. Perhaps most dramatically, the retail diamond store, owned in partnership with Ivanka Trump originally valued by the IRS at $19,342,629 was adjusted to reflect the actual value of $1. See **Exhibit I.**

11. I have also examined the appeals case memo by the IRS in connection with the United State Tax Court case for the years 2002, 2003 and 2004.This memo established that the legal issue was brought to the Tax Court regarding a gift of a significant amount of diamonds made by the decedent's cousin to the decedent and included in inventory. This valuation issue was conceded in the Tax Court litigation without any judicial ventilation. This concession was made even though there was a legitimate tax position taken by the decedent. This was acknowledged in this document. See the relevant portions annexed hereto as **Exhibit J.**

12. Once again, this issue was resolved without a trial.


I declare under penalty of perjury that the foregoing is true and accurate. Executed on this 11th day of January 2021, in Stamford, Connecticut.

JAY PINES, C.P.A.

{N0303913 }