# EXHIBIT A

| Reason for request ("x" one) | [X] Quick | [ ] Prompt | **Request for Quick or Prompt Assessment** | |
|---|---|---|---|---|
| [ ] 100-109 Jeopardy | [ ] 120-127 Non-Exam/Appeals | [ ] 128-129 FUTA/CAWR | [X] 130-134 Exam | [ ] 135-138 Appeals |
| [ ] 140-144 Collection Agreed | [ ] 145-149 Collection Unagreed | [ ] 150-154 All Other Agreed | [ ] 155-159 All Other Unagreed | |

| **Part A - Taxpayer Information** | **Part B - Requester Information** |
|---|---|

TIN **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** √   Name Control **LAX**

Statute Expiration Date *(mmddyyyy)*  **0 2 0 3 2 0 1 3**

Name **CHAIM LAX ESTATE**
**MOISHE LEIB LAX**

DLN: **1 7 5 5 1 3 5 6 1 3 0 0 0 2**

Address **1653 58TH ST**
**BROOKLYN   NY   11204**

Requester name/address/phone number
**P MADDIN**
**SPECIALITY TAX/EXAM TEAM 205**
**859-669-7565**

| 870 Agreement Date *(TC 30X Only)* | 1 2 0 4 2 0 1 2 |
|---|---|

Correspondence Received Date *(mmddyyyy)*

| 23C Date ("x" one) | 12/21/12 | 2% int. date | Int. Comp. Date |
|---|---|---|---|
| [ ] Next available | [X] Specify | | |

Employee assignment number and function: **0282124372**

Manager's approval *(Signature)*                                Date
*Odea of Grussin*                                                **12/13/2012**

| **Part C - Assessment Information** | **Part D - Account Adjustment Information** |
|---|---|

1. Form no. **706**   2a. Period ended **11/03/08**   2b. PLN/Rpt. no.

| Transaction | TC | Transaction Amount |
|---|---|---|
| 3a. Tax - Original Return | 150 | $ |
| 3b. | 610 | Return Received Date |
| 4a. Tax - Adjustment | 290 | $ |
| 4b. Tax - Exam/Appeals | 30**0** | $ **4,456,718.00** |
| 4c. Reference Code | | $ |
| 5a. Civil Penalty *(TC 240)* | 290 | $ 0.00 |
| 5b. Reference Code | | $ |
| 6. Failure to File Penalty | 160 | $ |
| 7. Estimated Tax Penalty | 170 | $ |
| 8. Deposit Penalty | 180 | $ |
| 9. Failure to Pay Penalty | 270 | $ |
| 10. Fraud Penalty | 320 | $ |
| 11. Negligence Penalty | 350 | $ |
| 12. | | $ |
| 13. Netted Int. | 772 | $ |
| 14. Netted Int. | 772 | $ |
| 15. Netted Int. | 772 | $ |
| 16. EIC Decrease | 765 | $ |
| 17. Interest/Interest-To-Date | 190 | $ **571,366.02** |
| 18. Total Assessments *(Add Lines 3-17)* | | $ **5,028,084.02** |
| 19. Withholding Cr. Increase | 800 | $ ( ) |
| 20. Withholding Cr. Decrease | 802 | $ ( ) |
| 21. EIC Increase | 764 | $ ( ) |
| 22. Total Lines 18-21 | | $ **5,028,084.02** |
| 23. Payment on Tax Module | | $ |
| 24. Balance of Tax Due *(Line 22 minus Line 23)* | | $ **5,028,084.02** |
| 25. If you made entries on lines 6-12, list any reversals of previously posted penalties which have been made in conjunction with this assessment and the date: | 161 | $ |
| | 171 | $ |
| | 181 | $ |
| | 235 | $ |
| | 271 | $ |
| | 321 | $ |
| | 351 | $ |

| Transaction | Ref. No. Transaction Amount |
|---|---|
| 1. Adjusted Total Income Tax Withheld *(943, 945 & 941 posted prior to 12/31/2004)* | $ |
| 2. Taxable Social Security Wages *(941, 943, 944 & 945)* | $ |
| 3. Taxable Social Security Tips *(941, 944)* | $ |
| 4. Taxable Medicare Wages and Tips *(941, 944)* | $ |
| 5. Exempt Wages/Tips Paid to Qualified Employees this Quarter *(941, 943, 944)* | $ |
| 6. Section 3121Q Tax Amount | $ |
| 7. Fractions of Cents – *(941, 944)* | $ |
| 8. Sick Pay-Adjustment *(Form 941, Current Yrs. Adj.-Form 944)* | $ |
| 9. Current Quarter's Tips and Group-Term Ins. Adj. | $ |
| 10. Income Tax Withheld Adj. *(941 Current, 944 Prior Year)* | $ |
| 11. Social Sec. & Med. Tax–Adj *(941, 943, 944, 945)* | $ |
| 12. Special Additions to Federal Income Tax *(941, 944)* | $ |
| 13. Special Additions to Soc. Sec. and Med. Tax *(941 & 944)* | $ |
| 14. Total Income Tax Withheld from Wages *(Form 941 posted after 12/31/2004 and 944)* | $ |
| 15. Tips Deemed Wages *(IRC 3121q)* | $ |
| 16. Total Backup Withholding Adjustment *(945)* | $ |
| 17. Gross Income Paid *(1042)* | $ |
| 18. R.R. Retirement Tax Adj. *(CT-1)* | $ |
| 19. | $ |

| 20a. Abstract Number | 20b. Amount *(720, 4720, 5329, 5330, TMT)* |
|---|---|
| | : $ |
| | : $ |
| | : $ |
| | : $ |

