

**U.S. Department of Justice**

**Tax Division**

*Trial Attorney: Kari M. Larson*                     *Please reply to:*     *Civil Trial Section, Northern Region*
*Attorney's Direct Line: 202-532-3728*                                      *P.O. Box 55*
*Fax No.: 202-514-5238*                                                     *Washington, D.C. 20044*

DAH:DMK:KMLarson
DJ 5-52-20275
CMN 2017102332

February 9, 2021

Honorable I. Leo Glasser
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    USA v. Moshe Lax, et al.
             1:18-cv-04061 (E.D.N.Y.)

Dear Judges Glasser and Kuo:

      We write to ask that third-party witness Martin Ehrenfeld be found in contempt of court and that sanctions be imposed to bring about his compliance with the Orders of this Court. After failing to appear January 5, 2021 in response to the United States' subpoena, Mr. Ehrenfeld was ordered by Judge Kuo to appear and give testimony on February 4, 2021. ECF No. 208. He was served with this Order immediately after issuance and reminded of the deposition by both the government and the court reporting service. ECF No. 209; Exs. 1, 2. He again did not appear, ignoring not only the United States' subpoena, but also Magistrate Judge Kuo's Order requiring him to appear and give testimony.

      This is not Mr. Ehrenfeld's first instance of disobeying this Court's orders. Mr. Ehrenfeld was ordered to comply with the United States' document subpoena in 2020. *See* Aug. 7, 2020 Minute Order. Despite initially assuring the Court he would comply, he did no such thing. We sought an order compelling his compliance. Our motion was granted, and Mr. Ehrenfeld was ordered to produce documents responsive to our subpoena. Aug. 7, 2020 Minute Order. Mr. Ehrenfeld ignored Judge Kuo's Order and did not respond to our document subpoena. We moved for contempt sanctions, which motion remains pending. *See* ECF No. 175 and related exhibits.

      This Court's Orders and our moving papers have been served on Mr. Ehrenfeld by email, text and mail. *See* ECF Nos. 166, 183, 205, 206, 208 and 209. Mr. Ehrenfeld previously communicated with us through these methods and we have no reason to believe our messages did not reach him. Further, Mr. Ehrenfeld is the brother-in-law of two defendants, Moshe and Shaindy Lax. Mr. Ehrenfeld is married to Shaindy's sister, and we have discussed his status and whereabouts with both Moshe and Shaindy Lax.

Mr. Ehrenfeld is an important witness. He sent and received thousands of emails relating to many of the counts in our complaint. He worked closely with Moshe Lax in Lax's role as co-executor of Chaim Lax's estate. Mr. Ehrenfeld communicated directly with estate attorneys and accountants, and he served as the "Chief Restructuring Officer" in the assignment for the benefit of creditors ("ABC") transaction. This transaction, as we allege, allowed defendants to "sell" estate assets at an artificially low price to a corporation solely owned by defendant Shaindy Lax. In written discovery, defendant Zlaty Schwartz claims that it was Mr. Ehrenfeld who told her that payments were made under the self-cancelling installment note ("SCIN") that the Chaim Lax Family Trust gave to Chaim Lax in exchange for his ownership interest in LX Holdings, LLC. The SCIN's bona fides are at the heart of one of our counts. Apart from conflicting statements from Mrs. Schwartz as to who told her that payments were made, this hearsay evidence is the only discovery obtained from parties and third-party financial institutions suggesting that any payments might have been made. Because many of the deponents have testified in their depositions to having limited knowledge or recollection of events and transactions at issue in this suit, Mr. Ehrenfeld's testimony is even more important to secure.

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. These include summary criminal contempt authority, as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting a contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> …the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

§ 636(e)(6)(B)(iii). The magistrate judge may conduct a hearing or simply certify the facts presented. *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008). "The district court…, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." *Id*.

Under Rule 45 of the Federal Rules of Civil Procedure, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). Rule 45 grants the court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond v. Simon*, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994)); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). It is well-established that "[t]he power to punish for contempt is inherent in

all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The underlying concern is "disobedience to the orders of the [j]udiciary," not "merely the disruption of court proceedings." *Id* at 44 (*quoting Young v. United States*, 481 U.S. 787, 798 1987)). An individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. *See United States v. Petitio*, 671 F.2d 68, 72 (2d Cir. 1982).

The Court has previously indicated its willingness to recommend the imposition of a daily monetary sanction until Mr. Ehrenfeld complies. ECF No. 175 Ex. C. "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat. Org'n for Women v. Terry*, 866 F.2d 1339, 1353 (2d Cir. 1989). The ultimate consideration is whether the coercive sanction is reasonable in relation to the facts. *Id. See also Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12-CV-4502 (ALC), 2021 WL 39582, at *1 (S.D.N.Y. Jan. 5, 2021) (adopting magistrate's certification and report and recommendation increasing daily contempt sanctions from $5,000 to $15,000 due to defendant's refusal to comply with discovery obligations and court orders).

Mr. Ehrenfeld has defied this Court's January 15, 2021 and August 7, 2020 Orders. Mr. Ehrenfeld's non-compliance is simple: he was ordered to appear and provide testimony, and to produce documents. He has not done so. His non-compliance has seriously impaired our ability to conduct discovery—and demonstrates his disdain for the authority of this Court. This conduct is not acceptable. Mr. Ehrenfeld is an experienced financial and real estate professional who has previously represented to the Court that he is a business consultant. *See* ECF No. 175, Ex. E, at 21. As such, a daily sanction of $1,000 is reasonable and warranted to bring about Mr. Ehrenfeld's compliance.

Based upon the foregoing, the Government respectfully requests that Judge Kuo enter a Certification of Contempt under 28 U.S.C. § 636(e) for Mr. Ehrenfeld's failure to comply with the Court's August 7, 2020 and January 15, 2021 Orders and recommend imposition of a daily sanction of $1,000, and that Judge Glasser adopt the recommendation.

Respectfully submitted,

/s/ Kari M. Larson
Kari M. Larson
Senior Litigation Counsel

Cc: All parties (via ECF)
Martin Ehrenfeld via email and text message

Enclosures: As stated