

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

March 26, 2021

<u>Via ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *United States of America v. Moshe Lax, et al.*
                        <u>Case No. 18-cv-4061 (E.D.N.Y.)</u>

Dear Judge Kuo:

      This is to set forth a status update relating to your Honor's Order issued as to the Rule 30(b)(6) deposition subpoena served upon the undersigned non-party law firm Meltzer, Lippe, Goldstein & Breitstone, LLP ("MLGB") in the above-referenced matter. As per your Honor's request, Joseph Katz was contacted by the undersigned and asked if he would appear for a deposition as requested by Plaintiff. Mr. Katz, as Plaintiff was advised, stated he would not voluntarily appear for a deposition but stated in closing that he might agree to appear for a deposition if it meant that MLGB did not have to waste any more unpaid time in this matter in discovery such as the deposition subpoena served by Plaintiff. We made clear to Plaintiff's counsel that we do not know whether Mr. Katz was serious about this statement and offered to find out if he was if Plaintiff (and any other party) were agreeable to irrevocably waiving any further discovery of MLGB to save MLGB from having to waste even more unpaid time on this matter. Plaintiff did not accept this suggestion when it was discussed between the undersigned and Plaintiff's counsel on March 24, 2021 insisting, inexplicably, that the decision as to whether Plaintiff would be willing to do so was in the control of this firm. Although questioned by the undersigned, Plaintiff had no explanation for how that could be. Based on a conversation had, MLGB believes that counsel for Zlaty Schwartz would agree to this suggestion if it could be worked out with Mr. Katz.

      The Court should also know that MLGB had requested prior to our March 24th conversation that Plaintiff's counsel identify the documents and an outline of the deposition topics about which Plaintiff intended to question MLGB (in an effort to narrow the scope of the deposition as your Honor suggested). Plaintiff recently provided a 10 page, single-spaced outline of deposition topics to the undersigned but no designation of documents. Plaintiff's topic outline was reviewed by the only estate planning attorney still employed by MLGB who had any role in the planning at issue that was done between 14 and 18 years ago. That attorney, as Plaintiff was advised, does not know or does not recall answers to <u>any</u> of the topics listed in that 10 page outline. As previously advised, MLGB simply has no one still employed by it with personal knowledge to answer Plaintiff's estate planning questions.

4845-7171-6066, v. 1

More problematic is that Plaintiff's outline evidences its intent to question MLGB about topics that are irrefutably privileged. **For but <u>one</u> example only**, Plaintiff identified that it intended to question MLGB as to "What advice did ML [i.e. the undersigned non-party law firm] provide [the defendants] regarding . . .". *See* the true copy of the 10 page, single-spaced topic outline provided by Plaintiff annexed hereto as Exhibit "A" at page 3, item III(B)(4). This was not the only item noting Plaintiff's intention to question MLGB about legal advice it had given. The Court should note that at least one of MLGB's former clients, Moshe Lax, has advised Plaintiff that he is asserting his attorney-client privilege as to anything the law deems privileged. *See* Exhibit "B" annexed hereto. MLGB has been advised by her counsel that Defendant Zlaty Schwartz will likewise assert privilege objections if the deposition proceeds.

Since, as your Honor was previously advised, MLGB already incurred approximately $41,000 in unpaid fees reviewing and producing documents and two separate privilege logs to Plaintiff pursuant to its document subpoena, and any Rule 30(b)(6) witness will have to review those records to see if any of those documents refresh their memory in order to be able answer any of the topics outlined in Plaintiff's 10 page, single-spaced topic outline (Exhibit "A") costing MLGB, it was undisputed by Plaintiff, another $41,000 or more in unpaid fees which is not going to result in a witness being able to testify upon personal knowledge, MLGB filed a Rule 72 motion requesting that the Honorable Judge Leo Glasser set aside the Order. *See* Docket "221". Put simply, it is MLGB's position that, having previously lost approximately $41,000 in unpaid fees complying with Plaintiff's discovery requests, it is an unreasonable burden to direct it to lose another $41,000 or so in unpaid fees to produce a witness who will not have personal knowledge for a Rule 30(b)(6) deposition at which privilege issues will pervade the entire deposition.

Respectfully Submitted,

Thomas J. McGowan, Esq.

cc:   Kari M. Larson, Esq.
      James Mahon, Esq.
      Moshe Lax
      (via email)