

U.S. Department of Justice

Tax Division

*Trial Attorney: Kari M. Larson*  
*Attorney's Direct Line: 202-532-3728*  
*Fax No.: 202-514-5238*

*Please reply to:*   Civil Trial Section, Northern Region  
P.O. Box 55  
Washington, D.C. 20044

DAH:DMK:KMLarson  
DJ 5-52-20275  
CMN 2017102332

March 29, 2021

Honorable Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re:    USA v. Moshe Lax, et al.  
               1:18-cv-04061 (E.D.N.Y.)

Dear Judge Kuo:

    We write to provide a status update on the United States' Fed.R.Civ.P. 30(b)(6) subpoena served on Meltzer Lippe and our progress in complying with your March 12, 2021 Minute Order.

    The Minute Order required the following:

1. The United States was to define more clearly the 30(b)(6) deposition scope;

2. Meltzer Lippe and the United States were to discuss whether and to what extent written questions could narrow the 30(b)(6) deposition scope;

3. Meltzer Lippe was to identify which questions it viewed as eliciting privileged communications and identify the client and whether that client has waived privilege;

4. Meltzer Lippe was to facilitate the deposition of its former Member, now Counsel, Joseph Katz; *see* https://www.meltzerlippe.com/attorneys/joseph-katz/;

5. The parties were to agree to a deposition schedule; and

6. Defendants Zlaty Schwartz and Moshe Lax were to identify which questions they each viewed as eliciting privileged communications.

    In compliance with the March 12, 2021 Minute Order, the United States prepared written questions for Meltzer Lippe, Zlaty Schwartz and Moshe Lax to review. We also identified which documents would likely be used relating to each topic area. We tried to discuss the questions

with Meltzer Lippe but the discussion was not fruitful. Meltzer Lippe refused to provide any potential deposition dates. We requested that no later than March 26, 2021, Zlaty Schwartz and Moshe Lax identify specific questions as seeking privileged information. Mr. Lax asserted a blanket objection, but we advised him that objections must be made on a question-by-question basis. He did not provide any further response. Zlaty Schwartz did not respond in any fashion.

Meltzer Lippe also advised us that its Counsel Joseph Katz will only consider appearing for a deposition if we withdraw our 30(b)(6) subpoena. Without knowing whether Mr. Katz has sufficient recollection to respond to our questions, we cannot agree to withdraw our 30(b)(6) subpoena. If Mr. Katz is able enough to provide testimony, and Meltzer Lippe can respond to some of our questions, a 30(b)(6) deposition may be unnecessary. But without Meltzer Lippe's cooperation, we cannot make that determination.

Additionally, Meltzer Lippe has objected to the March 12, 2021 Minute Order as it relates to the 30(b)(6) deposition. Meltzer Lippe did not object to the portion of the Minute Order about the voluntary deposition of its Counsel Joseph Katz. For these reasons, we request a second conference to help the parties resolve the matter that remains pending—the deposition of Meltzer Lippe's Counsel Joseph Katz.

Respectfully submitted,

/s/ Kari M. Larson
Kari M. Larson
Senior Litigation Counsel

Cc: All parties (via ECF)