UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,　　　　　　　　MEMORANDUM AND ORDER
　　　　　　　　　　　　　　　　　　　　　　　　18-CV-4061 (ILG) (PK)
    v.

MOSHE LAX, individually, as an executor of the
Chaim Lax Estate, as a trustee of the Chaim Lax
Family Trust, and as a trustee of the GAMA Trust;
ZLATY SCHWARTZ, individually, as executor of
the Chaim Lax Estate, as trustee of the Chaim Lax
Family Trust, and as a trustee of the GAMA Trust;
SHAINDY LAX; JUDITH LAX; J.L., a minor;
299 HEWES STREET REALTY CORP; 307
HEWES STREET REALTY CORP; JBAM
REALTY LLC, a/k/a JBAM REALTY 2 LLC;
BEN ZION JACOBOWITZ; TOBY
JACOBOWITZ; SL HOLDINGS I, LLC; SL
HOLDINGS II, LLC; SL HOLDINGS III, LLC;
SL HOLDINGS IV, LLC; SL HOLDINGS V,
LLC; DIAMOND DYNAMICS LLC; KGK
JEWELRY LLC; CONGREGATION BAIS
YEHUDAH D'GANITCH; LX HOLDINGS
LLC; MORRIS SCHLAGER; GITTY
SCHLAGER; JOSEPH GREEN; HANNAH
GREEN; HENNY GREEN; and HERSHI
GREEN,

                Defendants.
-------------------------------------------------------------x
GLASSER, Senior United States District Judge:

      On July 16, 2018, plaintiff United States of America (the "Government") commenced this action against defendant Moshe Lax and 24 other defendants, seeking various forms of relief related to unpaid tax liabilities. On June 18, 2019, the Government filed an Amended Complaint against all defendants. Am. Compl., Dkt. 106. Before the Court is non-party law firm Meltzer, Lippe, Goldstein & Breitstone, LLP ("MLGB")'s objections to and appeal from a minute order by

1

Magistrate Judge ("MJ") Kuo pursuant to Rule 72 of the Federal Rules of Civil Procedure. Dkt. 221.

## BACKGROUND

MLGB is a law firm in Mineola, New York that provided legal services relating to the estate planning at issue in this case. *See* MLGB's Obj. to March 12, 2021 Min. Order ("MLGB Obj.") at 4, Dkt. 221; Pl. Resp. in Opp. to MLGB Obj. ("Pl. Resp. in Opp.") at 1, Dkt. 227. On February 25, 2021, MLGB and the Government filed a joint motion for a pre-motion conference pursuant to MJ Kuo's Individual Practice Rule VI to resolve a discovery dispute. Dkt. 218. The dispute concerns MLGB's objection to a deposition subpoena served by the Government on MLGB pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rule 30(b)(6)"). *Id*. A pre-motion conference was held on March 12, 2021 and the parties were heard on the discovery dispute. *See* Tr. of Civ. Cause for Telephone Conf. ("Conf. Tr."), Dkt. 225.

Following the conference, on March 12, 2021, MJ Kuo issued a minute order directing the Government, defendant Zlaty Schwartz, and MLGB "to confer regarding the proposed Rule 30(b)(6) deposition of MLGB to more clearly define the scope of the questions the United States intends to ask." March 12, 2021 Min. Order ("Minute Order"). MJ Kuo further directed the parties to discuss whether written questions and answers could narrow the scope of the proposed deposition. *Id*. The Minute Order made clear that MJ Kuo was not ordering deposition by written questions and was instead requiring the parties to exchange information in advance to enable proper preparation for a deposition by oral examination. *Id.*

MLGB was also ordered to provide information regarding privilege assertions to any proposed questions and to facilitate, to the extent possible, the deposition of non-party[1] Joseph Katz. *Id.* The Government, Zlaty Schwartz, and MLGB were ordered to complete the required discussions and agree on a joint deposition schedule by March 26, 2021. *Id.*

An oral motion by MLGB for anticipated attorneys' fees for time spent preparing for the proposed Rule 30(b)(6) deposition was denied. *Id.* The Minute Order did not explicitly direct that the proposed Rule 30(b)(6) deposition was to occur.

