UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
UNITED STATES OF AMERICA,

                Plaintiff,

                -against-

MOSHE LAX, individually, as an executor of the Chaim Lax Estate, as a trustee of the Chaim Lax Family Trust, and as a trustee of the GAMA Trust; ZLATY SCHWARTZ, individually, as executor of the Chaim Lax Estate, as trustee of the Chaim Lax Family Trust, and as a trustee of the GAMA Trust; SHAINDY LAX; JUDITH LAX; J.L., a minor; 299 HEWES STREET REALTY CORP; 308 HEWES STREET REALTY CORP; JBAM REALTY LLC, a/k/a JBAM REALTY 2 LLC; BEN ZION JACOBOWITZ; TOBY JACOBOWITZ; SL HOLDINGS I, LLC; SL HOLDINGS II, LLC; SL HOLDINGS III, LLC; SL HOLDINGS IV, LLC; SL HOLDINGS V, LLC; DIAMOND DYNAMICS LLC; KGK JEWELRY LLC; CONGREGATION BAIS YEHUDAH D'GANITCH; LX HOLDINGS LLC; MORRIS SCHLAGER; GITTY SCHLAGER; JOSEPH GREEN; HANNAH GREEN; HENNY GREEN; and HERSHI GREEN,

                Defendants.
--------------------------------------------------------------- x

**REPORT & RECOMMENDATION**

18-cv-04061 (ILG)(PK)

**Peggy Kuo, United States Magistrate Judge:**

        Plaintiff United States of America filed a Letter Motion for Certification of Contempt (Dkt. 175) and a Second Letter Motion for Certification of Contempt (Dkt. 216, collectively, the "Motions"), concerning third-party Martin Ehrenfeld's failure to comply with document and deposition subpoenas and with the undersigned's orders to comply with those subpoenas. The Motions seek an order imposing a $1,000 daily sanction until Ehrenfeld complies with the subpoenas and the undersigned's orders.

        For the reasons below, the undersigned certifies the following facts to The Honorable I. Leo

1

Glasser and respectfully recommends that he issue an order to show cause as to why Martin Ehrenfeld should not be found in contempt at a hearing to be held at a date and time to be set by Judge Glasser.

## PROCEDURE ON A MOTION FOR CIVIL CONTEMPT

"United States magistrate judges have limited civil contempt authority." *Ferrara v. BD Haulers Inc.*, No. 11-CV-940 (ADS) (ARL), 2018 WL 3625347, at *3 (E.D.N.Y. Apr. 30, 2018), *R&R adopted*, 2018 WL 4087914 (E.D.N.Y. Aug. 27, 2018). Magistrate judges may issue orders of contempt for misbehavior in the judge's presence and may exercise criminal and civil contempt authority in misdemeanor cases and in civil cases in which the parties have consented to magistrate judge jurisdiction. 28 U.S.C. § 636(e)(2)-(4). In all other instances, the magistrate judge

> shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). In certifying the facts, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotations omitted).

The undersigned accordingly certifies the following facts to Judge Glasser pursuant to 28 U.S.C. § 636(e)(6)(B)(iii).

## CERTIFIED FACTS

A.   **Martin Ehrenfeld's Failure to Comply with a Document Subpoena**

1. On November 14, 2019, Ehrenfeld was personally served with a subpoena requiring him to produce documents to the Plaintiff on November 22, 2019. ("Document Subpoena," Dkt. 153-1; Declaration of Pingping Zhang ("Zhang Decl."), Dkt. 153-2; Ex. A to Zhang Decl., "Proof of Service," Dkt. 153-3).

2

2. The Document Subpoena stated that Ehrenfeld was "**COMMANDED** to produce" certain specifically identified documents to the United States' Attorney's Office on November 22, 2019 at 10:00 am. (Document Subpoena at 1; *see also id.* at 7 (identifying eleven specific requests for certain categories of documents).)

3. As of December 3, 2019, Plaintiff did not receive the requested documents. (Ex. B to Zhang Decl., "Dec. 3, 2019 Letter," Dkt. 153-4.)

4. On December 3, 2019, Plaintiff's counsel sent Ehrenfeld a letter requesting that he produce the subpoenaed documents by December 13, 2019. (Zhang Decl. ¶ 3; Dec. 3, 2019 Letter.) The letter informed Ehrenfeld that if the government did "not receive the requested documents and information by December 13, 2019, the United States will have to file a motion to seek an order from the U.S. District Court for the Eastern District of New York to compel your compliance with the subpoena." (Dec. 3, 2019 Letter; Zhang Decl. ¶ 3.)

