```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────x
UNITED STATES OF AMERICA,                 :
                                          :
        Plaintiff,                        :       No. 1:18-cv-04061-ILG-PK
                                          :       Dist. Judge I. Leo Glasser
        v.                                :       Mag. Judge Peggy Kuo
                                          :
MOSHE LAX, individually, as an executor of :
the Chaim Lax Estate, as a trustee of the Chaim :
Lax Family Trust, and as a trustee of the GAMA :
Trust; ZLATY SCHWARTZ, individually, as   :
executor of the Chaim Lax Estate, as trustee of the :
Chaim Lax Family Trust, and as a trustee of the :
GAMA Trust; SHAINDY LAX; JUDITH LAX;      :
J.L., a minor; 299 HEWES STREET REALTY    :
CORP; 307 HEWES STREET REALTY CORP;       :
JBAM REALTY LLC, a/k/a JBAM REALTY 2      :
LLC; BEN ZION JACOBOWITZ; TOBY            :
JACOBOWITZ; SL HOLDINGS I, LLC;           :
SL HOLDINGS II, LLC; SL HOLDINGS III, LLC; :
SL HOLDINGS IV, LLC; SL HOLDINGS V, LLC;  :
DIAMOND DYNAMICS LLC; KGK JEWELRY         :
LLC; CONGREGATION BAIS YEHUDAH            :
D'GANITCH; LX HOLDINGS LLC;               :
MORRIS SCHLAGER; GITTY SCHLAGER;          :
JOSEPH GREEN; HANNAH GREEN;               :
HENNY GREEN; and HERSHI GREEN,            :
                                          :
        Defendants.                       :
─────────────────────────────────────────x
```

**UNITED STATES' COMBINED BRIEF IN SUPPORT OF ITS MOTION TO COMPEL MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP'S COMPLIANCE WITH THE MARCH 12, 2021 MINUTE ORDER AND WITH THE UNITED STATES' SUBPOENA, AND IN OPPOSITION TO MELTZER LIPPE'S MOTION TO QUASH**

Defying this Court's March 12, 2021 Minute Order and the United States' subpoena, Meltzer Lippe refuses to provide dates and identify a witness for a 30(b)(6) deposition. Meltzer Lippe is an important witness. The firm designed and structured the $40 million purported estate planning transaction at issue. Defendant Schwartz also relies on the firm's advice as her primary defense in this litigation. Because the firm is integral to this litigation, we seek an order to compel its compliance with our subpoena and the Court's Minute Order.

Meltzer Lippe's reasons for not complying, described in its motion to quash the subpoena, are lacking. It claims that preparing a 30(b)(6) witness would be unduly burdensome, despite information at its disposal that it has already gathered. It also wrongly claims that admissibility at trial is relevant to whether a subpoena is enforceable. Finally, it seeks to quash the subpoena claiming privilege concerns. But the derivative privilege holders agreed to certain questions; one has also waived privilege on certain topics. And the privilege holders can participate and assert privilege themselves.

## ARGUMENT

To determine whether a subpoena imposes an undue burden, "courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017) (internal citations omitted). Here, the United States must establish that the testimony sought is relevant. *Id.* Meltzer Lippe must then establish that compliance would be unduly burdensome. *Id.* But undue burden cannot be established by inconvenience alone. *See Kirshner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. 2005) (citing *Croom v. Western Conn. State Univ.*, 218 F.R.D. 15, 17 (D.Conn. 2002)); *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. 2020) (unsubstantiated claim that employees lack personal knowledge cannot prove undue burden).

### A. Meltzer Lippe fails to challenge the relevance of evidence sought.

Meltzer Lippe's actions and inactions are at the heart of this litigation—having designed the transaction that purportedly moved $40 million in assets from the IRS's reach—and

providing advice and assistance to the executors in their fraudulent efforts to continue these tax avoidance efforts.

