UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

                       Plaintiff,

-against-

MOSHE LAX, et al.,

                       Defendants.
---------------------------------------------------------------X

Case No.:
18-CV-04061(ILG)(PK)

### Reply Declaration
### In Further Support Of
### Cross-Motion To Quash Subpoena

I, Thomas McGowan, under 28 U.S.C. §1746, declare as follows:

1.    I am a member of Meltzer, Lippe, Goldstein & Breitstone, LLP ("MLG" or the "non-party law firm"). This declaration is respectfully submitted upon personal knowledge in further support of MLG's cross-motion to quash Plaintiff's subpoena and in response to Plaintiff's opposition to that motion. Plaintiff's opposition to MLG's cross-motion is, once again, a carefully crafted false narrative designed to inflame the Court against MLG.

2.    Plaintiff's opposition to MLG's cross-motion could only have been written in the hope that this Court would not notice that **Plaintiff does not dispute**:

> (i) the testimony of Michael Schaffer that it would take 80-100 hours of his billable time to either prepare for the deposition sought by Plaintiff or to try to find answers to the questions set forth in Plaintiff's seven page, single-spaced question list (with his normal billing rate being $475 per hour) for which he and MLG would not be paid after MLG previously incurred over $41,000 in unpaid time producing documents and privilege logs to Plaintiff pursuant to its subpoena *duces tecum* for a total exceeding $81,000 for non-party MLG to comply with Plaintiff's discovery requests - - yet Plaintiff

contends without support that MLG did not establish an undue burden even though the Court will undoubtedly recall that Plaintiff originally contended that MLG would not have an undue burden because its witness could consult with Joseph Katz, while contradicting its contention by simultaneously contending that Mr. Katz allegedly could not answer questions (Plaintiff also contended that Mr. Katz "suggested" that Mr. Schaffer could answer certain questions even though the record cited by Plaintiff for support evidenced the knowing falseness of that contention by Plaintiff);

(ii) that Plaintiff seeks to force non-party MLG to provide the undisputedly hearsay testimony of Mr. Schaffer even though Plaintiff does not dispute that such evidence would not be admissible at trial against any party (*see* Federal Rule of Evidence 801, et seq.) evidencing the undue burden Plaintiff seeks to impose on MLG through its latest subpoena;

(iii) that its seven page, single-spaced deposition questions included numerous questions relating to items it has <u>actual</u> knowledge were not prepared by MLG or that MLG's witness, Michael Schaffer, has no knowledge about including (a) the estate tax return of Chaim Lax which were prepared by a different law firm (as Plaintiff knows because she deposed those attorneys; (b) including numerous questions relating to Defendant Zlaty Schwartz who attested that she did not speak with anyone at MLG (*see* Docket 222) and (c) tax matters (which would have been handled by a former MLG attorney who has passed);

(iv) that its counsel admitted that Mr. Schaffer would not have personal knowledge if he was forced to testify but stated that she "did not care" and suggested that Mr. Schaffer review privileged documents in order to find and write down answers to Plaintiff's questions on its seven page list;

(v) that it proposed a "declaration in lieu of the deposition" setting forth three topics for the declaration (with one topic subsequently withdrawn by Plaintiff's counsel) yet now contends "[w]e did not suggest that these three examples alone would suffice rather than a deposition" **even though counsel's email contained no such language expanding the requirement for a "declaration in lieu of the deposition" to include anything other than its listed topics** and thus Plaintiff's current contention appears to be a desperate ploy to

distract this Court from the fact that Plaintiff's proposal of a declaration in lieu is an admission both that Plaintiff does not need to depose Mr. Schaffer and that it already has the answers to the questions it seeks to ask (*see* Exhibit "1" to McGowan original Decl.);

(vi) that statements made by Plaintiff in its original motion papers as the basis for that motion were demonstrably and knowingly false – evidencing a pattern and practice of it knowingly making false statements to this Court which earlier resulted in the Rule 11 sanctions motion being filed which is currently *sub judice* before this Court; and

(vii) that Plaintiff has already taken 30 to 40 depositions in this case of various parties, accountants and attorneys etc. (even though the Plaintiff has no authority to take more than 30 depositions - - *see* Minute Order issued December 9, 2020).

3. Based on the foregoing, MLG's cross-motion to quash Plaintiff's subpoena should be granted in its entirety.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of October, 2021.

_____
Thomas J. McGowan