```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
                                            ------x
UNITED STATES OF AMERICA,                        :
                                                 :
          Plaintiff,                             :
                                                 :
     v.                                          :    No. 1:18-cv-04061-ILG-PK
                                                 :
MOSHE LAX, individually, as an executor of       :    Dist. Judge I. Leo Glasser
the Chaim Lax Estate, as a trustee of the Chaim  :
Lax Family Trust, and as a trustee of the GAMA   :    Mag. Judge Peggy Kuo
Trust; ZLATY SCHWARTZ, individually, as          :
executor of the Chaim Lax Estate, as trustee of the :
Chaim Lax Family Trust, and as a trustee of the  :
GAMA Trust; SHAINDY LAX; JUDITH LAX;             :
J.L., a minor; 299 HEWES STREET REALTY           :
CORP; 307 HEWES STREET REALTY CORP;              :
JBAM REALTY LLC, a/k/a JBAM REALTY 2             :
LLC; BEN ZION JACOBOWITZ; TOBY                   :
JACOBOWITZ; SL HOLDINGS I, LLC;                  :
SL HOLDINGS II, LLC; SL HOLDINGS III, LLC;       :
SL HOLDINGS IV, LLC; SL HOLDINGS V, LLC;         :
DIAMOND DYNAMICS LLC; KGK JEWELRY                :
LLC; CONGREGATION BAIS YEHUDAH                   :
D'GANITCH; LX HOLDINGS LLC;                      :
MORRIS SCHLAGER; GITTY SCHLAGER;                 :
JOSEPH GREEN; HANNAH GREEN;                      :
HENNY GREEN; and HERSHI GREEN,                   :
                                                 :
          Defendants.                            :
                                            ------x
```

**STIPULATION FOR ENTRY OF FINAL PARTIAL JUDGMENT**

The Plaintiff United States of America, by and through its undersigned counsel, and the Defendant Shaindy Lax, individually, stipulate as follows and to the entry by the Court of a judgment to the following effect (and proffer an attached judgment):

WHEREAS, the Plaintiff United States of America commenced this action on July 16, 2018, to collect certain unpaid federal income and estate tax liabilities owed by the Estate of

1

Chaim Lax (the "Estate") and set aside certain fraudulent transfers of the Estate's assets, among other causes of action;

WHEREAS the Plaintiff United States of America and the Defendant Shaindy Lax wish to stipulate to a mutual resolution of the United States' claims against Defendant Shaindy Lax individually in this case;

NOW, THEREFORE, the United States and Defendant Shaindy Lax, stipulate and agree that a judgment may be entered as follows:

1. Without admitting or denying any of the Plaintiff United States' allegations contained in the Amended Complaint (Dkt. No. 106) or in this Stipulation, Defendant Shaindy Lax agrees that the Plaintiff United States of America is entitled to judgment against Defendant Shaindy Lax, individually, in the sum of $36,248,639, plus statutory additions from and after September 19, 2023, including prejudgment and post-judgment interest, for civil liability under N.Y. Debt. & Cred. Law §§ 273 and 276.

2. The basis for civil liability is as follows:

*(a) N.Y. Debt. & Cred. Law §§ 273 and 276 – Count VII*

3. It is alleged that and Shaindy Lax agrees for this stipulation only that the transfer of Dynamic Diamond Corporation's assets to Diamond Dynamics LLC was undertaken with actual intent to defraud the IRS under N.Y. Debt. & Cred. Law § 276, and was constructively fraudulent as to the IRS under N.Y. Debt. & Cred. Law § 273, and therefore is avoidable under N.Y. Debt. & Cred. Law § 276.

4. The Plaintiff United States of America is entitled to judgment in this case against the Defendant Shaindy Lax, individually, as a participant in the transfer and a person for whose benefit the transfer was made, in the sum of $10,280,000.