**Dates**

| 20c. Exc. Fringe Benefit | 20d. Reversion |
|---|---|
| 20e. Sponsor's Plan EOY | 20f. IRC 4980F Amd. |

20g. Date of Transfer *(mmddyyyy)*

| 21. Taxable Wages *(940)* | $ |
|---|---|
| 22. Total Credit Reduction Amount *(940)* | $ |

| 23a. State | 23b. Credit Paid to State *(940)* |
|---|---|
| | : $ |
| | : $ |
| | : $ |

Remark: **EXAM AGRD, CFINK, DO NOT SEND BILL**

Form **2859** (Rev. 1-2012)   Part 2—Acknowledgment - Return to originator   Cat. No. 22030A   Department of the Treasury – Internal Revenue Service
publish.no.irs.gov

**Department of the Treasury**
**Internal Revenue Service**
**Director**

201 W. RIVERCENTER BLVD
COVINGTON, KY  41011

Document Locator Number
17551-356-13000-2229

IDRS: **0282124372**

Notice Date: **12/21/2012**

Name Control: **LAX**

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|------------|
| **52** | **200811** | **12/21/2012** | 370 |

Taxpayer
Identifying ▶ **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V**
Number

Form Number: **706**

Plan/Report Number:

Tax Period Ended: **11/03/2008**

Taxpayer

CHAIM LAX ESTATE
MOISHE LEIB LAX
1653 58TH ST
BROOKLYN  NY  11204

ASSESSMENT ADVICE FOR

☐ EXAMINATION DIVISION
☐ COLLECTION DIVISION
☐ OTHER _____
                              SPECIFY

| Reference | | | Assessment | Adjustment or Credit | Balance Due |
|-----------|---|---|-----------|---------------------|-------------|
| 12/21/2012 | ADD'L TAX | 300 | 4,456,718.00 | | |
| 12/21/2012 | INTEREST | 190 | 571,366.02 | | |

5,028,084.02

**Return to Originator**

**Form 3552** (1-2012) (Part 5)
Catalog No. 49356T

USA-000524

**Department of the Treasury**
**Internal Revenue Service**
**Director**

201 W. RIVERCENTER BLVD
COVINGTON, KY  41011

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|-----------|
| 52 | 200811 | 12/21/2012 | 370 |

Document Locator Number
17551-356-13000-13

IDRS: 0282124372
Notice Date: **12/21/2012**
Name Control: **LAX**
Taxpayer Identifying ▶ **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V**
Number
Form Number: **706**
Plan/Report Number:
Tax Period Ended: **11/03/2008**

Taxpayer

CHAIM LAX ESTATE
MOISHE LEIB LAX
1653 58TH ST
BROOKLYN  NY  11204

**DUPLICATE BILL**

ASSESSMENT ADVICE FOR

☐ EXAMINATION DIVISION
☐ COLLECTION DIVISION
☐ OTHER _____
SPECIFY

| Reference | | | Assessment | Adjustment or Credit | Balance Due |
|-----------|--|--|------------|----------------------|-------------|
| 12/21/2012 | ADD'L TAX | 300 | 4,456,718.00 | | |
| 12/21/2012 | INTEREST | 190 | 571,366.02 | | |

5,028,084.02

**Return to Originator**

**Form 3552** (1-2012) (Part 5)
Catalog No. 49356T

USA-000525

## 490 Activity Summary

### FED - ***-**-3695 LAX, CHAIM ESTATE   706 Tax Period: 2008/11

| | | |
|---|---|---|
| Run Method: IRS Default | Module Status: Open/(Open) | |
| Interest To: 12/21/2012 | | |
| GATT Method: N/A | GATT Date: GATT is OFF | |
| LCU Method: N/A | LCU Interest Date: LCU Interest is OFF | |
| Underpay Net Start: All Dates Included | Overpay Net Start: All Dates Included | |

| Date Transcript | Date Start | Date Adj / End | Description | Susp/Equal | Principal | Balance |
|---|---|---|---|---|---|---|
| 03/29/2010 | | 08/03/2009 | 150 Return Filed & Assessed Tax Liability | | | |
| 12/13/2012 | | 08/03/2009 | 300 Additional Tax Assessment By Examinati | | 4,456,718.00 | 4,456,718.00 |

| Date | | Description | Amount | Factor | Interest | Balance |
|---|---|---|---|---|---|---|
| 08/03/2009 | | 300 Additional Tax Assessment By Examina | 4,456,718.00 | | | 4,456,718.00 |
| 08/04/2009 | 12/21/2012 | Underpay | 4,456,718.00 | 0.128203315 | 571,366.02 | 5,028,084.02 |

| Account Summary: | As Computed | Per Transcript | Adjustment |
|---|---|---|---|
| Deficiency Interest | 571,366.02 | | 571,366.02 |
| Overpayment Interest | | | |
| Principal Balance | | | 4,456,718.00 |
| | 571,366.02 | | 5,028,084.02 |

**Internal Revenue Service**
**Cincinnati, OH 45999**

**Department of the Treasury**

Person to Contact:
  Charlene Caudell

Employee Identification Number:
  1000130060

Date: January 18, 2013

Contact Telephone Number (Toll Free):
  866 699-4083

Estate Name:
  Chaim Lax Estate

MOISHE LEIB LAX
1653 58TH ST
BROOKLYN, NY 11204

Social Security Number:

  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V
Date of Death:
  11/03/2008

**Estate Tax Closing Document**
(Not a bill for tax due)

We have made the following determination on the estate tax return referenced above.

| | | |
|---|---|---|
| Net Estate Tax | *$ | 4,456,718.00 |
| State Death Tax Credit/Deduction** | *$ | 1,619,568.00 |
| Generation-Skipping Tax | *$ | 0.00 |

*These figures do not include any interest and penalties that may be charged.
** For dates of death after 12/31/04, this amount represents the State Death Tax Deduction.

This letter is evidence that the Federal Estate Tax Return has either been accepted as filed or has been accepted after an adjustment to which you have agreed. You should keep this letter as a permanent record. You may need it to close probate proceedings, transfer title to property and/or settle state taxes.

If the estate elects and qualifies to pay the estate tax in installments under Internal Revenue Code section 6166 and the IRS has not contacted you, the IRS will contact you to determine whether the estate is required to provide a bond, or alternatively a special extended lien under section 6324A, and may request additional financial information to make this determination. The IRS will continue to monitor whether the government's interest is at risk throughout the section 6166 installment payment period.

This letter is not proof that any amount of tax due has been paid. If you have requested a discharge from personal liability under section 2204, proof of full payment of the amounts shown above (plus applicable interest and penalties) releases you of personal liability. If payment is not timely made or the time for payment is extended under sections 6161, 6163, or 6166, there is a lien on all estate property for the federal estate tax due for 10 years from the date of death or until the entire balance is paid, whichever date is earlier.

We will not reopen or examine this return unless you notify us of changes to the return or there is: (1) evidence of fraud, malfeasance, collusion, concealment, or misrepresentation of a material fact; (2) a clearly defined substantial error based upon established Internal Revenue Service position; or (3) a serious administrative error. (See Revenue Procedure 2005-32, 2005-1 Cumulative Bulletin 1206.)

Sincerely,

*Anita M. Babb*

Anita M. Babb
Chief, Estate and Gift Tax Program

**Letter 627 (Rev. 11-2007)**
Catalog Number 40285J

PM

USA-000527

**Internal Revenue Service**
**Cincinnati, OH 45999**

**Department of the Treasury**

Person to Contact:
**Charlene Caudell**

Employee Identification Number:
**1000130060**

Date: January 18, 2013

Contact Telephone Number (Toll Free):
**866 699-4083**

Estate Name:
**Chaim Lax Estate**

GERARD VIRGA
FINKELSTEIN & VIRGA PC
90 BROAD ST STE 1700
NEW YORK, NY 10004-2205

Social Security Number:
**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V**

Date of Death:
**11/03/2008**

### Estate Tax Closing Document
(Not a bill for tax due)

We have made the following determination on the estate tax return referenced above.

| | | |
|---|---|---|
| Net Estate Tax | *$ | 4,456,718.00 |
| State Death Tax Credit/Deduction** | *$ | 1,619,568.00 |
| Generation-Skipping Tax | *$ | 0.00 |

*These figures do not include any interest and penalties that may be charged.
** For dates of death after 12/31/04, this amount represents the State Death Tax Deduction.

This letter is evidence that the Federal Estate Tax Return has either been accepted as filed or has been accepted after an adjustment to which you have agreed. You should keep this letter as a permanent record. You may need it to close probate proceedings, transfer title to property and/or settle state taxes.

If the estate elects and qualifies to pay the estate tax in installments under Internal Revenue Code section 6166 and the IRS has not contacted you, the IRS will contact you to determine whether the estate is required to provide a bond, or alternatively a special extended lien under section 6324A, and may request additional financial information to make this determination. The IRS will continue to monitor whether the government's interest is at risk throughout the section 6166 installment payment period.

This letter is not proof that any amount of tax due has been paid. If you have requested a discharge from personal liability under section 2204, proof of full payment of the amounts shown above (plus applicable interest and penalties) releases you of personal liability. If payment is not timely made or the time for payment is extended under sections 6161, 6163, or 6166, there is a lien on all estate property for the federal estate tax due for 10 years from the date of death or until the entire balance is paid, whichever date is earlier.

We will not reopen or examine this return unless you notify us of changes to the return or there is: (1) evidence of fraud, malfeasance, collusion, concealment, or misrepresentation of a material fact; (2) a clearly defined substantial error based upon established Internal Revenue Service position; or (3) a serious administrative error. (See Revenue Procedure 2005-32, 2005-1 Cumulative Bulletin 1206.)

Sincerely,

*Anita M. Babb*

Anita M. Babb
Chief, Estate and Gift Tax Program

PM

**Letter 627 (Rev. 11-2007)**
Catalog Number 40285J

| Form **890**<br>(Rev. October 1988) | Department of the Treasury – Internal Revenue Service<br>**Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment - Estate, Gift, and Generation - Skipping Transfer Tax**<br>*(Please see the instructions on the back of this form)* | Date Received by<br>Internal Revenue<br>Service **RECEIVED**<br>New York, N.Y.<br><br>DEC 0 4 2012 |
|---|---|---|

INTERNAL REVENUE SERVICE<br>SB/SE Compliance Area 2<br>Compliance Territory 1

**Part 1. Consent to Assessment and Acceptance of Overassessment**

I consent to the immediate assessment and collection of any deficiencies *(increase in tax and penalties)* and accept any over-assessment *(decrease in tax and penalties)* shown below, plus any interest provided by law. I understand that by my signing this waiver, a petition to the United States Tax Court may not be made, unless additional deficiencies are determined.

**Date of Death or Period Ending:** 11/03/2008

| Item | Increase | Decrease |
|---|---|---|
| Tax | $4,456,718 | $0 |
| Penalty | $0 | $0 |
| Total | $4,456,718 | $0 |

If the estate is required to file with the District Director of Internal Revenue evidence of payment of estate, inheritance, legacy, succession, or generation - skipping transfer taxes to any State or the District of Columbia, I understand that such evidence must be filed by _____ , or the credits for these taxes will not be allowed. I also agree to the assessment and collection of the increase in estate tax and penalties of $ _____ based on the disallowed credits, plus interest figured to the 30th day after _____ , or until this increase is assessed, whichever is earlier.

Estate of **Chaim Lax, 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**

| | | |
|---|---|---|
| **Executor or Administrator** | Sign here ▶ By *[signature]*<br>Address | Date *12/3/12* |
| **Executor or Administrator** | Sign here ▶ By *[signature]*<br>Address | Date *12/3/12* |
| **Donor** | Name | Address |
| **Donor's Signature** | Sign here ▶ By | Date |

Form **890** (Rev. 10-88)

USA-000529

Department of the Treasury- Internal Revenue Service
**Report of Estate Tax Examination Changes**

**Form 1273**

| Estate of: Chaim Lax | Social Security Number: 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 | Date of Death: 11/03/2008 |
|---|---|---|

| Name of Person With Whom Findings were discussed: Gerard Virga, Esq., Representative | Agreement Secured: Yes |
|---|---|

| | | | Shown on Return/ As Previously Assessed | As Corrected |
|---|---|---|---|---|
| 1 | Tentative Taxable Estate Shown on Return or Previously Adjusted | | | 0 |
| 2 | Increase/Decrease in Tentative Taxable Estate | | | 13,523,385 |
| 3a | Tentative Taxable Estate as Corrected (Line 1 plus/minus Line 2) | | | 13,523,385 |
| 3b | State Death Tax Deduction | | 0 | 1,619,568 |
| 3c | Taxable Estate as Corrected (Line 3a – Line 3b) | | 0 | 11,903,817 |
| 4 | Adjusted Taxable Gifts | | 0 | 0 |
| 5 | Total | | 0 | 11,903,817 |
| 6 | Tentative Tax | | 0 | 5,237,518 |
| 7 | Aggregate Gift Tax Payable (After Dec. 31, 1976) | | 0 | 0 |
| 8 | Tax Before Unified Credit (Line 6 – Line 7) | | 0 | 5,237,518 |
| 9 | Unified Credit Against Estate Tax | | 780,800 | 780,800 |
| 10 | Adjustment to Unified Credit | | 0 | 0 |
| 11 | Net Unified Credit (Line 9 – Line 10) | | 780,800 | 780,800 |
| 12 | Tax Before SDTC (Line 8 – Line 11) *Cannot be < 0 | | 0 | 4,456,718 |
| 13 | State Death Tax Credit | | 0 | 0 |
| | Tentatively Allowed | | | |
| | Submit Evidence by | | | |
| 14 | Net Tax Post State Death Tax Credit (Line 12 – Line 13) | | 0 | 4,456,718 |
| 15 | Gift Tax Credit  (Pre-1977 Gifts) | | 0 | 0 |
| 16 | Foreign Death Tax Credit (Statutory) | | 0 | 0 |
| 17 | Prior Transfer Credit | | 0 | 0 |
| 18 | Foreign Death Tax Credit (Treaty) /Canadian Marital Credit | | 0 | 0 |
| 19 | Total Credits (Sum of Lines 15 through 18) | | 0 | 0 |
| 20 | Net Estate Tax Payable | | 0 | 4,456,718 |
| 21 | Generation Skipping Transfer Taxes (Schedule R, Part 2, Line 12) | | 0 | 0 |
| 22 | Increased Estate Tax (Section 4980A, Schedule S) | | 0 | 0 |
| 23 | Total Federal Estate Tax (Sum of Lines 20 through 22) | | 0 | 4,456,718 |
| 24 | Total Transfer Tax Previously Assessed. | | | 0 |
| 25 | Total Transfer Tax Increase/Decrease (Line 23 – Line 24) | | | 4,456,718 |
| 26 | Penalties Previously Assessed | | | 0 |
| 27 | Penalties as Corrected – Code(s): | | | 0 |
| 28 | Net Penalties Increase/Decrease (Line 27 – Line 26) | | | 0 |
| 29 | Net Tax and Penalties Payable Increase/Decrease (Line 25 + Line 28) | | | 4,456,718 |

Signature: _____     Date: __11/29/2012_____

Terrence H. Fraser, Esq.

USA-000530

Department of the Treasury- Internal Revenue Service
**Line Adjustment - Estate Tax**

**Form 6180**

| Estate of: Chaim Lax | Social Security Number: 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 | Date of Death: 11/03/2008 |
|---|---|---|

| | | Shown on Return/ As Previously Assessed | Changed | As Corrected |
|---|---|---|---|---|
| 1 | Schedule A, Real Estate | 1,000,000 | 0 | 1,000,000 |
| 2 | Schedule B, Stocks and Bonds | 3,879,755 | 0 | 3,879,755 |
| 3 | Schedule C, Mortgages, Notes, and Cash | 2,592,071 | 39,988,591 | 42,580,662 |
| 4 | Schedule D, Insurance on the Decedent's Life | 1,042,587 | 0 | 1,042,587 |
| 5 | Schedule E, Joint Owned Property | 600,000 | 0 | 600,000 |
| 6 | Schedule F, Other Miscellaneous Property | 4,672,289 | 583,192 | 5,255,481 |
| 7 | Schedule G, Transfers During Decedent's Life | 0 | 0 | 0 |
| 8 | Schedule H, Powers of Appointment | 0 | 0 | 0 |
| 9 | Schedule I, Annuities | 0 | 0 | 0 |
| 10 | Gross Estate | 13,786,702 | 40,571,783 | 54,358,485 |
| 11 | Schedule U, Qualified Conservation Easement Exclusion | 0 | 0 | 0 |
| 12 | Gross Estate less exclusion | 13,786,702 | 40,571,783 | 54,358,485 |
| 13 | Schedule J, Funeral and Administrative Expenses | 16,273 | 1,314,600 | 1,330,873 |
| 14 | Schedule K, Debts of Decedent | 6,306,225 | 25,733,798 | 32,040,023 |
| 15 | Schedule K, Mortgages and Liens | 1,477,764 | 0 | 1,477,764 |
| 16 | Total of Schedules J and K (Lines 13, 14, + 15) | 7,800,262 | 27,048,398 | 34,848,660 |
| 17 | Allowable deductions from Schedules J and K | 7,800,262 | 27,048,398 | 34,848,660 |
| 18 | Schedule L, Net Losses During Administration | 0 | 0 | 0 |
| 19 | Schedule L, Expenses and Property Not Subject to Claims | 0 | 0 | 0 |
| 20 | Total (Lines 17, 18, + 19) | 7,800,262 | 27,048,398 | 34,848,660 |
| 21 | Schedule M, Marital Deduction | 5,986,440 | 0 | 5,986,440 |
| 22 | Schedule O, Charitable Bequests | 0 | 0 | 0 |
| 23 | ESOP Deduction | 0 | 0 | 0 |
| 24 | Schedule T, QFOB Deductions | 0 | 0 | 0 |
| 25 | Total Allowable Deductions (Lines 20, 21, 22, 23, + 24) | 13,786,702 | 27,048,398 | 40,835,100 |
| 26 | Tentative Taxable Estate (Line 12 - 25) | 0 | 13,523,385 | 13,523,385 |

USA-000531

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>C - Mortgages, Cash & Notes |
|---|---|---|
| Name of taxpayer<br>Chaim Lax | Tax Identification Number<br>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 | Year/Period ended<br>11/03/2008 |

## C - Mortgages, Cash & Notes

| Item # | Description | Returned/Assessed | Corrected |
|---|---|---|---|
| 6 | Self-Cancelling Installment Note | 0 | 39,988,591 |
| | Total of these Items | 0 | 39,988,591 |
| | Shown on Return | | 0 |
| | Change to Schedule | | 39,988,591 |

Schedule C, item 6 (Self-Canceling Installment Note - (SCIN)): It is the Service's position that the SCIN was not a bona fide,arms-length transaction and, as such, the assets purportedly sold in exchange for said Note are brought back into the decedent's estate in accordance with IRC sections 2031, 2032, 2033, and 2039. For purposes of simplicity and expediency the aggregate value of said assets are included herein and are identified below:

(1) 301 Hooper LLC (100% interest owned in 293 & 386 South 5th Street, Brooklyn, NY ): The fair market value of this interest as of May 3, 2009, per the estate's valuation report, was $300,000;

(2) 13 Hooper LLC (22.50% interest in 669 Kent Avenue, Brooklyn, NY): The fair market value as of May 3, 2009, was $967,500 (22.50% x $4,300,000 Gross Value as of 05/03/2009). No discount is allowed because the taxpayer has failed to provide any support for a discount;

(3) 104 Sanford LLC (100%): The fair market value was $2,941,000 ($2,941,000 as of 05/07/2007 per TP's Valuation - LX Holdings. The estate has not provided an valuation appraisal May 3, 2009. The IRS has accepted such value as the fair market value as of valuation date unless and until an appraisal as of May 3, 2009 is provided, if necessary. The $2,941,000 is an aggregate value of the following real properties: (a) 76 Sanford St. $175,000;(b) 78 Sanford St. $412,500; (c) NA Sanford St. $151,000; (d) 94 Sanford St. $149,000; (e) 96 Sanford St. $122,500; (f) 108 Sanford St. $131,000;(g) 73 Walworth St. $375,000; (h) 79 Walworth St. $700,000; (i) 87 Walworth St. $187,500; (j) 89 Walworth St. $187,500; and (k) 91 Walworth St. $350,000.

(4) 1212 Lorimer Realty, LLC (100% interest in real estate located at 93 Lorimer St. Brooklyn, NY). According to the Estate's valuation report as of May 7, 2007, the real estate was valued for $250,000 and said entity had a debt for $65,000. The estate has provided no valuation report as of alternate valuation date, May 3, 2009. According to the decedent's Statement of Net Worth, dated March 31, 2008, however, the gross value of this interest was $535,000. Since the Statement of Net Worth was later in time, it is the IRS's position that, unless and until an appraisal has been provided for valuation date of May 3, 2009, if necessary, the $535,000 should be the starting point for valuation of said entity less the debt for $65,000 and, thus, an adjusted value of $470,000;

USA-000532

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>C - Mortgages, Cash & Notes |
|---|---|---|
| Name of taxpayer<br><br>Chaim Lax | Tax Identification Number<br><br>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 | Year/Period ended<br><br>11/03/2008 |

## C - Mortgages, Cash & Notes

(5) 386 Development LLC (100% interest in real estate located at 386 Marcy Ave. Brooklyn, NY). According to the Estate's valuation report as of May 7, 2007, the real estate was valued for $875,000 and said entity had a debt for $1,041,558. No appraisal report for May 3, 2009 was provided. According to the decedent's Statement of Net Worth, however, the gross value of this interest was $1,157,000. Since the Statement of Net Worth was later in time, it is the IRS's position that the $1,157,000 should be the starting point for valuation of said entity less the debt for $1,041,058 and, thus, an adjusted value of $115,942;

(6) 139 Middleton LLC (100% interest in real estate located at 139 Middleton St. Brooklyn, NY). According to the estate's valuation report, the value of this asset as of May 3, 2009 was $2,675,000. The debt was $1,761,130. Therefore, the net asset value was $913,870;

(7) CHL Realty LLC (100% interest in real estates located at 78, 78A & 80 Middleton St., Brooklyn, NY). The estate's appraisal report indicated that the value of such properties as of May 7, 2007 was $1,556,000). No appraisal report as of May 3, 2009 was provided. However, the decedent's Statement of Net Worth stated that the value was $3,400,000 as of March 3, 2008. Since the Statement of Net Worth was later in time, it is the IRS's position that the $3,400,000 should be the starting point for valuation of such entity as of May 3, 2009. There was no a debt as of valuation date. Therefore, the market fair value should be $3,400,000.

(8) Peace Park LLC (100% interest in real properties located at 123, 129, 131, 133, and 135 Classon Ave. Brooklyn, NY). The estate's appraisal report indicated that the total values of these properties were $2,097,000 as of May 7, 2007 with debt of $791,096. The estate provided no appraisal for May 3, 2009 (alternate valuation date). The decedent's Statement of Net Worth, dated March 3, 2008, showed that the value was $2,000,000. Since the Statement of Net Worth was later in time, it is the IRS's position that the $2,000,000 should be the starting point for valuation of such entity as of May 3, 2009. Since the debt was $791,096, the net fair market value of said entity as of applicable valuation date should be $1,208,904;

(9) 790 Bedford Ave LLC (100% interest). The estate provided a valuation appraisal for said property valued for $2,625,000 as of May 3, 2009 and debt for $791,096 for an equity interest of $1,833,904. The IRS has accepted the value.

(10) 61-75 Taffe Realty LLC (100% interest). The estate provided a valution appraisal for said property valued for $525,000 as of May 7, 2007 with a debt for $$197,774. The estate provided no appraisal for May 3, 2009. The decedent's Statement of Net Worth, dated March 3, 2008, showed that the value of said entity was $800,000. Since the Statement of Net Worth was later in time, it is the IRS's position that the $800,000 should be the starting point for valuation of such entity. Since the debt was $197,774, the net fair market value of such entity as of applicable valuation date should be $602,226;

USA-000533

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>C - Mortgages, Cash & Notes |
|---|---|---|
| Name of taxpayer<br><br>Chaim Lax | Tax Identification Number<br><br>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 | Year/Period ended<br><br>11/03/2008 |

## C - Mortgages, Cash & Notes

(11) 385 South 5th St. LLC (100% interest in real property located at 370-374 South 4th St. and 383 South 5th St. Brooklyn, NY). The estate provided an appraisal which indicated that the gross value of said properties as of May 7, 2007 was $3,915,000 and debt for $228,367 for a net asset value of $3,686,633. The estate provided no appraisal for alternate valuation date. The decedent's Statement of Net Worth, dated March 3, 2008, showed that the value of said entity was $2,000,000. Since the Statement of Net Worth was later in time, it is the IRS's position that the $2,000,000 should be the starting point for valuation of said entity. Since the debt of the entity was $228,367, the net fair market value of such entity as of applicable valuation date should be $1,771,633;

(12) Favorite Prop. LLC (100% interest in real property located at 555 Union Ave., 236, 258 & 264 North Tenth St., & 249 North 9th St. Brooklyn, NY). The estate provided an appraisal report which stated that the value of these properties as of May 7, 2007 was $21,045,000 with debts for $11,936,572. No appraisal report was provided for May 3, 2009. The decedent's Statement of Net Worth showed that the gross value of such assets as of March 31, 2008 was $20,400,000. Since the Statement of Net Worth was later in time, it is the IRS's position that the $20,400,000 should be the starting point for valuation of said entity. Since the debt of the entity was $11,936,572, the net fair market value of said entity as of applicable valuation date should be $8,463,428.

(13) Messorle Project, LLC (50% interest in real property located at 12-18 Messorle St. Brooklyn, NY). The estate provided an appraisal which indicated that the gross value of said properties as of May 7, 2007, was $5,800,000 with debts for $5,120,228. The estate also provided a valuation report as of alternate valuation date, May 3, 2009, for $9,200,000. Therefore, the net asset value as of May 3, 2009 was $4,079,772 (or $9,200,000 less $5,120,228). The estate has failed to provide support for the 35% discount it claimed and, therefore, no discount has been allowed here. The net fair market value of the decedent's 50.0% interest, therefore, should be $2,039,886.

(16) South 4th St Condo, LLC (60% interest in real property located at 185 South 4th St. Brooklyn, NY). The estate provided an appraisal which indicated that the gross value for said entity as of May 7, 2007 was $8,000,000. And the debt was for $8,066,962. The estate also provided an appraisal as of alternate valuation date (May 3, 2009) which indicated that the gross value of such date was $16,875,000. Since the debt was $8,066,962, the net asset value was $8,808,038. Since the decedent held a 60.0% interest, the net fair market value should be $8,808,038 x 60.0% = $5,284,822. No discount has been allowed because the estate has failed to provide adequate support of such discount.

(17) Flatbush Extension, LLC (55% interest in real properties located at 168, 174 & 180 Nassau St. Brooklyn, NY): The estate provided an appraisal which stated that the gross value of this entity as of May 2, 2007 was

USA-000534

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>C - Mortgages, Cash & Notes |
|---|---|---|
| Name of taxpayer<br><br>Chaim Lax | Tax Identification Number<br><br>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 | Year/Period ended<br><br>11/03/2008 |

## C - Mortgages, Cash & Notes

$21,822,000, with a debt of $10,206,679. The estate provided no appraisal as of May 3, 2009. However, the decedent's Statement of Net Worth as of March 31, 2008 stated that such assets were worth $14,800,000. Since the Statement of Net Worth was last in time, it is the IRS's position that such Statement of Net Worth showing a value $14,800,000 less Debt for $10, 206,679 = $4,593,320 x 55.0% = $2,526,326.

(18) Nassau Condos, LLC (43% interest in real properties located at 168, 174 & 180 Nassau St., Brooklyn, NY). The estate's appraisal report indicated that the gross fair market value of said entity as of May 7, 2007 was $17,568,000 with a debt for $9,750,000. The Net Asset Value was $7,818,000. In determining the decedent's 43.0% interest in the entity, the estate claimed a combined discount of 30.0%. According to the estate, the decedent's interest in said entity as of May 7, 2007 was $7,818,000 (100%-30%) = $5,472,600 x 43.0% = $2,353,218. No appraisal was provided as of alternate valuation date (May 3, 2009). In determining the decedent's interest as of May 3, 2009, the IRS has decided to adopt the estate valuation calculation as of May 7, 2007, with exception of the 30.0% discount because the estate has failed to provide any support for taking such discount. Therefore, it is the IRS's position that the decedent's 43.0% interest as of alternate valuation date should be $7,818,000 times 43.0% = $3,361,740.

(19) 41 Harrison LLC (100% interest): The estate's appraisal indicated that the net fair market value of this entity as of May 7, 2007 was $727,000. The estate has provided no appraisal as of alternate valuation date (May 3, 2009). It is the IRS's position that the net fair market value of the decedent's interest in said entity as of May 3, 2009, was $727,000.

(20) 168 Franklin Avenue, LLC (100% in real properties located at 168, 170, 182, & 184 Franklin Ave., Brooklyn, NY): The estate's appraisal report indicated that the gross fair market value of such entity as of May 7, 2007 was $11,086,000 with a debt for $4,500,000, and Net Asset Value of $6,586,000. The estate has not provided an appraisal for alternate valuation date (May 3, 2009). However, the decedent's Statement of Net Worth, dated Mar 31, 2008, stated that the gross fair market value of the decedent's 100% interest was $7,752,603. Since the Statement of Net Worth is later in time, it is the IRS's that the gross value of $7,752,603 should be used for valuation of said entity as of May 3, 2009. As such, it is the IRS's position that the net fair market value of said entity as of May 3, 2009 was $7,752,603 - Debt $4,500,000 = $3,252,603.

(21) Dynamic Management (100% interest in Mortgage Note on Real Property at 264 Forest Ave., Brooklyn, NY): The estate appraisal report indicated that the value of the Note, as of May 7, 2007, was $230,000. No valuation report was provided for the value of said Note as of alternate valuation date (May 3, 2009). The decedent's Statement of Net Worth, dated March 31, 2008, indicated that the fair market value of such residence was $3,500,000. Because the Statement of Net Worth was last in time, it is the IRS's position that the value of said residence on March 31, 2008, should also be it's fair market value as of May 3, 2009.

USA-000535

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>C - Mortgages, Cash & Notes |
|---|---|---|
| Name of taxpayer<br><br>Chaim Lax | Tax Identification Number<br><br>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 | Year/Period ended<br><br>11/03/2008 |

## C - Mortgages, Cash & Notes

(22) 307 Hewes Corp (50% interest): The estate's valuation report indicated that as of May 7, 2007, the gross fair market value of such entity was $775,000. The estate has provided no valuation report as of May 3, 2009. The decedent's Statement of Net Worth, as of March 31, 2008, indicated that such was worth $1,500,000. Since the Statement of Net Worth was later in time, it is the IRS's position that the $1,500,000 should be the starting at which the decedent's interest should be calculated. The decedent's 50.0% interest as of applicable valuation date was $750,000. No discount has been allowed because the estate has failed to provide a basis for a discount.

THE TOTAL VALUE OF DECEDENT'S INTERESTS EXCHANGED FOR THE NOTE WAS $44,431,766.

FOR SETTLEMENT PURPOSES ONLY THE IRS HAS OFFERED AND THE TAXPAYER HAS ACCEPTED A TEN (10%) PERCENT DISCOUNT ON SAID VALUE ($44,431,766 X 10.0%) = $4,443,176.

THEREFORE, THE VALUE OF DECEDENT'S INTEREST HAS BEEN ADJUSTED PURSUANT TO IRC SECTIONS 2033, 2031 AND 2032 TO CORRECTLY REFLECT THE APPROXIMATE FAIR MARKET VALUE OF SUCH INTEREST FOR $39,988,591 (OR $44,431,766 - $4,443,176).

USA-000536

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>F - Other Miscellaneous Property |
|---|---|---|
| Name of taxpayer<br><br>Chaim Lax | Tax Identification Number<br><br>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 | Year/Period ended<br><br>11/03/2008 |

## F - Other Miscellaneous Property

| Item # | Description | Returned/Assessed | Corrected |
|---|---|---|---|
| 18 | Chala Kessler 2002 Irrevocable Trust | 0 | 500,000 |
| 19 | 2007 Tax Refund | 0 | 83,192 |
|  | Total of these Items | 0 | 583,192 |
|  | Shown on Return |  | 0 |
|  | Change to Schedule |  | 583,192 |

Schedule F, item 18 (Chaja Kessler 2002-C Irrevocable Life Insurance Trust) has been adjusted, pursuant to IRC sections 2031 & 2032 to accurately reflect its fair market value as of alternate valuation date.

Schedule F, item 19 (2007 Tax Refund) has been added to decedent's estate, pursuant to IRC section 2033.

USA-000537

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>J - Funeral and Administrative Expenses |
|---|---|---|
| Name of taxpayer<br><br>Chaim Lax | Tax Identification Number<br><br>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 | Year/Period ended<br><br>11/03/2008 |

### J - Funeral and Administrative Expenses

| Item # | Description | Returned/Assessed | Corrected |
|---|---|---|---|
| B2 | Attorney Fees | 0 | 330,000 |
| B4 | Interest on New York Estate Tax | 0 | 419,000 |
| FED | Calculated Interest Deduction | 0 | 565,600 |
| | Total of these Items | 0 | 1,314,600 |
| | Shown on Return | | 0 |
| | Change to Schedule | | 1,314,600 |

Item B(2) has been added as a deduction for attorney fees that has actually been paid, or reasonably expected to be paid, in accordance with IRC Section 2053.

Item B(4) has been added as a deduction for the interest accrued on the New York State estate tax deficiency that has actually been paid, or reasonably expected to be paid, in accordance with IRC Section 2053.

Item (FED) has been added as a deduction for the interest accrued on the Federal estate tax deficiency that is reasonably expected to be paid pursuant to IRC Section 2053.

USA-000538

Department of the Treasury- Internal Revenue Service
**Explanation of Items**

**Form 886A**

| Estate of: Chaim Lax | Social Security Number: 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 | Date of Death: 11/03/2008 |
|---|---|---|
| **Computation of Interest on Federal Estate Tax** | | |
| Corrected Amount of FET before deduction: | | 4,711,238 |
| Corrected Amount of FET after deduction: | | 4,456,718 |
| Penalties Drawing Interest: | | 0 |
| **Computed Federal Interest Deduction:** | | 565,600 |

Pursuant to Internal Revenue Code section 6631 the IRS is required to inform you how any assessed interest was calculated.  Please note that any interest amount is an estimate based on the projected payment date.  Any subsequent adjustments will be calculated by the Service Center and reported to you.

USA-000539

**Interest Computation Table**

| Period | Payment Date | Cumulative Factor | Beginning Balance | Accrued Interest | Amount of Payments |
|---|---|---|---|---|---|
| 1 | 8/3/2009 | 0.000000000 | 4,711,238.00 | 0.00 | 0.00 |
| 2 | 12/7/2012 | 0.126909451 | 4,711,238.00 | 597,900.63 | 0.00 |
| 1 | 8/3/2009 | 0.000000000 | 4,442,182.00 | 0.00 | 0.00 |
| 2 | 12/7/2012 | 0.126909451 | 4,442,182.00 | 563,754.88 | 0.00 |
| 1 | 8/3/2009 | 0.000000000 | 4,457,548.00 | 0.00 | 0.00 |
| 2 | 12/7/2012 | 0.126909451 | 4,457,548.00 | 565,704.97 | 0.00 |
| 1 | 8/3/2009 | 0.000000000 | 4,456,670.00 | 0.00 | 0.00 |
| 2 | 12/7/2012 | 0.126909451 | 4,456,670.00 | 565,593.54 | 0.00 |
| 1 | 8/3/2009 | 0.000000000 | 4,456,720.00 | 0.00 | 0.00 |
| 2 | 12/7/2012 | 0.126909451 | 4,456,720.00 | 565,599.89 | 0.00 |
| 1 | 8/3/2009 | 0.000000000 | 4,456,718.00 | 0.00 | 0.00 |
| 2 | 12/7/2012 | 0.126909451 | 4,456,718.00 | 565,599.64 | 0.00 |
| Totals: | | | | 565,600 | 0.00 |

USA-000540

**Appendix 2 Period Information**

| Date | Tax | Penalty | Penalty Transferred | Notes |
|------|-----|---------|---------------------|-------|
| 8/3/2009 | 0 | 0 | 0 | Interest Computation Date |
| 12/7/2012 | 0 | 0 | 0 | |

USA-000541

**Appendix 3 Period Information**

| Period | Date | Number of Days | Cumulative Factor |
|--------|------|----------------|-------------------|
| 1 | 8/3/2009 | 0 | 0.000000000 |
| 2 | 12/7/2012 | 1222 | 0.126909451 |

USA-000542

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>K - Debts of Decedent |
|---|---|---|
| Name of taxpayer<br>Chaim Lax | Tax Identification Number<br>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 | Year/Period ended<br>11/03/2008 |

### K - Debts of Decedent

| Item # | Description | Returned/Assessed | Corrected |
|---|---|---|---|
| 3 | Income Tax Liability for Years 2002, 2003, 2004 & 2006 | 0 | 32,040,023 |
| 5 | Debt Arising from Postmarital Agreement | 1,550,000 | 0 |
| 6 | Debt Arising from Postmarital Agreement | 1,500,000 | 0 |
| 9 | Debts to be Determined | 3,256,225 | 0 |
| | Total of these Items | 6,306,225 | 32,040,023 |
| | Shown on Return | | 6,306,225 |
| | Change to Schedule | | 25,733,798 |

Item 3 (Income Tax Liabilities): For settlement purposes only, this debt has been allowed as a deduction either because it has actually been paid or reasonably expected to be paid in accordance with IRC Section 2053.

Item 5 (Postmarital Agreement) has been disallowed because this debt has not been paid as required under IRC Section 2053.

Item 6 (Postmarital Agreement) has been disallowed because this debt has not been paid as required under IRC Section 2053.

Item 9 (Debts of the Decedent "to be determined") has been disallowed because this debt has not been paid as required under IRC Section 2053.

USA-000543

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>State Death Tax Deduction |
|---|---|---|
| Name of taxpayer<br>Chaim Lax | Tax Identification Number<br>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 | Year/Period ended<br>11/03/2008 |

## State Death Tax Deduction

| Item # | Description | Returned/Assessed | Corrected |
|---|---|---|---|
| 1 | State Death Tax Deduction | 0 | 1,619,568 |
|  | Total of these Items | 0 | 1,619,568 |
|  | Shown on Return |  | 0 |
|  | Change to Schedule |  | 1,619,568 |

For purposes of the tax imposed by Section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent) Code Section 2058.

USA-000544