On March 25, 2021, MLGB filed a notice of objections to and appeal from the Minute Order pursuant to Rule 72 of the Federal Rules of Civil Procedure ("MLGB's Objections"). Dkt. 221. On March 26, 2021, MLGB filed a letter to MJ Kuo providing a status update on the discovery dispute. Dkt. 222. That same day, MLGB filed a supplement to its March 25, 2021 objections that provided a transcript of the pre-motion conference as an additional exhibit. Dkt. 223. The Government filed a status report on the discovery dispute on March 29, 2021. Dkt. 226. The Government filed its response to MLGB's Objections on April 1, 2021. No reply was filed.

MLGB has argued that the proposed Rule 30(b)(6) deposition should be quashed, but no motion to quash by any party has been ruled upon by MJ Kuo. The Government has not sought to compel MLGB's participation in the Rule 30(b)(6) deposition.

## RELEVANT LAW

Rule 72(a) of the Federal Rules of Civil Procedure provides that upon objection to a magistrate judge's order on a pretrial, non-dispositive matter, a district court must "modify or set

---

[1] Mr. Katz is a retired attorney who worked for MLGB. *See* Conf. Tr. 11:14-21. The Minute Order notes that MLGB "maintains an unspecified professional relationship" with Mr. Katz.

3

aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  Matters concerning pretrial discovery issues generally are regarded as non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  An order by a magistrate judge is "contrary to law" where "'it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *New Falls Corporaton v. Soni*, 2021 WL 878742, at *3 (E.D.N.Y. Mar. 8, 2021) (quoting *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004)).  "This standard is 'highly deferential,' 'imposes a heavy burden on the objecting party,' and 'only permits reversal where the magistrate judge abused his discretion.'" *Summa v. Hofstra University*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (quoting *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002)).

## DISCUSSION

At issue is whether the Minute Order regarding the proposed Rule 30(b)(6) deposition should be modified or set aside as clearly erroneous or contrary to law.  MLGB first states that the Minute Order "direct[ed]" the deposition of MLGB.  MLGB Obj. at 1.  MLGB argues that the Minute Order should be reversed and set aside pursuant to Rule 72 because the Government's deposition subpoena would subject MLGB to undue burden and seeks to question MLGB about privileged matters.  *Id.* at 2, 7-11.  MLGB also argues that the deposition subpoena should be quashed pursuant to Rule 45(d)(3)(A) and Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil

4

Procedure. *Id.* at 8-11. MLGB cited no authority in connection with Rule 72(a) and did not contend that MJ Kuo abused her discretion with respect to the Minute Order.[2]

The Government, on the other hand, argues that MLGB's Objection is misplaced and premature because the Minute Order did not rule on substantive issues of undue burden and privilege. Pl. Resp. in Opp. at 1-2. The Government argues that the Minute Order generally requires the parties to work together to resolve their discovery disputes and that MLGB "is objecting to rulings that were not made." *Id.* at 5. The Government also addressed MLGB's arguments regarding undue burden and privilege in the event the Minute Order could be construed as a ruling on those substantive issues. *Id.* at 6-11.

MLGB's Objection is denied as untimely and misplaced. As an initial matter, MLGB premises its objections on issues of undue burden and privilege. Other than denying MLGB's motion for anticipated attorneys' fees, MJ Kuo did not substantively rule on the issues of undue burden and privilege with respect to preparing and appearing for a Rule 30(b)(6) deposition. Though the parties argued these issues in their submissions and at the pre-motion conference, neither a motion to quash nor a motion to compel has been ruled upon by MJ Kuo as to the deposition. MLGB's arguments are premature.

In addition, MLGB incorrectly asserts that the Minute Order directed that it appear for a Rule 30(b)(6) deposition. MLGB Obj. at 5. The Minute Order makes no such explicit direction and, in fact, at least twice refers to the deposition as "proposed." Moreover, during the March 12, 2021 pre-motion conference, the Court contemplated that a Rule 30(b)(6) deposition of MLGB

---

[2] MLGB's Objection did not object to the portion of the Minute Order concerning MLGB's facilitation of the deposition of Mr. Katz.

5

may not even be necessary if the parties can obtain adequate information from Mr. Katz.  *See* Conf. Tr. 25:3-14.

MLGB thus appears to be largely "objecting to rulings that were not made" by MJ Kuo. Pl. Resp. in Opp. at 5.  It has failed to meet its heavy burden of demonstrating that MJ Kuo abused her discretion or that the Minute Order was clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, MLGB's objection is **DENIED** and MJ Kuo's Minute Order is **AFFIRMED**.

SO ORDERED.

Dated:      Brooklyn, New York
            April 22, 2021

/s  
I. Leo Glasser                                    U.S.D.J.