5. On December 17, 2019, Ehrenfeld called Plaintiff's counsel and "told her that there is no need to move to compel and that he is willing to cooperate with the government." (Zhang Decl. ¶ 4.) Ehrenfeld indicated that he had the requested information in his Gmail account and asked for a delay in production "until after the 2019 holidays." (*Id.*)

6. On January 3, 2020, Plaintiff's counsel sent Ehrenfeld an email "proposing certain protocols for Mr. Ehrenfeld to produce the electronic information stored in his [G]mail account." (*Id.* ¶ 5; Ex. C. to Zhang Decl., "Jan. 3, 2020 Email," Dkt. 153-5.) Acknowledging Ehrenfeld's "concern with [a] *Kovel* arrangement"[1] covering

---

[1] A *Kovel* agreement would potentially extend the attorney-client privilege to communications with a non-lawyer, such as an accountant, working with a lawyer and client when "the communication [is] made in confidence for the purpose of obtaining legal advice from the lawyer." *See United States v. Kovel*, 296 F.2d 918, 921-923, (2d Cir. 1961).

3

communications between Ehrenfeld and Defendant Moshe Lax, Plaintiff proposed, among other things, that Ehrenfeld produce a copy of any such agreement. (Jan. 3, 2020 Email.) Plaintiff's counsel further suggested that if Ehrenfeld did not have a copy of the purported *Kovel* agreement, he could "provide any contemporaneous documents proving the existence of such agreement and the terms of the agreement (*e.g.*, scope of subject matters, date range, etc.)." (*Id.*) Plaintiff offered to "work with Moshe Lax to identify the scope of the privileges, if any, and a set of search terms/filters." (*Id.*)

7. On January 7, 2020, Ehrenfeld indicated to Plaintiff's counsel "that he would look for a *Kovel[]* agreement requested by the United States and would call [Plaintiff's counsel] by late on January 9 or early on January 10[, 2020]." (Zhang Decl. ¶ 6.)

8. Plaintiff's counsel did not receive any call from Ehrenfeld on either January 9 or January 10, 2020. (*Id.* ¶ 7.)

9. On January 14 and January 16, 2020, Plaintiff's counsel called Ehrenfeld three times, and on January 14, 2020, Plaintiff's counsel sent Ehrenfeld a text message asking him to call her back. (*Id.* ¶ 8.) Ehrenfeld "did not answer or return any of the phone calls," and Plaintiff's counsel was unable to reach Ehrenfeld. (*Id.* ¶¶ 8-9.)

10. On February 27, 2020, Plaintiff's counsel spoke to Ehrenfeld by telephone concerning compliance with the Document Subpoena. (Declaration of Ali Gadelhak, "Gadelhak Decl.," Dkt. 240 ¶ 3.) Ehrenfeld explained that he recently underwent surgery and was recovering in Florida. (*Id.*) Ehrenfeld stated that there might be a *Kovel* agreement that would prevent his compliance with the Document Subpoena. (*Id.*) Plaintiff's counsel requested a copy of the agreement. (*Id.*)

11. On March 16, 2020, Plaintiff filed a letter motion to compel Ehrenfeld's compliance with the Document Subpoena. (Dkt. 153.)

4

12. A telephone hearing on the motion to compel was held before the undersigned on May 13, 2020. (Minute Entry Dated May 14, 2020.) Ehrenfeld appeared by telephone. (*Id.*) Ehrenfeld stated that Defendant Moshe Lax had asserted attorney-client privilege over emails between Ehrenfeld and Defendant Lax, and that Ehrenfeld and Defendant Lax had *Kovel* agreements with various law firms. The minute entry for the May 13, 2020 hearing states:

> Mr. Ehrenfeld is directed to produce the *Kovel[]* agreements or information as to why such information is inaccessible, to Plaintiff, by **May 27, 2020**. Mr. Ehrenfeld is further directed, if asserting privilege, to produce a privilege log, by **June 30, 2020**.

(Minute Entry Dated May 14, 2020 (emphasis in original).)

13. Plaintiff filed proof of service by email of the minute entry for the May 13, 2020 hearing on Ehrenfeld. ("Plaintiff's Proof of Service of May 14, 2020 Minute Entry," Dkt. 155.)

14. On June 22, 2020, Plaintiff's counsel spoke to Ehrenfeld by telephone, and Ehrenfeld told Plaintiff's counsel that he was unable to locate any *Kovel* letters "despite reaching out to accounting firms and a law firm." (Gadelhak Decl. ¶ 4.) Plaintiff's counsel asked which firms Ehrenfeld contacted, but Ehrenfeld refused to tell him. (*Id.*) Later that day, Ehrenfeld sent Plaintiff's counsel a screenshot of a series of text messages between Ehrenfeld and an attorney at the law firm Morrison Cohen regarding "the [d]ocument production for the DOJ matter vs. Moshe Lax." (*Id.*; *see also* Ex. A to the Gadelhak Decl., "Attachment to June 22, 2020 Emails," Dkt. 240-1.) The Morrison Cohen attorney wrote to Ehrenfeld on Thursday, May 28, "We have been unable to locate the documents you seek. Apologies." (Attachment to June 22, 2020 Emails at 3.) Plaintiff's counsel emailed Ehrenfeld on June 22, 2020 asking if Ehrenfeld had any proof of similar communications with other law firms, but Ehrenfeld did not respond. (*Id.* at 1; Gadelhak Decl. ¶ 4.)

5

15. On July 17, 2020, Plaintiff's counsel emailed Ehrenfeld requesting a status update regarding Ehrenfeld's compliance with the Document Subpoena. (Gadelhak Decl. ¶ 5; Ex. B to the Gadelhak Decl., "July 17, 2020 Email," Dkt. 240-2 at 1.) Ehrenfeld did not reply to that email. (Gadelhak Decl. ¶ 5.) Plaintiff's counsel tried to call Ehrenfeld, but his voicemail box was full. (July 17, 2020 Email at 1.)

16. On July 28, 2020, the parties appeared before the undersigned for a status hearing by telephone. (Minute Entry and Order dated July 28, 2020.) Ehrenfeld did not appear at that hearing. (*Id.*) Plaintiff made an oral request for an order to show cause why Ehrenfeld should not be held in contempt for failure to comply with the Court's May 14, 2020 order. (*Id.*) The undersigned granted the request and ordered Ehrenfeld "to show cause why he should not be held in contempt for failure to comply with the Court order of May 14, 2020 ordering him to make certain productions no later than June 30, 2020." (*Id.*)

17. A show cause hearing was scheduled for August 4, 2020. (*Id.*)

18. Plaintiff notified Ehrenfeld of the August 4, 2020 hearing by serving him with a copy of the July 28, 2020 Order by email and first class U.S. Mail to his last known address on July 30, 2020. ("Plaintiff's Certificate of Service of July 28, 2020 Order," Dkt. 164.)

19. Ehrenfeld did not appear at the August 4, 2020 show cause hearing. (Minute Entry and Order dated Aug. 7, 2020.)

20. On August 7, 2020, the undersigned ordered Ehrenfeld to comply with the Document Subpoena and produce all the documents demanded by August 20, 2020:

> The Court finds that Mr. Ehrenfeld has not presented any evidence of a *Kovel[]* agreement that would prevent him from complying with the subpoena. **Accordingly, Martin Ehrenfeld is ordered to comply with the subpoena at [153-1] forthwith and produce all the documents demanded.** If he fails to comply by **August 20, 2020**, the Court respectfully recommends that Mr. Ehrenfeld be found in contempt and that a daily sanction be imposed on him until he complies.

(*Id.* (emphasis in original).)

21. On August 10, 2020, Plaintiff served Ehrenfeld by email with a copy of the August 7, 2020 order and a copy of the Document Subpoena dated November 1, 2019. ("Plaintiff's Certificate of Service of August 7, 2020 Order," Dkt. 166.)

22. As of May 27, 2021, Ehrenfeld has produced no documents pursuant to the Document Subpoena or the August 7, 2020 order. (Gadelhak Decl. ¶ 7.)

B.   **Martin Ehrenfeld's Failure to Comply with a Deposition Subpoena**

1. On November 27, 2020, Plaintiff filed a letter motion requesting an order authorizing alternative service of a deposition subpoena on Ehrenfeld by email, text message, and mail to his last known address. ("Plaintiff's Letter Motion for Alternate Service," Dkt. 183.)

2. On December 1, 2020, the undersigned granted Plaintiff's request for alternative service of a deposition subpoena on Ehrenfeld. (Order dated Dec. 1, 2020.) The deposition subpoena was ordered to be served by email and text message, as well as by mail to Ehrenfeld's last known address. (*Id.*)

3. The deposition subpoena stated that "Martin Ehrenfeld a/k/a Mordechai Ehrenfeld" was "**COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action." ("Deposition Subpoena," Dkt. 205-1 at 3.) The subpoena clearly stated that Ehrenfeld either needed to appear at the U.S. Attorney's Office for the Eastern District of New York, "or a suitable alternative with sufficient internet connectivity and a web camera" on January 5, 2020 at 9:00 am. (*Id.*)

4. The United States served Ehrenfeld with the Deposition Subpoena by email on December 18 and 29, 2020 at two email addresses (Ex. 1 to Motion to Compel Deposition, "December 2020 Emails," Dkt. 205-1); by text message on December 22, 2020 (Ex. 2 to Motion to Compel Deposition, "December 2020 Text Message Screenshots," Dkt. 205-

7

2); and by mail to his last known address on December 23, 2020 (Ex. 3 to Motion to Compel Deposition, "FedEx Proof of Delivery," Dkt. 205-3).

5. Ehrenfeld failed to appear for his deposition on January 5, 2021. (Gadelhak Decl. ¶ 6; "Motion to Compel Deposition," Dkt. 205 at 1; "Amended Motion to Compel Deposition," Dkt. 206 at 1.)

6. On January 15, 2021, the undersigned ordered Ehrenfeld to appear and give testimony at a February 4, 2021 remote deposition:

> This matter is before the Court on the United States' Unopposed Letter Motion to Compel Third-Party Martin Ehrenfeld's Compliance with the United States' Subpoena. For the reasons stated in the motion, and for good cause shown, the Court hereby **GRANTS** the United States' motion.
>
> Martin Ehrenfeld is **ORDERED** to appear and provide testimony on February 4, 2021, at the time and location as set forth in the United States' Subpoena, ECF No. 205-1.

(January 15, 2021 Order, Dkt. 208 at 1 (emphasis in original).) The United States was directed to serve a copy of the January 15, 2021 Order on Ehrenfeld by email and text message. (*Id.* at 2.)

7. On January 15, 2021, the United States served a copy of the January 15, 2021 Order on Ehrenfeld by email and text message. ("Plaintiff's Certificate of Service of January 15, 2021 Order," Dkt. 209.)

8. Ehrenfeld failed to appear for his deposition on February 4, 2021. (Gadelhak Decl. ¶ 6.)

9. As of May 27, 2021, Ehrenfeld has not appeared for any deposition. (*Id.* ¶ 7.)

### DISCUSSION

A court may hold a party in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial,*

*Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). The violation need not be willful. *Id.* (citing *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984)).

The undersigned's orders to produce documents and appear for a deposition were clear and unambiguous. The August 7, 2020 Order states, "**Martin Ehrenfeld is ordered to comply with the subpoena at [153-1] forthwith and produce all the documents demanded**" (emphasis in original). The January 15, 2021 Order states, "Martin Ehrenfeld is Ordered to appear and provide testimony on **February 4, 2021**, at the time and location as set forth in the United States' Subpoena, ECF No. 205-1." (emphasis in original).) The Document Subpoena and the Deposition Subpoena were similarly clear and unambiguous. (*See* Document Subpoena at 1, 7 (commanding Ehrenfeld to produce eleven sets of documents by November 22, 2019); Deposition Subpoena (commanding Ehrenfeld to appear in person or by video for a deposition on January 5, 2020 at 9:00 am.).)

Ehrenfeld's non-compliance is clear and convincing. He has not produced documents, and he has failed to appear for his scheduled deposition. (Gadelhak Decl. ¶¶ 6-7.) Moreover, there is no evidence that Ehrenfeld has made any effort to comply with the Court's orders, let alone a diligent or reasonable effort. He has not produced a privilege log, a copy of a *Kovel* agreement that extends Moshe Lax's attorney-client privilege to him or any information sufficient for Plaintiff to ascertain the scope of any such privilege. After his last appearance on May 13, 2020, he has failed to appear for court conferences to explain his failures or describe any ambiguity in the orders or subpoenas. He did not respond to Plaintiff's counsel's emails to ask any questions, request an extension of time to produce documents, or request to reschedule the deposition. The undersigned therefore finds sufficient evidence to establish a prima facie case of contempt.

## CONCLUSION

The undersigned certifies the foregoing facts, and respectfully recommends that The

9

Honorable I. Leo Glasser issue an order to show cause as to why Martin Ehrenfeld should not be found in contempt at a date and time to be set by Judge Glasser. In the event Judge Glasser finds Ehrenfeld to be in contempt, the undersigned recommends the imposition of a $1,000 daily sanction to secure his compliance with the document and deposition subpoenas and the undersigned's orders to comply with those subpoenas.

      Plaintiff is directed to serve a copy of this Report & Recommendation on Martin Ehrenfeld by all known email addresses, text message to any known phone numbers, and certified mail to his last known address, and file proof of service on the docket by **June 9, 2021**. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

        **SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
           June 7, 2021