No deponent has explained how the $40 million transaction was structured—and the documents Meltzer Lippe authored repeatedly refer to these details.[1] The Note itself claims that the transaction was "negotiated." ECF 249-5 at p. 26. The Purchase Agreement claims the property transferred was valued based on the current market values. *Id.* at p. 4. And it claims that the interest rate incorporates a premium because Chaim Lax might not survive to receive all payments under the note terms. *Id.* at p. 26-27. Joseph Katz, a former Meltzer Lippe attorney, testified that, while he conceptually discussed the SCIN, current Meltzer Lippe attorneys put the transaction together. Katz Tr at p.40 ln.2 – 20; p.47 ln.5 – p.48 ln.8. Katz didn't know how the interest rate was determined. *Id.* at p. 45 ln.21 – p.47 ln.4. He also didn't know how the properties were valued or whether valuations were done. *Id.* at p.42 ln.3 – p.43. ln.3. No witness to-date has provided this information.

The firm counters with irrelevant and incorrect assertions. First, the firm wrongly claims that the government wanted a two-sentence declaration instead of a deposition, and as such, a deposition is not needed. Then, Meltzer Lippe suggests that trial admissibility is the standard governing discovery's relevance. Both claims are incorrect.

---

[1] Defendant Moshe Lax claimed his Fifth Amendment privilege against self-incrimination at his deposition. ECF 252. Defendant Zlaty Schwartz "lacks knowledge" on many of these details. ECF 122 ¶¶ 59 et seq. Chaim Lax is deceased. Martin Ehrenfeld is the subject of a pending contempt motion for failure to appear for his deposition. ECF 241.

### 1. Whether alternatives to a deposition were considered does not make testimony irrelevant.

The Local Rules require counsel to cooperate with each other. LR 26.4. To this end, among other things, we proposed the possibility of a declaration rather than a deposition. *See* ECF 250-2. We provided three examples of types of statements to be included. *Id.* We did not suggest that these three examples alone would suffice rather than a deposition. The firm rejected our exemplary statements for various reasons and asked for a list of all statements we would want included in a declaration. *Id.* Having already provided counsel with our deposition questions (and to avoid engaging in a similar exercise for naught) we asked whether two of the exemplary statements could be modified to make them acceptable. Meltzer Lippe never responded to our entreaty. That we tried to negotiate to avoid moving to compel does not affect the importance of the firm's testimony.

### 2. Admissibility at trial, an evidentiary issue, does not concern whether the Federal Rules of Civil Procedure require production in discovery.

Meltzer Lippe is under the mistaken impression that questions of admissibility bear on whether discovery is relevant. ECF 250-9 at 6-7. The Rule itself, advisory committee notes, and relevant caselaw dispel Meltzer Lippe's erroneous interpretation. F.R.Civ.P. 26(b)(1); Advisory Committee's Note to 2015 amend.; *Travelers Prop. Cas. Co. of Am., LLC v. Daimler Trucks N. Am.*, LLC, 2015 WL 1728682 at *4 (S.D.N.Y. 2015). *See also Ierardi v. Lorillard, Inc.*, 1991 WL 158911, 1991 U.S.Dist. LEXIS 11887 (E.D.Pa. 1991) (requiring corporation to prepare Rule 30(b)(6) designee for deposition despite absence of corporate employee with personal knowledge of relevant events). "Information…need not be admissible in evidence to be discoverable." F.R.Civ.P. 26(b)(1). And it is without question that personal knowledge is not required to give testimony on behalf of a corporation. *Bank of New York v. Meridien BIAO Bank Tanzania*, Ltd.,

171 F.R.D. 135, 151 (S.D.N.Y., 1997) (deponent must be prepared "to the extent matters are reasonably available, whether from documents, past employees, or other sources."). The firm's focus on individuals' personal recollection as a basis to ignore a subpoena is erroneous.

### B. Meltzer Lippe fails to establish undue burden.

To establish undue burden, the firm must provide compelling evidence of the actual manner and extent of the purported burden, and the negative consequences of compliance. *Lindsey v. Butler*, 2017 WL 4157362 at *3 (S.D.N.Y. 2017). Whether a subpoena imposes an undue burden:

> requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an "undue burden" depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.

*Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *10 (S.D.N.Y. 2010) (internal quotation marks omitted, citation omitted). The firm must establish the manner and extent of the purported burden of preparing a witness beyond mere inconvenience. *Kirschner v. Klemons,* 2005 WL 1214330, at *2.

First, there is nothing extraordinary about this subpoena—and Meltzer Lippe does not dispute that. The firm designed and executed the $40 million transaction at issue, and one party relies on the firm's advice as a defense. Deposing Meltzer Lippe on non-privileged aspects of the transaction and advice given to that defendant is relevant.

5

The firm has had our questions from which to prepare since April. Meltzer Lippe can review billing records, privilege logs, and documents. These records are already gathered.[2] If Meltzer Lippe cannot answer questions about the $40 million transaction, despite the information at its disposal, that too is highly relevant to the bona fides of the purported estate planning transaction. We have tried to discuss the questions and are willing to clarify or narrow specific questions. But Meltzer Lippe has expressed no interest in this.

We would also agree to a Rule 31(a)(4) deposition—which may be "... more convenient, less burdensome and less expensive." *Fid. Mgmt. & Rsch. Co. v. Actuate Corp.*, 275 F.R.D. 63, 64-65 (D. Mass. 2011) (granting motion to compel 30(b)(6) testimony by written question, providing procedure for objections in order "to avoid a transcript riddled with objections and further motion practice.").

The firm simply contends that it doesn't need to comply. Given the firm's central role in this litigation, and our inability to obtain this information from other sources, mere inconvenience does not amount to an undue burden. Thus, the firm's claim of undue burden, in the face of an ordinary 30(b)(6) subpoena, where the evidence is otherwise unavailable, is unsupported.

### C. Meltzer Lippe's misplaced concerns over privilege are an insufficient basis to ignore the United States' subpoena.

As explained in our opening papers, our subpoena does not intentionally seek privileged communications. ECF 249-1 at 8-11. The parties agree that many topics do not impinge on

---

[2] The firm must review both privileged and non-privileged documents, as the parties have stipulated that certain areas of questioning are not privileged, and one defendant has waived privilege on other topics.

privileged communications. *Id.* at 8-9. And one defendant has waived privilege by relying on "advice of counsel," and by questioning the firm's actions and inactions in opposing summary judgment. *Id.* at 9-11. Meltzer Lippe's wrongly suggests that questions such as "What advice did Meltzer Lippe provide about…" are seeking to invade privilege. But because Defendant Schwartz relies on advice of counsel, this line of questions is at issue in the litigation. And certain questions are not designed to elicit privileged information at all. Significantly, none of the parties—generally, the holders of most potentially applicable privilege claims—have objected to this motion, nor did they seek protective orders.

Meltzer Lippe also claims it will raise attorney-client privilege on behalf of its former clients. ECF 250-9 at p. 8. But privilege belongs to the client. *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987). The privilege holders can assert or waive privilege as they see fit. Any obstruction with discovery by Meltzer Lippe is improper.

### D. Attempts to mischaracterize the parties' efforts to resolve this matter do not change the enforceability of a subpoena.

Meltzer Lippe raises multiple allegations about actions and communications by the United States. Even if those allegations were true, and they are not, they do not affect the enforceability of a 30(b)(6) subpoena. The cited documents and testimony speak for themselves. These misplaced allegations do not change the questions before the Court.

# CONCLUSION

For these reasons, the United States' Motion to Compel should be granted, and Meltzer Lippe's Motion be denied.

DATED: October 1, 2021

                                DAVID A. HUBBERT
                                Acting Assistant Attorney General

                                /s/ Kari M. Larson
                                KARI M. LARSON
                                Senior Litigation Counsel
                                Tax Division
                                U.S. Department of Justice
                                P.O. Box 403
                                Washington, D.C. 20044
                                202-532-3728 (v)
                                202-307-2504 (f)
                                Kari.M.Larson@usdoj.gov

                                PHILIP L. BEDNAR
                                STEPHANIE W. CHERNOFF
                                ALI GADELHAK
                                SAMUEL P. JONES
                                Trial Attorneys, Tax Division
                                U.S. Department of Justice
                                P.O. Box 55
                                Washington, D.C. 20044
                                P: 202-307-6415 (plb), 202-307-2251 (swc),
                                202-307-0854 (ag), 202-616-9085 (spj)
                                F: 202-514-5238 (plb, swc, ag, spj)
                                Philip.L.Bednar@usdoj.gov
                                Stephanie.W.Chernoff@usdoj.gov
                                Ali.Gadelhak@usdoj.gov
                                Samuel.P.Jones@usdoj.gov
                                Counsel for the United States