### *(b) N.Y. Debt. & Cred. Law §§ 273 and 276 – Count VIII*

5. It is alleged that and Shaindy Lax agrees for this stipulation only that the transfer of Chaim Lax's ownership interest in Madison Avenue Diamonds LLC to SL Holdings I LLC was undertaken with actual intent to defraud the IRS under N.Y. Debt. & Cred. Law § 276, and was constructively fraudulent as to the IRS under N.Y. Debt. & Cred. Law § 273, and therefore is avoidable under N.Y. Debt. & Cred. Law § 276.

6. The Plaintiff United States of America is entitled to judgment in this case against the Defendant Shaindy Lax, individually, as a participant in the transfer and a person for whose benefit the transfer was made, in the sum of $21,342,826.

### *(c) N.Y. Debt. & Cred. Law §§ 273 and 276 – Count X*

7. It is alleged that and Shaindy Lax agrees for this stipulation only that the transfer of LX Holdings LLC's interests in 301 Hooper LLC, l2 12 Lorimer Realty LLC, CHL Realty LLC, The Peace Park LLC, and 385 South 5th Realty LLC to SL Holdings I LLC, SL Holdings II LLC, SL Holdings III LLC, SL Holdings IV LLC, and/or SL Holdings V LLC (collectively, the "SL Companies") was undertaken with actual intent to defraud the IRS under N.Y. Debt. & Cred. Law § 276, and was constructively fraudulent as to the IRS under N.Y. Debt. & Cred. Law § 273, and therefore is avoidable under N.Y. Debt. & Cred. Law § 276.

8. The Plaintiff United States of America is entitled to judgment in this case against the Defendant Shaindy Lax, individually, as a participant in the transfer and a person for whose benefit the transfer was made, in the sum of $4,625,813.

**Continued Participation in Case**

9. The preliminary injunction entered by the Court on July 27, 2018 (Docket No. 15), shall be released as to Defendant Shaindy Lax.

10. Defendant Shaindy Lax shall remain a party to this action for all purposes.

**Non-Dischargeability in Bankruptcy**

11. Without admitting or denying any of the Plaintiff United States' allegations contained in the Amended Complaint (Docket. No. 106) or in this Stipulation, Defendant Shaindy Lax agrees that Plaintiff's judgment against Shaindy Lax is the result of money obtained by fraud, and, accordingly, is a non-dischargeable debt to Plaintiff United States pursuant to 11 U.S.C.S. § 523 (a)(2)(A) and *Bartenwerfer v. Buckley*, 143 S. Ct. 665 (2023).

**Final Partial Judgment Under Rule 54(b)**

12. There is no just reason for delaying the entry of this stipulated judgment as a final partial judgment under Fed. R. Civ. P. 54(b). This is a monetary judgment. The liability or not of additional defendants has no bearing on the liability of Defendant Shaindy Lax. Accordingly, the judgment to be entered may be declared final under Rule 54(b) without awaiting the resolution of the claims against other defendants.

So Stipulated and Agreed:


DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Philip L. Bednar*

KARI M. LARSON
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
P.O. Box 403
Washington, D.C. 20044
P:  202-616-3822
F:  202-307-2504
Kari.M.Larson@usdoj.gov

PHILIP L. BEDNAR
RYAN D. GALISEWSKI
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
P:  202-307-6415 (plb), 202-305-3719 (rdg)
F:  202-514-5238 (plb, rdg)
Philip.L.Bednar@usdoj.gov
Ryan.D.Galisewski@usdoj.gov
Counsel for Plaintiff United States of America



BALISOK & KAUFMAN, PLLC


*/s/ Joseph Y. Balisok*
JOSEPH Y. BALISOK
251 Troy Avenue
Brooklyn, NY  11213
P:  (718) 928-9607
F:  (718) 534-9747
joseph@lawbalisok.com
Counsel for Defendant Shaindy Lax

**CERTIFICATE OF SERVICE**

      I certify that on November 16, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants,

                                          */s/ Philip L. Bednar*
                                          PHILIP L. BEDNAR
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice